O4AAChiC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SASKATCHEWAN HEALTHCARE
EMPLOYEES' PENSION PLAN, KEITH
CHIN,

                Plaintiffs,

        v.                          21 Civ. 11196 (GHW)

KE HOLDINGS INC., ET AL,

                                    Telephone Conference

                Defendant.

------------------------------x
                                    New York, N.Y.
                                    April 10, 2024
                                    4:11 p.m.

Before:

                HON. GREGORY H. WOODS,

                                    District Judge

                        APPEARANCES

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Plaintiff Saskatchewan
BY:  ERIN W. BOARDMAN
     BRENT MITCHELL

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant KE Holdings, De Vries
BY:  MICHAEL C. GRIFFIN
     SCOTT MUSOFF
     SARAH DANEHY

GOODWIN PROCTER LLP
     Attorneys for Defendant Underwriter
BY:  DOUGLAS H. FLAUM

O4AAChiC

THE COURT:  So let's begin.  What I am going to do is start taking appearances from the parties.  What I would like to ask you please to have the principal spokesperson for each side identify him or herself and the members of their team rather than having each lawyer introduce themselves individually.

So let me start with counsel for plaintiff.  Who is on the line for plaintiff?

MS. BOARDMAN:  Good afternoon, your Honor.  This is Erin Boardman from Robbins Geller, and I have with me Brent Mitchell also from Robbins Geller.

THE COURT:  Thank you.  And who's on the line for I'll call it the company defendants?

MR. GRIFFIN:  Good afternoon, your Honor.  This is Michael Griffin from Skadden for KE Holdings and Ms. Colleen De Vries.  And with me on the line as well are Scott Musoff and Sarah Danehy.

THE COURT:  Good.  Thank you.  And who's on the line for any other defendants?

MR. FLAUME:  Good afternoon, your Honor.  Douglas Flaume from Goodwin Procter on behalf of the underwriter defendants.

THE COURT:  Thank you.  So let me begin with a few brief instructions about the rules I would like the parties to follow during this conference.  At the outset, please remember

O4AAChiC

that this is a public proceeding.  Any member of the public or press is welcome to dial into this conference.  I'm not presently monitoring whether third parties are auditing the conference, but they're welcome to do so.  So I ask you to please keep that possibility in mind.

Second, if you can all please keep your phones on mute, I would appreciate it.  Please do that even if you don't think there's background noise wherever you may be.  We're hearing somebody breathing over the phones, so please keep your phones on mute even if you don't think there's background noise wherever you may be, unless of course you're speaking to me or to the representative of another party.

Third, please state your name each time that you speak.  You should do that even if you have spoken previously.

Fourth, please abide by instructions from our court reporter that are designed to help her do her job.

And, finally, I'm ordering that there be no recording or rebroadcast of all or any portion of today's conference.

So, counsel, thank you very much for taking the time. I apologize for starting the conference late.  As you heard we were all in an interesting conversation about a pending application.  I appreciate your patience.

We're here to discuss the proposed motion to dismiss of the new claims asserted for the first time according to defendants in the second amended class action complaint.

O4AAChiC

Counsel, let me hear from each of you about the proposed motion, and I want to hear from each of you and give us the opportunity to discuss these issues to see to what extent we may be able to narrow the issues raised here.  Of course understanding that the pendency of this motion to dismiss will, in my view, stay, continue to stay proceedings in the case.

So let me hear first from counsel for defendants. What can you tell me about the nature of the anticipated motion?

MR. GRIFFIN:  Yes, your Honor.  This is Michael Griffin again from Skadden.  As your Honor will recall, you recently issued a decision on February 26th that denied in part and granted in part defendant's motion to dismiss the prior complaint.  And your Honor sustained just one set of claims, which were the Securities Act claims, based on the company's alleged overstatements of its store and agent counts, and it dismissed the remainder of the claims.

However, your Honor gave plaintiffs leave to amend to try to cure the deficiencies that your Honor had identified in that decision.  And then when the lead plaintiff filed the second amended complaint on March 18th, it reasserted the claims that were sustained, the store and agent claims based on the company's secondary offering documents, but then it added two new claims that were not previously asserted in the prior

O4AAChiC

complaint or any prior complaint.  And those are based on alleged overstatements of the company's gross transaction value, or GTV, and revenues.  And that's for the period the nine months ending in September of 2020.  And those were also reported in the secondary offering documents.

Now, there were GTV and revenue claims alleged in the prior complaint that were dismissed, but those were for a different time period.  Those were for the second and third quarter of 2021, and were made in subsequent filings on which plaintiffs asserted Exchange Act claims.  And your Honor dismissed those claims for failure to plead the answer without reaching whether they would have adequately stated a misstatement of those numbers in the first place.

And so the motion that we seek to bring now is to challenge those two new claims based on the nine months ending September 2020, GTV and revenue.  And we offer three bases as outlined in our letter for doing that.

The first is that plaintiffs simply had no leave to add such claims.  Your Honor's grant of leave was very specific.  It was only to attempt to address the deficiencies in the prior claims, and there's no dispute that that's not what plaintiffs did here and that these are new claims that were not previously asserted.

Secondly, and in any event, even if your Honor had granted kind of an unlimited leave to amend, amendment to add

O4AAChiC

these claims would have been futile because the statute of repose has lapsed here.  The secondary offering that plaintiffs challenge was in November of 2020 and the Securities Act has a three-year statute of limitations.  So any claims based on that had to have been brought by November of 2023.  You know, about six months ago.  And so there's no issue with the prior claims, which, you know, were timely brought, the store and agent claims based on the secondary offering documents.  But these new claims were asserted after that repose period has expired.  And it's well settled that a repose period cannot be tolled for any reason.  And so that alone should preclude these claims.

And Judge Swain's decision in *Barilli v. Sky Solar Holdings*, which we cited in our letter, is directly on point.  It was the exact same scenario.  Plaintiffs second amended complaint there added a new alleged misstatement from the company's prospectus that plaintiffs were already challenging for other reasons, and Judge Swain held that that new claim was barred by the Securities Act statute of repose because the second amended complaint was filed three years after the offering.

Now, in its letter plaintiff tries to distinguish *Barilli* on the basis that the new claim there was based on a confidential witness who did not surface until after the prior complaint.  That's incorrect.  There was a confidential witness there, but the confidential witness allegations related to a

O4AAChiC

different misstatement, not the one that was barred by the statute of repose.  But regardless, the basis of an allegation has no bearing on the repose analysis, because again, the repose period cannot be tolled for any reason.  If anything, that would have been a stronger case in *Barilli* to allow the amendment if this was based on some new information that was not previously available.  But even that wouldn't have worked because there is no tolling.  And Judge Swain also rejected the exact same relation back argument that plaintiff makes here in its letter, explaining "courts in this circuit have held that plaintiffs may not avoid the expiration of the repose period by utilizing Federal Rule of Civil Procedure 15(c) to relate back to a previous timely complaint." That's at page 263 of that decision.

And plaintiffs don't cite any contrary authority in this circuit.  And the three out-of-circuit cases that they do cite don't help them.  The first is the South Eastern Pennsylvania Transportation Authority case from the Third Circuit, but there plaintiffs reasserted previously dismissed claims after the repose period based on new evidence that they learned in discovery.  So that would be more akin to if plaintiffs, you know, down the road wanted to reassert those Q2 and Q3 2021 claims that your Honor dismissed.  That's not the case here.  And in fact, the Third Circuit expressly stated "our holding today does not address whether an entirely new

O4AAChiC

claim, one that plaintiffs did not bring before, may relate back to skirt statutes of repose." That's at page 350.  And that's exactly the scenario here.  That's what Judge Swain rejected.

Plaintiffs next case, the Tenth Circuit case, *Hogan v. Pilgrim's Pride*, was very similar.  There plaintiffs filed a second amended complaint after the repose period but with new supporting allegations, not new claims or parties.  So they just beefed up, bolstered the allegations supporting the prior misstatements that had been dismissed.  And like the Third Circuit, the Tenth Circuit also expressly state "a claim raised for the first time in an amendment to a complaint may well be barred by the statute.  But that is not the situation here, where the SAC adds no parties or causes of action; it does not even add additional statements alleged to be fraudulent." That's at page 1157.  And that's the exact scenario again that we have here.

Now, plaintiff's third case is a District Court case from Tennessee, the *Envision* case.  And the Court there did allow new alleged misstatements after the repose period.  It is the same situation before your Honor and that Judge Swain faced in *Barilli*, and we would respectfully submit that the Court simply got it wrong in that case.  Even the judge there acknowledged that there appears to be "consensus within the Southern District of New York," on not allowing these types of

O4AAChiC

claims after the repose period.  But the Court went a different direction there.  And we submit that Judge Swain's decision and reasoning is more persuasive here and obviously your Honor isn't bound by either of these decisions, so that's the repose piece.

And then the third basis for dismissal would be a standard 12(b)(6) for failure to state a claim.  Even setting aside the timing problems, we don't think that the second amended complaints adequately alleges facts showing that the reported GTV and revenue numbers were false.  The sole basis that plaintiffs allege for that accusation is the Muddy Waters, that was the short settle reports, the Muddy Waters reports conclusion that the Q2 and Q3 2021 GTV and revenue were overstated.  That that's the same claim that plaintiffs brought previously that your Honor dismissed.  And plaintiffs allege that simply because Muddy Waters concluded it for that later time period, that these earlier figures from the year before must also have been false.  They don't allege anything about the state of affairs in 2020 during the time period covered by the GTV and revenue they now challenge.  They don't even attempt to replicate Muddy Waters analysis from 2021 for the 2020 period that they now challenge.  They simply ask the Court to assume that.  And we would submit that's inadequate even under Rule 8.  It does not even plausibly suggest that these numbers for 2020 were false.  And plaintiffs also don't allege

O4AAChiC

what they think the true numbers in 2020 were.  So we think that that under Rule 8 under the PSLRA, that is insufficient stated claim here.

So I'll pause there if your Honor has any questions, but those are the three primary bases in which we'll seek dismissal on just these new claims.

THE COURT:  Thank you very much, counsel.

Let me turn to counsel for plaintiffs.  Counsel, I welcome any comments about how you expect to pose this motion.  Again, I'll say it, it's obvious to me the case is going to be stayed while we continue to litigate this issue.  I'll hear from you now about your anticipated opposition.  As part of your comments I would be interested in hearing what changed in the nature of the company's disclosures, as you did, the nature of the Muddy Waters report and the like, why now?  Go ahead.

MS. BOARDMAN:  Thank you, your Honor.  This is Erin Boardman for the plaintiff.

So, first of all, your Honor, I'm quite frankly surprised that we're back here facing another potential round of motion to dismiss briefing.

As defense counsel mentioned, on February 26th, your Honor issued a very thorough and well-reasoned opinion.  I think the background here is very useful to understanding why we're in this present posture.  And we tried to set that out as fully as possible in our letter.  The Court granted leave to

O4AAChiC

amend to cure the deficiencies identified in the order.  There were two sets of claims in the first amended complaint.  And no matter how many times defense counsel used the term "claims" in their argument just now, the statements that we're talking about, we submit are not claims.  They're alleged misstatements.  The claims were claims under the Securities Act and claims under the Exchange Act.  The Court has dismissed the claims under the Exchange Act and the Court also dismissed some of the misstatements alleged as part of the Securities Act claim.

And when the Court granted in part and denied in part the motion to dismiss, the Court dismissed the entire amended complaint without prejudice, and granted the plaintiff's leave to amend to cure the deficiencies.  So plaintiffs, thereafter, your Honor granted I believe 21 days, we attempted to continue our investigation.  The Court had dismissed the Exchange Act claims on standard grounds.  All of the allegations were based on the Muddy Waters report.  As your Honor knows, the Muddy Waters report was incorporated by reference in the amended complaint.  It hasn't changed.

So as we're continuing our investigation, we were fairly certain that we couldn't cure the standard deficiencies at this juncture in discovery.  So we informed defense counsel about that and we reached out to them about the unusual procedural posture about whereby the complaint had been

O4AAChiC

dismissed in its entirety.  And we submitted addressed joint letter under your Honor's individual rules, and the letter was written pursuant to your Honor's individual rule as a joint letter, and we proposed that the Court modify the order to remove the sentencing, accordingly the amended complaint is dismissed without prejudice.

And then we also submitted a proposed order to defense counsel.  And the proposed order provided that that sentence would be removed from the opinion, that the opinion would otherwise remain unmodified, and that defendants would answer the amended complaint after the court rules on the order.

Defendants, after the close of business the Friday before a second amended pleading would have been due, told us that they rejected our approach.  They didn't think it made sense because it would have been burdensome for them to answer a complaint when the Court had partially dismissed the Exchange Act allegations and part of the Securities misstatements.  And so then we were left, you know, kind of in a tough position.

So we filed what we thought was a paired down complaint.  The complaint removes the Exchange Act claims.  It removes the Securities Act claims that the Court explicitly held were not actionable, and it leaves the claims based on the Muddy Waters report concerning the number of agents and stores impact.  It slightly tweaks the reasoning for paucity based on the Court's order, and it adds gross transaction value and

O4AAChiC

revenue misstatements, which were not on the first amended complaint, but which we think follows in the reasoning of the Court's order that was upheld.  And we quote the portion of the Court's order in our letter that we think makes those claims fall within the scope of the second amended complaint that we filed.

The second amended complaint is otherwise unchanged. It still relies on the Muddy Waters report, and the Court in its analysis said:  The Muddy Waters report has sufficient indicia of reliability to support lead plaintiff's claims regarding the accuracy of statements made by the company.

And we think that reasoning applies equally to the allegations of inflative store and agents accounts and the allegations of invaded GTV and revenue and we think that's the law of the case.  And importantly, the Court specifically looked at this timing issue, I'm calling it a timing issue for shorthand, but it has to do with the fact as the Court said, despite the fact that the report analyzes only the company's results for the second and third quarters of 2021, the report's finding support lead plaintiff's allegations regarding the alleged falsity of the company's statements in prior periods. At this preliminary stage, the Court must draw all reasonable inferences in the plaintiff's favor.  In this case, since the alleged conduct that occurred during two quarters supports an inference that the same conduct was ongoing in the prior

O4AAChiC

periods.

And that language is precisely why we added one misstatement concerning GTV and one misstatement concerning revenues after defendants rejected our approach to stand on our current complaint.

So that's why we're here again. I don't know how defendants are going to move to dismiss the exact same issues that the Court has already looked at. Counsel mentioned that they think Muddy Waters analysis was fraud. The Court explicitly said on page 43 of the opinion: These criticisms may ultimately prove to have merit, but the Court cannot resolve these issues, which are fundamentally evidentiary nature, in a context of motion to dismiss.

So I don't think anything there has changed. I think this is all the law of the case. We cite the *Jennings* case in our letter. That was a very similar situation to this case where your Honor adopted the magistrate's report and recommendation finding that when the plaintiff filed an amended complaint, that the allegations were substantially the same and were governed by the law in the case. And I think the same issue applies here.

Turning to the timeliness analysis, the real question that the statements -- the content that the factual background from the Muddy Waters report discussing GTV and revenues and discussing Muddy Waters analysis, that was in the first amended

O4AAChiC

complaint.  The background sections of the complaint have not changed from the first to the second.  The only thing that changed, other than us pairing down our claims to reflect the Court's opinion, is these two misstatements.  Additional misstatements do not amount to bringing claims.  The claims are the Securities Act claims.  Those claims have been in the case the entire time.  They were timely in the first amended complaint, so there's no need for a relation back analysis and there's no need for a tolling analysis.  There's certainly no need for a tolling analysis because there's nothing to toll. Even if a relation back analysis is appropriate, and I would say it's not because these are not new claims, these are just two additional misstatements that were captured by the first amended complaint.

It's true that the Second Circuit --

THE COURT:  I'm sorry.  I apologize.  This is Judge Woods.  Can I just ask, I appreciate the theory that these are statements that are actionable under the same statute and therefore, in your view, constitute the same claim.  But what's your view of the case law here?  You've heard that the defendants are pointing me towards cases, including Chief Judge Swain's, where the addition of extra statements not previously raised under the same I'll call it claim, the same statute, are nonetheless treated as barred by the statute of repose.  So it doesn't appear that other courts are necessarily accepting that

O4AAChiC

the fact that these additional statements are actionable under the same statute means that they should be treated as the same claim.

Can you expand on that, why you think that that's the right way to approach it?

MS. BOARDMAN:  Sure.  Well, first of all, I think that the case that we cited, the three cases that we cite, although they're out of circuit, the Second Circuit has not specifically addressed whether misstatements in a securities case amount to new claims.  And it has not specifically addressed whether Rule 15 relation back can apply to a repose period.  I think that the cases that we cite are more persuasive than the *Barilli v. Sky Solar* case.  But I also think in the *Sky Solar* case I think that there's an important distinction, which is that the new -- it was a new category of misstatements that were based on new information that was not in the first amended complaint.  It was a new theory.  It had to do with securing funding for a project, and I think honestly I think that the Court's analysis was results oriented somewhat because the Court found only one set of statements actionable and then found that they were time barred, thereby disposing of the entire case.

But I think it was a distinguishable factual situation because the new alleged misstatements were based on a new theory and new facts and there were a new category of statements.  Here we have an identical background section to

O4AAChiC

what we had in the first amended complaint based on the Muddy Waters report. And we're simply trying to capture the Court's analysis in the February 26th opinion by adding two more statements. And we wouldn't even be here if defendants had allowed us to file a joint letter, standing on the current complaint, which had been dismissed without prejudice.

So it's undecided admittedly, but I do think that the case law that we cite, the analogous situation for the middle district of Tennessee, as well as the Third Circuit and Tenth Circuit, well reasoned analysis on whether relation back can apply to the statute of repose, I think are more persuasive than the Court's analysis in the *Sky Solar* case.

THE COURT: Thank you. What's your view on the cause of action question? Let me give you a hypothetical in another kind of case. Take a 1983 action, which is a civil rights against a hypothetical corrections officers. If a plaintiff files an action against a correction officer A, assume the statute of limitations is three years. He brings a suit against correction officer A within the three-year statute of limitations. In year five he adds a claim against corrections officer B, who he says he now realizes was involved in the same incident involving excessive force.

In that scenario, counsel, is it the same claim? It's the same set of facts, just added a defendant. Why would the statute not be an issue because it was the same claim?

O4AAChiC

MS. BOARDMAN:  Well, your Honor, I don't know if it would be an issue in the 1983 case or not, but I think that points to why it's not a new claim here because we're not adding any different parties.  We're not adding -- it's the same offering documents.  Defendants were on notice that we were -- and we haven't added a new party.

THE COURT:  That's fine.  Let me put it very simply. If you want to proceed with the case without these additional facts being actionable, then I think the parties can work out very easily a way to proceed with the case without these additional statements.  If plaintiff, it sounds as though you don't want to, which is the only reason I raise this, given the context of your letter, the fact that you want to means that I need to allow the defendants to brief this motion and I need to retain the stay of the litigation while the issue is being briefed.

So the decision is very clear.  If these are two important statements that you want to make sure you can include in the case, then we will litigate that issue and I'm going to set a schedule now for that motion.

If a decision were made to withdraw those incremental additional statements from this complaint as causes of action that are being pursued, then I imagine there will be no motion and I would be joining us together in person to discuss a schedule to begin litigating the case.

O4AAChiC

But understanding that these are claims that plaintiff wants to pursue, I'm going to set a schedule for briefing the motion to dismiss.  If there's a rethink on that, I'm confident the parties can work together to figure out a way to implement it.  It should be relatively straightforward I would expect, and would obviously save both parties money and time.  But the incremental value of pursuing these claims is a question that the plaintiff's lawyers are best positioned to decide.  I don't take a position.

So, counsel for defendants, when would you like to file your motion?

MR. GRIFFIN:  Yes, your Honor.  This is Michael Griffin again from Skadden for KE.  We were thinking four weeks, so it would be May 8th.

THE COURT:  Thank you.  That's fine.  So here's the briefing schedule.  The motion itself would be due no later than May 8th.  Any opposition to the motion would be due no later than four weeks following the date of service of the motion.  Any reply will be due no later than two weeks following the date of service of the opposition.  I'll enter an order that establishes that briefing schedule later today or tomorrow.

I encourage the parties to meet and confer about I'll call it the options about how they can proceed now that I have a view of how plaintiffs were thinking about the issue before

O4AAChiC

adding these claims.  It may be that there's a less expensive, more efficient, upfront way to resolve these issues, namely through the withdrawal of the causes of action related to these two incremental statements.  But again, whether or not the parties, or in this case, the plaintiff chooses to proceed in that way, is something entirely up to you.

If you were to choose to do that collectively, as you know, Rule 15 permits the parties to agree to an amendment of a complaint without leave of Court, or else you can seek leave from the Court under 1582 for a modification to the complaint. Either of those I think would implement potential change.

I think that's all I have.  Again, thank you very much counsel for your indulgence in listening through the arguments related to the 1782 application earlier.  Again, I appreciate your patience.

As I said earlier, to the extent I must -- I'm not sure that I need to given that the PSLRA immediately stays actions pending the briefing of the motion to dismiss.  I conclude here that there is good cause to continue to stay the litigation of this matter pending briefing and resolution of this additional motion to dismiss.  There are a number of factors that courts consider in evaluating whether or not there's good cause to stay discovery pursuant to Rule 26. Those include, among other things, an assessment of the merit of the anticipated motion to dismiss, an assessment of the

O4AAChiC

burden of the discovery that will be avoided, and also the prejudice to any opposing party.

Here, considering all of the factors, I believe that there is good cause to stay proceedings pending briefing and resolution of this motion. Principally here, I rely on the first factor.

Counsel for defendant, you've made a substantial argument regarding the effect of the statute of repose on the additional, I'll call it for purposes of this conversation, claims related to the statements identified in the complaint. I don't take an ultimate position regarding the merits of the proposed motion to dismiss. But should that claim or that argument be successful, it will result in the litigation being narrowed.

With respect to the burden of discovery, this is a securities fraud case involving a foreign company. As a result, I expect the burden of discovery in the case will be substantial. And I don't think that the amount of time that it will take to resolve this discreet issue, which is the subject of a recent decision by the Chief Judge of our court, will result in such a delay that it will be unduly prejudicial to plaintiff as such that I should not find good cause having weighed the other factors. So I'll issue an order later today or tomorrow. Thank you very much, counsel, for your time, and this proceeding is adjourned.