**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br> v.<br><br>KE HOLDINGS INC., PENG YONGDONG, XU TAO, SHAN YIGANG, BAO FAN, LI ZHAOHUI, CHEN XIAOHONG, COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC.,<br><br> *Defendants*. | Civil Action No. 1:21-cv-11196-GHW |

**UNDERWRITER DEFENDANTS' ANSWER TO**
**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants Goldman Sachs & Co. LLC ("Goldman Sachs"), Goldman Sachs (Asia) L.L.C. ("Goldman Sachs Asia"), Morgan Stanley & Co. LLC ("Morgan Stanley"), J.P. Morgan Securities LLC ("J.P. Morgan"), and China Renaissance Securities (US) Inc. ("China Renaissance") (collectively, the "Underwriter Defendants"), by their attorneys, answer the Third Amended Complaint, dated March 18, 2024 (the "Third Amended Complaint").

In collectively responding to the allegations of the Third Amended Complaint, the Underwriter Defendants: (1) incorporate into each response a denial of all allegations in the Third Amended Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Offering Documents[1] were false or

---

[1] The "Offering Documents," at times also referred to in the Third Amended Complaint as the "Secondary Offering Documents," are defined to include (i) the Secondary Offering Prospectus,

1

misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their contents; (2) deny any averments in the headings and subheadings of the Third Amended Complaint; and (3) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including other Underwriter Defendants).

The Underwriter Defendants further object to the inclusion of any legal or factual assertions that were dismissed by, or whose inclusion is otherwise incompatible with, the Court's Memorandum Opinion and Order dated February 26, 2024 (ECF No. 100; the "MTD Order") in which the Court dismissed certain Exchange Act and Securities Act claims. *See e.g.*, ECF No. 100 at 37-39, 44-48, 50-55. In particular, the Court has dismissed the allegations in the Third Amended Complaint to the extent they concern allegedly inflated Gross Transaction Value ("GTV"), revenues, and the number of "active" stores and agents of KE Holdings Inc. The Underwriter Defendants thus assert that any allegations related to or purporting to support any dismissed claims do not form part of Plaintiff's active pleading, and accordingly, do not require a response.

The Underwriter Defendants further respond to the specific allegations in the Third Amended Complaint as follows:[2]

The Underwriter Defendants deny the allegations contained in the preface to the Third Amended Complaint except admit that Plaintiff purports to describe the nature of this action and the putative class that Plaintiff purports to represent.

---

filed with the Securities and Exchange Commission (the "SEC") on Form 424B4 and dated November 19, 2020 (the "Prospectus"); (ii) the Form F-1 Registration Statement filed with the SEC on November 16, 2020 (the "Registration Statement"); and (iii) all documents incorporated by reference into the Prospectus and Registration Statement.

[2] Responses to individual paragraphs encompass any footnotes contained in such paragraphs in the Third Amended Complaint.

## I.      NATURE OF THE ACTION

1.      The Underwriter Defendants deny the allegations contained in Paragraph 1 except admit that Plaintiff purports to describe the nature of this action and the putative class that Plaintiff purports to represent.

2.      The Underwriter Defendants deny that the allegations contained in Paragraph 2 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, except admit and aver that KE Holding is headquartered in China and offers real estate brokerage services, among other things, both online and through physical storefronts, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.

3.      To the extent allegations in Paragraph 3 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 3 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, except admit and aver that KE Holding is headquartered in China and offers real estate brokerage services, among other things, both online and through physical storefronts, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.

4.      The Underwriter Defendants (i) deny the allegations contained in Paragraph 4 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 4 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public offering documents and press releases for a complete and accurate statement of their contents.

3

5.     To the extent allegations in Paragraph 5 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 5 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 5 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

6.     To the extent allegations in Paragraph 6 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 6 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 6 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

7.     To the extent allegations in Paragraph 7 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 7 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of

the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 7 to the extent that they assert that the Offering Documents were false and misleading.

8.　　To the extent allegations in Paragraph 8 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 8 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 8 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

9.　　To the extent the allegations contained in Paragraph 9 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 9 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 9 to the extent that they assert that the Offering Documents were false and misleading.

10.　　To the extent the allegations contained in Paragraph 10 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 10 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 10 to the extent that they assert that the Offering Documents were false and misleading.

11.     To the extent allegations in Paragraph 11 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 11 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 11 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 11 to the extent that they assert that the Offering Documents were false and misleading.

12.     The Underwriter Defendants deny that the allegations contained in Paragraph 12 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

13.     The Underwriter Defendants deny that the allegations contained in Paragraph 13 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

14.     The Underwriter Defendants deny the allegations contained in Paragraph 14 to the extent that they purport to suggest that the Offering Documents were false or misleading and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

15.     The Underwriter Defendants deny that the allegations contained in Paragraph 15 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

## II.     JURISDICTION AND VENUE

16.     To the extent that Paragraph 16 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 16, except admit that Plaintiff purports to bring this action pursuant to the statutes cited therein.

17.     To the extent that Paragraph 17 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 17, except admit that Plaintiff purports to base jurisdiction over this matter on the statutes cited therein.

18.     To the extent that Paragraph 18 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 18, except admit that Plaintiff purports to base venue over this matter on the statutes cited therein, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 involving defendants other than the Underwriter Defendants.

19.     To the extent that Paragraph 19 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

contained in Paragraph 19, except admit that Plaintiff purports to alleged the use of the means and instrumentalities of interstate commerce.

### III.   PARTIES

#### A.   Lead Plaintiff

20.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

#### B.   KE Holdings

21.    The Underwriter Defendants deny that the allegations contained in Paragraph 21 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 21 to the extent that they assert that the Offering Documents were false and misleading.

#### C.   The Individual Defendants

22.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, except respectfully refer the Court to the Offering Documents and to KE Holdings' public filings for a description of Peng Yongdong, his employment history, and his responsibility for KE Holdings' filings.

23.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23, except respectfully refer the Court to the Offering Documents and to KE Holdings' public filings for a description of Xu Tao, his employment history, and his responsibility for KE Holdings' filings.

24.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, except respectfully refer the Court

to the Offering Documents and to KE Holdings' public filings for a description of Shan Yigang, his employment history, and his responsibility for KE Holdings' filings.

25.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, except respectfully refer the Court to the Offering Documents and to KE Holdings' public filings for a description of Bao Fan, Li Zhaohui, and Chen Xiaohong, their employment history, and their responsibility for KE Holdings' filings.

26.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, except respectfully refer the Court to the Offering Documents and to KE Holdings' public filings for a description of Colleen A. De Vries, her employment history, and her responsibility for KE Holdings' filings.

27.    Because Paragraph 27 contains no factual allegations, no responsive pleading is required.

### D.    The Underwriter Defendants

28.    The Underwriter Defendants deny the allegations of Paragraph 28, except admit and aver that Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, and J.P. Morgan Securities LLC are financial services companies, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

29.    The Underwriter Defendants deny the allegations contained in Paragraph 29, except respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

30.    The Underwriter Defendants deny the allegations contained in Paragraph 30, except respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

9

31. The Underwriter Defendants deny the allegations of Paragraph 31, except admit and aver (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph) that Goldman Sachs & Co. LLC is a financial services company, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

32. The Underwriter Defendants deny the allegations of Paragraph 32, except admit and aver that China Renaissance Securities (US) Inc. is a financial services company, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

33. The Underwriter Defendants deny the allegations contained in Paragraph 33, except respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents. The Underwriter Defendants deny the allegations contained in Paragraph 33 to the extent that they assert that the Offering Documents were false and misleading.

34. Because Paragraph 34 contains no factual allegations, no responsive pleading is required.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Background of the Company's Business

35. The Underwriter Defendants deny that the allegations contained in Paragraph 35 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. The Underwriter Defendants deny the allegations contained in Paragraph 35 to the extent that they assert that the Offering Documents were false and misleading.

10

36.    The Underwriter Defendants deny that the allegations contained in Paragraph 36 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 36 to the extent that they assert that the Offering Documents were false and misleading.

37.    The Underwriter Defendants deny that the allegations contained in Paragraph 37 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 37 to the extent that they assert that the Offering Documents were false and misleading.

38.    The Underwriter Defendants deny that the allegations contained in Paragraph 38 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 38 to the extent that they assert that the Offering Documents were false and misleading.

39.    To the extent allegations in Paragraph 39 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 39 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of

11

the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 39 to the extent that they assert that the Offering Documents were false and misleading.

40.     To the extent allegations in Paragraph 40 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 40 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 40 to the extent that they assert that the Offering Documents were false and misleading.

41.     To the extent allegations in Paragraph 41 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 41 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 41 to the extent that they assert that the Offering Documents were false and misleading.

42.     To the extent allegations in Paragraph 42 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 42 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  The Underwriter Defendants deny the allegations contained in Paragraph 42 to the extent that they assert that the Offering Documents were false and misleading.

43.    To the extent allegations in Paragraph 43 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, to the extent the allegations contained in Paragraph 43 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 43 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 43 to the extent that they assert that the Offering Documents were false and misleading.

44.    To the extent allegations in Paragraph 44 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 44 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 44 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 44 to the extent that they assert that the Offering Documents were false and misleading.

45.    To the extent allegations in Paragraph 45 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 45 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 45 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii)

13

respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

**B.    KE Holdings Raises Billions of Dollars Through an IPO and a Secondary Offering in the United States**

46.    The Underwriter Defendants deny that the allegations contained in Paragraph 46 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents.

47.    The Underwriter Defendants deny that the allegations contained in Paragraph 47 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents.

48.    The Underwriter Defendants deny that the allegations contained in Paragraph 48 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents.    The Underwriter Defendants deny the allegations contained in Paragraph 48 to the extent that they assert that the Offering Documents were false and misleading.

49.    The Underwriter Defendants deny that the allegations contained in Paragraph 49 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents.    The Underwriter Defendants deny the allegations contained in Paragraph 49 to the extent that they assert that the Offering Documents were false and misleading.

50. The Underwriter Defendants deny that the allegations contained in Paragraph 50 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents. The Underwriter Defendants deny the allegations contained in Paragraph 50 to the extent that they assert that the Offering Documents were false and misleading.

51. The Underwriter Defendants deny that the allegations contained in Paragraph 51 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public offering documents for a complete and accurate statement of their contents. The Underwriter Defendants deny the allegations contained in Paragraph 51 to the extent that they assert that the Offering Documents were false and misleading.

**C.** **KE Holdings Reports Positive Financial Results and Operating Metrics**

52. To the extent allegations in Paragraph 52 concern issues dismissed by the Court's MTD Order no response is required. To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 52 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 52 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

53. To the extent allegations in Paragraph 53 concern issues dismissed by the Court's MTD Order no response is required. To the extent a response is required, the Underwriter

15

Defendants (i) deny the allegations contained in Paragraph 53 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 53 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

**D.    KE Holdings Discloses that It Has Been Including Inactive Stores and Agents in Its Reported Metrics**

54.    To the extent allegations in Paragraph 54 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 54 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 54 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

55.    To the extent allegations in Paragraph 55 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 55 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 55 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii)

respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

56.     To the extent allegations in Paragraph 56 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 56 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 56 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.  Further, to the extent the allegations contained in Paragraph 56 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

57.     To the extent allegations in Paragraph 57 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 57 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 57 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

58.     To the extent allegations in Paragraph 58 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 58 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 58 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

59.     To the extent allegations in Paragraph 59 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 59 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 59 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

60.     To the extent allegations in Paragraph 60 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 60 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 60 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents

for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

61.     To the extent allegations in Paragraph 61 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 61 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 61 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

62.     To the extent allegations in Paragraph 62 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 62 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 62 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

      **E.**      **Muddy Waters Finds Substantial Evidence that the Reported Numbers of Stores and Agents on KE Holdings' Platform Were Significantly Inflated**

63.      To the extent the allegations contained in Paragraph 63 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 63 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 63 to the extent that they assert that the Offering Documents were false and misleading.

64.      To the extent the allegations contained in Paragraph 64 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 64 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 64 to the extent that they assert that the Offering Documents were false and misleading.

      **1.**      **Evidence of Inflated Store Counts**

65.      To the extent the allegations contained in Paragraph 65 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 65 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 65 to the extent that they assert that the Offering Documents were false and misleading.

66.      The Underwriter Defendants (i) deny the allegations contained in Paragraph 66 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 66 present a complete and accurate description of

KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents. Further, to the extent the allegations contained in Paragraph 66 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

67. To the extent the allegations contained in Paragraph 67 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 67 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 67 to the extent that they assert that the Offering Documents were false and misleading.

68. To the extent the allegations contained in Paragraph 68 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 68 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 68 to the extent that they assert that the Offering Documents were false and misleading.

69. To the extent the allegations contained in Paragraph 69 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 69 are not based on the Muddy Waters

21

short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 69 to the extent that they assert that the Offering Documents were false and misleading.

### a. Muddy Waters Finds a Multitude of Nonexistent "Ghost Stores"

70. To the extent the allegations contained in Paragraph 70 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 70 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 70 to the extent that they assert that the Offering Documents were false and misleading.

71. To the extent the allegations contained in Paragraph 71 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 71 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 71 to the extent that they assert that the Offering Documents were false and misleading.

72. To the extent the allegations contained in Paragraph 72 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 72 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 72 to the extent that they assert that the Offering Documents were false and misleading.

73. To the extent the allegations contained in Paragraph 73 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and

belief. To the extent the allegations contained in Paragraph 73 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 73 to the extent that they assert that the Offering Documents were false and misleading.

74. To the extent the allegations contained in Paragraph 74 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 74 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 74 to the extent that they assert that the Offering Documents were false and misleading.

75. To the extent the allegations contained in Paragraph 75 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 75 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 75 to the extent that they assert that the Offering Documents were false and misleading.

76. To the extent the allegations contained in Paragraph 76 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 76 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 76 to the extent that they assert that the Offering Documents were false and misleading.

77. To the extent the allegations contained in Paragraph 77 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and

belief. To the extent the allegations contained in Paragraph 77 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 77 to the extent that they assert that the Offering Documents were false and misleading.

78. To the extent the allegations contained in Paragraph 78 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 78 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 78 to the extent that they assert that the Offering Documents were false and misleading.

79. To the extent the allegations contained in Paragraph 79 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 79 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 79 to the extent that they assert that the Offering Documents were false and misleading.

80. To the extent the allegations contained in Paragraph 80 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 80 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 80 to the extent that they assert that the Offering Documents were false and misleading.

81. To the extent the allegations contained in Paragraph 81 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and

24

belief. To the extent the allegations contained in Paragraph 81 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 81 to the extent that they assert that the Offering Documents were false and misleading.

82. To the extent the allegations contained in Paragraph 82 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 82 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 82 to the extent that they assert that the Offering Documents were false and misleading.

### b.    Muddy Waters Finds a Multitude of Double-Counted "Clone Stores"

83. To the extent the allegations contained in Paragraph 83 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 83 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 83 to the extent that they assert that the Offering Documents were false and misleading.

84. To the extent the allegations contained in Paragraph 84 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 84 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 84 to the extent that they assert that the Offering Documents were false and misleading.

85. To the extent the allegations contained in Paragraph 85 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been

established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 85 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 85 to the extent that they assert that the Offering Documents were false and misleading.

86. To the extent the allegations contained in Paragraph 86 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 86 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 86 to the extent that they assert that the Offering Documents were false and misleading.

87. To the extent the allegations contained in Paragraph 87 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 87 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 87 to the extent that they assert that the Offering Documents were false and misleading.

88. To the extent the allegations contained in Paragraph 88 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 88 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 88 to the extent that they assert that the Offering Documents were false and misleading.

89. To the extent the allegations contained in Paragraph 89 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been

established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 89 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 89 to the extent that they assert that the Offering Documents were false and misleading.

90. To the extent the allegations contained in Paragraph 90 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 90 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 90 to the extent that they assert that the Offering Documents were false and misleading.

91. To the extent the allegations contained in Paragraph 91 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 91 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 91 to the extent that they assert that the Offering Documents were false and misleading.

  **c. Muddy Waters' Case Study in the City of Sanhe Langfang Finds that KE Holdings' Store Count Was Inflated by 59%**

92. To the extent the allegations contained in Paragraph 92 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 92 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 92 to the extent that they assert that the Offering Documents were false and misleading.

93. To the extent the allegations contained in Paragraph 93 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 93 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 93 to the extent that they assert that the Offering Documents were false and misleading.

94. To the extent the allegations contained in Paragraph 94 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 94 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 94 to the extent that they assert that the Offering Documents were false and misleading.

95. To the extent the allegations contained in Paragraph 95 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 95 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 95 to the extent that they assert that the Offering Documents were false and misleading.

96. To the extent the allegations contained in Paragraph 96 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 96 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 96 to the extent that they assert that the Offering Documents were false and misleading.

97. To the extent the allegations contained in Paragraph 97 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 97 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 97 to the extent that they assert that the Offering Documents were false and misleading.

98. To the extent the allegations contained in Paragraph 98 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 98 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 98 to the extent that they assert that the Offering Documents were false and misleading.

99. To the extent the allegations contained in Paragraph 99 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 99 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 99 to the extent that they assert that the Offering Documents were false and misleading.

100. To the extent the allegations contained in Paragraph 100 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 100 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 100 to the extent that they assert that the Offering Documents were false and misleading.

101.    To the extent the allegations contained in Paragraph 101 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 101 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 101 to the extent that they assert that the Offering Documents were false and misleading.

102.    To the extent the allegations contained in Paragraph 102 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 102 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 102 to the extent that they assert that the Offering Documents were false and misleading.

103.    To the extent the allegations contained in Paragraph 103 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 103 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 103 to the extent that they assert that the Offering Documents were false and misleading.

> **d.    Muddy Waters Finds Brokerage Stores that Were Registered as Company-owned Lianjia stores, but Were Actually Less Profitable Franchised Deyou Stores**

104.    To the extent the allegations contained in Paragraph 104 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 104 are not based on the Muddy Waters

30

short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 104 to the extent that they assert that the Offering Documents were false and misleading.

105.    To the extent the allegations contained in Paragraph 105 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 105 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 105 to the extent that they assert that the Offering Documents were false and misleading.

106.    To the extent the allegations contained in Paragraph 106 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 106 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 106 to the extent that they assert that the Offering Documents were false and misleading.

107.    To the extent the allegations contained in Paragraph 107 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 107 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 107 to the extent that they assert that the Offering Documents were false and misleading.

### 2.    Evidence of Inflated Agent Counts

108.    To the extent the allegations contained in Paragraph 108 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and

belief. To the extent the allegations contained in Paragraph 108 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 108 to the extent that they assert that the Offering Documents were false and misleading.

109. To the extent allegations in Paragraph 109 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 109 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 109 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 109 to the extent that they assert that the Offering Documents were false and misleading.

110. To the extent the allegations contained in Paragraph 110 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 110 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 110 to the extent that they assert that the Offering Documents were false and misleading.

111. To the extent allegations in Paragraph 111 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 111 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 111 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 111 to the extent that they assert that the Offering Documents were false and

misleading.  The Underwriter Defendants further deny that the allegations contained in Paragraph 111 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents

> a.    **Local Government Real Estate Websites Shows that KE Holdings Overstated the Number of Agents on Its Platform**

112.    To the extent the allegations contained in Paragraph 112 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 112 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 112 to the extent that they assert that the Offering Documents were false and misleading.

113.    To the extent the allegations contained in Paragraph 113 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 113 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 113 to the extent that they assert that the Offering Documents were false and misleading.

114.    To the extent the allegations contained in Paragraph 114 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 114 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 114 to the extent that they assert that the Offering Documents were false and misleading.

115.   To the extent the allegations contained in Paragraph 115 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 115 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 115 to the extent that they assert that the Offering Documents were false and misleading.

116.   To the extent the allegations contained in Paragraph 116 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 116 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 116 to the extent that they assert that the Offering Documents were false and misleading.

**b.      SAIC Data from Shanghai and Beijing – KE Holdings' Two Largest Markets –Shows that KE Holdings Overstated the Number of Agents on Its Platform**

117.   To the extent the allegations contained in Paragraph 117 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 117 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 117 to the extent that they assert that the Offering Documents were false and misleading.  The Underwriter Defendants further deny that the allegations contained in Paragraph 117 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

118.    To the extent the allegations contained in Paragraph 118 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 118 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 118 to the extent that they assert that the Offering Documents were false and misleading. The Underwriter Defendants further deny that the allegations contained in Paragraph 118 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

119.    To the extent the allegations contained in Paragraph 119 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 119 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 119 to the extent that they assert that the Offering Documents were false and misleading.

120.    To the extent the allegations contained in Paragraph 120 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 120 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 120 to the extent that they assert that the Offering Documents were false and misleading.

121.    To the extent the allegations contained in Paragraph 121 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been

established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 121 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 121 to the extent that they assert that the Offering Documents were false and misleading. The Underwriter Defendants further deny that the allegations contained in Paragraph 121 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

122. To the extent allegations in Paragraph 122 concern issues dismissed by the Court's MTD Order no response is required. To extent the allegations contained in Paragraph 122 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 122 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 122 to the extent that they assert that the Offering Documents were false and misleading. The Underwriter Defendants further deny that the allegations contained in Paragraph 122 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

**F.      Muddy Waters Also Finds Evidence that KE Holdings Had Reported Inflated GTV and Revenues During at Least 2Q21 and 3Q21**

123. To the extent allegations in Paragraph 123 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 123 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on

36

information and belief. To the extent the allegations contained in Paragraph 123 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 123 to the extent that they assert that the Offering Documents were false and misleading.

124. To the extent allegations in Paragraph 124 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 124 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 124 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 124 to the extent that they assert that the Offering Documents were false and misleading.

1.    **Evidence of Inflated GTV**

a.    **Muddy Waters Finds that New Home GTV Was Inflated by Approximately 126% in 2Q21 and 3Q21**

125. To the extent allegations in Paragraph 125 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 125 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 125 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 125 to the extent that they assert that the Offering Documents were false and misleading.

126. To the extent allegations in Paragraph 126 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 126 are

37

based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 126 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 126 to the extent that they assert that the Offering Documents were false and misleading. The Underwriter Defendants further deny that the allegations contained in Paragraph 126 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

127. To the extent allegations in Paragraph 127 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 127 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 127 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 127 to the extent that they assert that the Offering Documents were false and misleading.

128. To the extent allegations in Paragraph 128 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 128 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 128 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 128 to the extent that they assert that the Offering Documents were false and

misleading.  The Underwriter Defendants further deny that the allegations contained in Paragraph 128 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

> **b.      Muddy Waters Finds that Existing Home GTV Was Inflated by Approximately 33% in 2Q21 and 3Q21**

129.    To the extent allegations in Paragraph 129 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 129 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 129 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 129 to the extent that they assert that the Offering Documents were false and misleading.  The Underwriter Defendants further deny that the allegations contained in Paragraph 129 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

130.    To the extent allegations in Paragraph 130 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 130 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 130 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 130 to the extent that they assert that the Offering Documents were false and misleading.

39

### c.    Muddy Waters Finds that Combined GTV Was Inflated by Approximately 65% in 2Q21 and 3Q21

131.    To the extent allegations in Paragraph 131 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 131 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 131 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 131 to the extent that they assert that the Offering Documents were false and misleading.  The Underwriter Defendants further deny that the allegations contained in Paragraph 131 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

132.    To the extent allegations in Paragraph 132 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 132 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 132 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 132 to the extent that they assert that the Offering Documents were false and misleading.

### 2.    Evidence of Inflated Revenues

133.    To the extent allegations in Paragraph 133 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 133 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy

has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 133 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 133 to the extent that they assert that the Offering Documents were false and misleading. The Underwriter Defendants further deny that the allegations contained in Paragraph 133 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

134. To the extent allegations in Paragraph 134 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 134 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 134 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 134 to the extent that they assert that the Offering Documents were false and misleading.

135. To the extent allegations in Paragraph 135 concern issues dismissed by the Court's MTD Order no response is required. To the extent the allegations contained in Paragraph 135 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief. To the extent the allegations contained in Paragraph 135 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 135 to the extent that they assert that the Offering Documents were false and misleading.

136.    To the extent allegations in Paragraph 136 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 136 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 136 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 136 to the extent that they assert that the Offering Documents were false and misleading.

G.    **The Secondary Offering Documents Contained Inaccurate Statements of Material Fact and Omitted Material Information**

137.    The Underwriter Defendants deny the allegations contained in Paragraph 137.

138.    To the extent allegations in Paragraph 138 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 138 to the extent that they purport to suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

139.    To the extent allegations in Paragraph 139 concern issues dismissed by the Court's MTD Order no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 139 to the extent that they purport to suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 139 present a complete and accurate description of KE Holdings' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering; and (iii) respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.  Further, to the extent the allegations contained in Paragraph

42

139 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

**H.      The Release of the Muddy Waters Report and the Continued Fallout**

140.    To the extent allegations in Paragraph 140 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 140 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 140 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 140 to the extent that they assert that the Offering Documents were false and misleading.

141.    To the extent allegations in Paragraph 141 concern issues dismissed by the Court's MTD Order no response is required.  To the extent the allegations contained in Paragraph 141 are based on the Muddy Waters short seller report, that report's credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 141 are not based on the Muddy Waters short seller report, the Underwriter Defendants deny the allegations contained in Paragraph 141 to the extent that they assert that the Offering Documents were false and misleading.

142.    The Underwriter Defendants deny that the allegations contained in Paragraph 142 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants,

43

and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

143. The Underwriter Defendants deny the allegations contained in Paragraph 143 to the extent that they purport to suggest that the Offering Documents were false or misleading and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

144. The Underwriter Defendants deny the allegations contained in Paragraph 144 to the extent that they purport to suggest that the Offering Documents were false or misleading and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents. The Underwriter Defendants further deny that the allegations contained in Paragraph 144 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

145. The Underwriter Defendants deny the allegations contained in Paragraph 145 to the extent that they purport to suggest that the Offering Documents were false or misleading and respectfully refer the Court to the cited public disclosures and press releases for a complete and accurate statement of their contents.

146. The Underwriter Defendants deny that the allegations contained in Paragraph 146 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants,

and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

## V.    CLASS ACTION ALLEGATIONS

147.    To the extent that the allegations contained in Paragraph 147 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 147, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

148.    To the extent that the allegations contained in Paragraph 148 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 148, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

149.    To the extent that the allegations contained in Paragraph 149 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the

Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 149, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

150. To the extent that the allegations contained in Paragraph 150 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 150, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

151. To the extent that the allegations contained in Paragraph 151 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 151, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

152. To the extent that the allegations contained in Paragraph 152 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the

Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 152, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

## VI.   CLAIMS

### A. COUNT I:  For Violations of Section 11 of the Securities Act (Against All Defendants)

153.   The Underwriter Defendants repeat and reallege each and every response set forth in Paragraphs 1 to 152 as if fully set forth herein, and deny the allegations contained in Paragraph 153.

154.   To the extent the allegations of Paragraph 154 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 154 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 154.

155.   To the extent the allegations of Paragraph 155 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 155 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 155.

156.   To the extent the allegations of Paragraph 156 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 156 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 156.

157.    To the extent the allegations of Paragraph 157 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 157 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 157.

158.    The Underwriter Defendants deny the allegations contained in Paragraph 158.

159.    To the extent the allegations of Paragraph 159 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 159 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 159.

160.    To the extent the allegations of Paragraph 160 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 160 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 160.

161.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 161. The Underwriter Defendants deny that the allegations contained in Paragraph 161 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

162.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162.

163.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 163.

**B.      COUNT II:  For Violations of Section 12(a)(2) of the Securities Act (Against All Defendants)**

164.   The Underwriter Defendants repeat and reallege each and every response set forth in Paragraphs 1 to 163 as if fully set forth herein, and deny the allegations contained in Paragraph 164.

165.   To the extent the allegations of Paragraph 165 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 165 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 165.

166.   To the extent the allegations of Paragraph 166 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 166 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 166.

167.   To the extent that the allegations contained in Paragraph 167 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 167.

168.   To the extent the allegations of Paragraph 168 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 168 state a legal conclusion, no responsive

pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 168.

169.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169.

170.    To the extent the allegations of Paragraph 170 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 170 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 170.

**C.    COUNT III:  For Violations of Section 15 of the Securities Act (Against the Individual Defendants)**

171.    The Underwriter Defendants repeat and reallege each and every response set forth in Paragraphs 1 to 170 as if fully set forth herein, and deny the allegations contained in Paragraph 171.

172.    To the extent the allegations of Paragraph 172 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 172 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 172.

173.    To the extent the allegations of Paragraph 173 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 173 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 173.

174.    To the extent the allegations of Paragraph 174 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants. To the extent that the allegations contained in Paragraph 174 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 174.

## VII.    PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiff and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and order such further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

The Underwriter Defendants deny the allegations of Plaintiff's demand for jury trial, except admit that Plaintiff purports to demand a jury trial.

### DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims,[3] the Underwriter Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The claims asserted in the Third Amended Complaint against the Underwriter Defendants under Section 11 of the Securities Act of 1933 ("Securities Act") fail to allege facts sufficient to state a claim upon which relief may be granted under the applicable pleading standard.

### SECOND DEFENSE

---

[3] In the Defenses, the term "Plaintiffs" refers generally to the Lead Plaintiff, named plaintiff, and members of the purported class.

Plaintiffs have failed to plead claims against the Underwriter Defendants with particularity.

**THIRD DEFENSE**

Plaintiffs lack standing to sue under the Securities Act, or to assert the Section 11 claims against any of the Underwriter Defendants.

**FOURTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' Securities Act claims against the Underwriter Defendants are barred by the applicable statutes of limitation.  Without limiting the foregoing, the Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs had either actual or inquiry notice of their alleged claims more than one year before first bringing the claims asserted in the Third Amended Complaint, and that Plaintiffs could have, but failed, to conduct any reasonable inquiry as to the existence of such claims.  Plaintiffs were required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Third Amended Complaint.

**FIFTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are not liable to Plaintiffs because (1) the Offering Documents did not contain any false or misleading statements of material fact or omission of material fact and bespoke caution about the risks of investing in the Company; and (2) the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Documents.

**SIXTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are not liable to Plaintiffs because one or more statements complained of

52

in the Third Amended Complaint are inactionable statements of puffery or of opinion genuinely held when made.

## SEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the facts the Third Amended Complaint alleged were misrepresented or omitted were forward-looking statements, and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the Offering Documents.

## NINTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents were not material to the investment decisions of a reasonable investor.

## TENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the alleged untrue statements or omissions in the Registration Statement did not affect the market price of KE Holdings' ADS.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants acted at all times in good faith and had no

knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## TWELFTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Offering Documents.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter defendants conducted a reasonable investigation, employed reasonable due diligence, and had reasonable grounds to believe, and did believe, at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

## FIFTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

**SIXTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Offering Documents are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiffs either knew or should have known about the matters alleged in the Third Amended Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

**SEVENTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**EIGHTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Offering Documents are found to have false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  The Underwriter Defendants are further informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants under the Securities Act because

55

the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in KE Holdings' own public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

### NINETEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing KE Holdings securities.

### TWENTIETH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

### TWENTY-FIRST DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons (including the non-underwriter defendants).

### TWENTY-SECOND DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs or others (including the non-underwriter defendants) over which the Underwriter Defendants had no control.

56

**TWENTY-THIRD DEFENSE**

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

**TWENTY-FOURTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because Plaintiffs purchased KE Holdings securities with actual or constructive knowledge of the risks involved in an investment in KE Holdings securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

**TWENTY-FIFTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because Plaintiffs would have purchased KE Holdings securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TWENTY-SIXTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class is not certifiable under Rule 23.

**TWENTY-SEVENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the Named Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

**TWENTY-EIGHTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that questions of law or fact common to the putative class members do not predominate over any questions affecting individual members.

## TWENTY-NINTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class period for the Securities Act claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## THIRTIETH DEFENSE

Plaintiffs at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Third Amended Complaint. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## THIRTY-FIRST DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that none of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

## THIRTY-SECOND DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

## THIRTY-THIRD DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

**THIRTY-FOURTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs purchased KE Holdings securities in the secondary market that are not traceable to the registration statements for the securities, they are not entitled to any recovery from the Underwriter Defendants.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**THIRTY-SIXTH DEFENSE**

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Third Amended Complaint.

**THIRTY-SEVENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs that sold KE Holdings securities prior to maturity are not entitled to any recovery from the Underwriter Defendants under the Securities Act.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's request for attorney' fees is inappropriate on the facts of this action.

**THIRTY-NINTH DEFENSE**

59

Plaintiffs are not entitled to their costs and expenses in this action, including experts' fees, as any such request is inappropriate on the facts of this action.

**FORTIETH DEFENSE**

Plaintiffs' request for interest is inappropriate on the facts of this action.

**FORTY-FIRST DEFENSE**

The Underwriter Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

**PRAYER FOR RELIEF**

WHEREFORE, the Underwriter Defendants respectfully pray as follows:

1.      That the Third Amended Complaint be dismissed with prejudice;

2.      That the Court enter judgment in favor of the Underwriter Defendants;

3.      That the Court award the Underwriter Defendants their costs and expenses, including attorneys' fees; and

4.      That the Court award such other and further relief as it may deem just and proper.

Dated:  June 17, 2024                    GOODWIN PROCTER LLP

/s/ Douglas H. Flaum

Douglas H. Flaum
Gabrielle L. Gould
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Phone: (212) 813-8800
Fax:    (212) 355 3333
DFlaum@goodwinlaw.com
GGould@goodwinlaw.com

*Counsel for Defendants Goldman Sachs (Asia)*
*LLC, Morgan Stanley & Co. LLC, J.P. Morgan*

60

*Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2024, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Douglas H. Flaum
Douglas H. Flaum