**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH CHIN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  vs.

KE HOLDINGS INC., PENG YONGDONG, XU TAO, SHAN YIGANG, BAO FAN, LI ZHAOHUI, CHEN XIAOHONG, COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC.,

      Defendants.

      :  Civil Action No. 1:21-cv-11196 (GHW)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT KE HOLDINGS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**

KE Holdings Inc. ("KE Holdings," the "Company" or "Defendant"), by and through its undersigned attorneys, hereby answer Plaintiff's Third Amended Class Action Complaint ("TAC") as follows:

Defendant responds below to the separately numbered paragraphs and prayer for relief contained in the TAC. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent that the TAC refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete, accurate, and in-context contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this action; or (c) are admissible in this action. Defendant is not required to respond to the headings

of the TAC, but, to the extent that any response is required, Defendant denies the allegations and characterizations of the allegations set forth in the headings of the TAC.

In addition, in its Memorandum Opinion and Order dated February 26, 2024 (ECF No. 100) ("Op."), this Court dismissed all of the Exchange Act claims pled in the Amended Complaint (ECF No. 51) for failing to allege scienter and most of the Securities Act claims as inactionable. (*See* Op. at 37-39, 44-45 n.8, 50-54.) As a result of the dismissals, only the Securities Act claim based on store and agent counts reported in the Secondary Offering Documents survived. (*Id.* at 55.) Thus, the portions of the TAC referring to inflated Gross Transaction Value ("GTV"), revenue, and the number of active stores and active agents, and any allegations that purportedly support these claims are now legally inoperative and do not require a response. For the avoidance of doubt, any allegation not expressly addressed herein by Defendant is denied by Defendant.

## I.    NATURE OF THE ACTION

1.      Defendant denies the allegations in Paragraph 1 of the TAC, except admits that Plaintiff filed this putative federal securities class action in connection with the Company's Secondary Offering and purports to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933.

2.      Defendant denies the allegations in Paragraph 2 of the TAC, except admits that the Company's November 16, 2020 Form F-1 Registration Statement ("November 2020 Registration Statement") (from which Plaintiff quotes in Paragraph 2) disclosed that (i) "*Beike* is the leading integrated online and offline platform for housing transactions and services" in China; and (ii) the Company's "offline stores serve as an entry point for our customers to our platform as they are conveniently located within the communities and at the same time have become our competitive advantage in the industry." Defendant refers to the November 2020 Registration Statement for its

complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.

3.     Defendant submits that the allegations concerning GTV contained in Paragraph 3 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the TAC, except admits that, as described in KE Holdings' November 2020 Registration Statement (from which Plaintiff quotes in Paragraph 3), (i) KE Holdings generates revenue mainly from fees and commissions in housing transactions and services; and (ii) KE Holdings considers the number of real estate brokerage stores and agents on its platform and GTV to be key operating metrics.  Defendant refers to the November 2020 Registration Statement for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.

4.     Defendant admits the factual allegations in Paragraph 4 of the TAC.

5.     Defendant denies the allegations in Paragraph 5 of the TAC, except (i) admits that KE Holdings reported several quarters where net revenues exceeded the Company's guidance, (ii) denies knowledge or information sufficient to form a belief as to whether in 2Q21, the residential real estate market in China began to experience a slowdown in growth due to increased government regulation; and (iii) submits that the allegations contained in the third sentence of Paragraph 5 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required (and to the extent a response is required, Defendant denies the allegations and refers to KE Holdings' quarterly reports for their complete, accurate, and in-context contents).

Defendant denies any paraphrasing, summarizing or characterization of KE Holdings' quarterly reports and any factual inferences or legal conclusions made by Plaintiff based on them.

6.    Defendant submits that the allegations contained in Paragraph 6 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the TAC, except admits that KE Holdings (i) announced its financial results for 3Q21 on November 8, 2021 and (ii) disclosed both the number of stores and agents and the active stores and agents on the Company's platform as of the quarters ending 3Q20, 4Q20, 1Q21, 2Q21 and 3Q21.  Defendant refers to the 3Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the 3Q21 press release and any factual inferences or legal conclusions made by Plaintiff based on it.

7.    Defendant submits that the allegations contained in Paragraph 7 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the TAC.

8.    Defendant submits that the allegations contained in Paragraph 8 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations and refers to the 3Q21 press release for its complete, accurate, and in-context contents.  Defendant denies any paraphrasing, summarizing or characterization of the 3Q21 press release and any factual inferences or legal conclusions made by Plaintiff based on it.

9.    Defendant denies the allegations in Paragraph 9 of the TAC, except admits that Muddy Waters published a report on December 16, 2021.  Defendant denies that the contents of

the Muddy Waters report are accurate, and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported field work.

The allegations contained in footnote 1 of the TAC do not contain any averments against Defendant and, thus, require no response from it. To the extent any response is required, Defendant denies the allegations in footnote 1, except admits that on December 16, 2021, Muddy Waters disclosed a short position in the Company.

10.    Defendant submits that the allegations contained in Paragraph 10 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the TAC, except admits that Paragraph 10 paraphrases and quotes the Muddy Waters report. Defendant denies that the contents of the Muddy Waters report are accurate.

11.    Defendant submits that the allegations contained in Paragraph 11 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the TAC, except admits that Paragraph 11 quotes the Muddy Waters report. Defendant denies that the contents of the Muddy Waters report are accurate.

The allegations contained in footnote 2 of the TAC do not contain any averments against Defendant and, thus, require no response from it. To the extent any response is required, Defendant denies the allegations in footnote 2.

12.    Defendant denies the allegations contained in Paragraph 12 of the TAC, except admits that KE Holdings' ADS price closed at $18.68 per ADS on December 15, 2021, and opened at $17.96 per ADS on December 16, 2021. Defendant respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price.

5

13.     Defendant denies the allegations contained in Paragraph 13 of the TAC, except admits that KE Holdings' ADS price closed at $17.31 per ADS on December 20, 2021.  Defendant respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price and KE Holdings' December 17, 2021 press release (from which the allegations in Paragraph 13 were taken) for its complete, accurate, and in-context contents.  Defendant denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

14.     Defendant denies the allegations in Paragraph 14 of the TAC, except admits that the quoted language was copied from KE Holdings' December 17, 2021 and January 28, 2022 press releases.  Defendant refers to the press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or legal conclusions made by Plaintiff based on them.

15.     Defendant denies the allegations contained in Paragraph 15 of the TAC and respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price.

## II.    JURISDICTION AND VENUE

16.     To the extent any response is required, Defendant admits that Plaintiff purports to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act, and otherwise denies the remaining allegations in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that Paragraph 17 purports to describe the basis for the Court's subject matter jurisdiction.

18.     The allegations contained in Paragraph 18 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that (i) Paragraph 18 purports to describe the basis for venue in the Southern District of New York and (ii) KE Holdings' "ADSs are listed and trade on the NYSE, a national securities exchange based in this District."

19.     The allegations contained in Paragraph 19 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies such allegations.

### III.   PARTIES

#### A.  Lead Plaintiff

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the TAC, except admits that Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan filed a certification (ECF No. 24-2) on February 28, 2022.

#### B.  KE Holdings

21.     Defendant admits the allegations in Paragraph 21 of the TAC.

#### C.  The Individual Defendants

22.     Defendant admits the allegations in Paragraph 22 of the TAC.

23.     Defendant admits the allegations in Paragraph 23 of the TAC.

24.     Defendant admits the allegations in Paragraph 24 of the TAC.

25.     Defendant admits the allegations in Paragraph 25 of the TAC.

26.     Defendant denies that Colleen A. De Vries served as Senior Vice President of KE Holdings at the time of the Secondary Offering, and avers that De Vries served as the Senior Vice

President of Cogency Global Inc.  Defendant admits the remaining allegations in Paragraph 26 of the TAC.

27.    The allegations contained in Paragraph 27 of the TAC do not contain any averments against Defendant and, thus, requires no response from it.

### D.  The Underwriter Defendants

28.    Defendant admits that Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and China Renaissance Securities (Hong Kong) Limited served as underwriters in the Secondary Offering and that collectively they received commissions of approximately $35.4 million in connection with the Secondary Offering.

29.    Defendant admits the allegations in Paragraph 29 of the TAC.

30.    Defendant admits the allegations in Paragraph 30 of the TAC.

31.    Defendant (i) admits that the Secondary Offering Prospectus represented that "Goldman Sachs (Asia) L.L.C. will offer ADSs in the United States through its SEC-registered broker-dealer affiliate in the United States, Goldman Sachs & Co. LLC"; and (ii) denies knowledge or information sufficient to form a belief as to the allegations about GS&C.  The remaining allegations in Paragraph 31 of the TAC state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations.

32.    Defendant (i) admits that the Secondary Offering Prospectus represented that "China Renaissance Securities (Hong Kong) Limited will offer ADSs in the United States through its SEC-registered broker-dealer affiliate in the United States, China Renaissance Securities (US) Inc."; and (ii) denies knowledge or information sufficient to form a belief as to the allegations about CRSI.  The remaining allegations in Paragraph 32 of the TAC state legal conclusions for

which no response is required. To the extent a response is required, Defendant denies the allegations.

33. The allegation contained in the first sentence of Paragraph 33 of the TAC does not contain any averments against Defendant, and thus, requires no response. The remaining allegations in Paragraph 33 state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations and refers to the November 16, 2020 Registration Statement for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the filing and any factual inferences or legal conclusions made by Plaintiff based on it.

34. The allegations contained in Paragraph 34 of the TAC do not contain any averments against Defendant and, thus, require no response from it.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company's Business

35. Defendant admits the factual allegations in Paragraph 35 of the TAC and further refers to the Company's SEC filings for a complete, accurate, and in-context description of KE Holdings' business, operations and financial condition. Defendant denies any paraphrasing, summarizing or characterization of the Company's SEC filings and any factual inferences or legal conclusions made by Plaintiff based on them.

36. Defendant denies the allegations in Paragraph 36 of the TAC and refers to the Company's SEC filings for a complete, accurate, and in-context description of KE Holdings' business, operations and financial condition. Defendant denies any paraphrasing, summarizing or characterization of the Company's SEC filings and any factual inferences or legal conclusions made by Plaintiff based on them.

37.    Defendant denies the allegations in Paragraph 37 of the TAC, except admits the quoted language contained in Paragraph 37 of the TAC was disclosed in the Company's November 2020 Registration Statement (from which the allegations in Paragraph 37 were taken).  Defendant refers to the November 2020 Registration Statement for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.

38.    Defendant admits the allegations in Paragraph 38 and refers to the Company's November 2020 Registration Statement (from which the allegations in Paragraph 38 were taken) for its complete, accurate, and in-context contents.    Defendant denies any paraphrasing, summarizing or characterization of the Company's November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.

39.    Defendant submits that the allegations contained in Paragraph 39 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations and refers to the Company's August 2020 Prospectus (from which the allegations in Paragraph 39 were taken) for its complete, accurate, and in-context contents.  Defendant denies any paraphrasing, summarizing or characterization of the Company's August 2020 Prospectus and any factual inferences or legal conclusions made by Plaintiff based on it.

40.    Defendant submits that the allegations contained in Paragraph 40 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant admits the allegations, except denies the percentage of revenue from emerging and other services.  Defendant refers to the Company's

August 2020 Prospectus (from which the allegations in Paragraph 40 were taken) for its complete, accurate, and in-context contents. Defendant denies any paraphrasing, summarizing or characterization of the Company's August 2020 Prospectus and any factual inferences or legal conclusions made by Plaintiff based on it.

41. Defendant submits that the allegations contained in Paragraph 41 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant admits the allegations in the first sentence of Paragraph 41 and denies the remaining allegations. Defendant refers to the Company's filings with the SEC for a complete, accurate, and in-context description of the Company's revenue recognition practices. Defendant denies any paraphrasing, summarizing or characterization of the Company's SEC filings and any factual inferences or legal conclusions made by Plaintiff based on them.

42. Defendant submits that the allegations concerning GTV contained in Paragraph 42 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the TAC, except admits that, as described in KE Holdings' November 2020 Registration Statement (from which the allegations in Paragraph 42 were taken), (i) KE Holdings considers the number of real estate brokerage stores and agents on its platform and GTV to be key operating metrics, and (ii) GTV is "calculated as the total value of all transactions we facilitated on our platform and evidenced by signed contracts as of the end of the period, including the value of the existing home transactions, new home transactions and emerging and other services, and including transactions that are contracted but pending closing at the end of period." Defendant refers to the November 2020 Registration Statement for its complete, accurate,

and in-context contents, and denies any paraphrasing, summarizing or characterization of the November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.

43.    Defendant submits that the allegations contained in Paragraph 43 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 43 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

44.    Defendant submits that the allegations contained in Paragraph 44 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44, except admits that the Muddy Waters report contains the image contained in Paragraph 44 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

45.    Defendant submits that the allegations contained in the first sentence of Paragraph 45 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant admits the allegations contained in Paragraph 45 and refers to the Company's November 2020 Registration Statement (from which the allegations in Paragraph 45 were taken) for its complete, accurate, and in-context contents.  Defendant denies any paraphrasing, summarizing, or characterization of the November 2020 Registration Statement and any factual inferences or legal conclusions made by Plaintiff based on it.  Defendant further avers that, as described in the November 2020 Registration Statement, the CIC Report noted that KE Holdings was the "largest housing transactions and services platform and the second largest commerce platform across all industries."

12

**B. KE Holdings Raises Billions of Dollars Through an IPO and a Secondary Offering in the United States**

46.     Defendant admits the allegations contained in Paragraph 46 of the TAC.

47.     Defendant admits the allegations contained in Paragraph 47 of the TAC.

48.     Defendant admits the allegations contained in Paragraph 48 of the TAC.

49.     Defendant admits the allegations contained in Paragraph 49 of the TAC.

50.     Defendant admits the allegations contained in Paragraph 50 of the TAC.

51.     Defendant denies the allegations contained in Paragraph 50 of the TAC, except admits that (i) the Secondary Offering was priced at $58.00 per ADS, (ii) the Underwriter Defendants exercised their allotment option, and (iii) the Company received more than $2.3 billion of proceeds, net of issuance costs.

**C. KE Holdings Reports Positive Financial Results and Operating Metrics**

52.     Defendant submits that the allegations contained in Paragraph 52 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant admits that (i) the Company's 3Q20 press release reported "net revenues increased by 70.9% year-over-year to RMB20.5 billion, driven by solid growth of GTV of both existing home and new home transaction services, along with increased productivity and continuously improved service quality on our platform"; (ii) the Company's 4Q20 press release reported net revenues increased by 57.6% year-over-year, "exceeding the high end of [the Company's] previous guidance range", and (iii) the Company's Q121 press release reported net revenues increased by 190.7% year-over-year, "beating both of the top end of [the Company's] guidance and street consensus." Defendant otherwise refers to KE Holdings' press releases announcing 3Q20, 4Q20, and 1Q21 financial results for their complete,

accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or legal conclusions made by Plaintiff based on them.

53.     Defendant submits that the allegations contained in Paragraph 53 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that KE Holdings' 2Q21 press release reported a 20% year over year increase in net revenues, beating both the high end of the Company's guidance and street consensus.  Defendant refers to the 2Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.  Defendant denies knowledge or information sufficient to form a belief as to whether the residential real estate market in China began to experience a slowdown due to a series of market-cooling measures and increased regulation imposed by the government.

### D. KE Holdings Discloses that It Has Been Including Inactive Stores and Agents in Its Reported Metrics

54.     Defendant submits that the allegations contained in Paragraph 54 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54, except admits that (i) KE Holdings announced its financial results for 3Q21 on November 8, 2021, (ii) the 3Q21 press release provided a breakdown of active stores and agents on the Company's platform, (iii) as of September 30, 2021, the number of stores was 53,946, a 20.2% increase from one year ago, (iv) as of September 30, 2021, the number of active stores was 49,468, a 20.2% increase from one year ago, and (v) the Muddy Waters report contains the quoted statements

contained in Paragraph 54 of the TAC, but Defendant denies that the contents of the Muddy Waters report are accurate. Defendant refers to the 3Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the 3Q21 press release and any factual inferences or legal conclusions made by Plaintiff based on it.

55. Defendant submits that the allegations contained in Paragraph 55 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant admits that the 3Q21 press release provided the definition of "active stores" and refers to the 3Q21 press release for its complete, accurate, and in-context contents. Defendant denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

56. Defendant submits that the allegations contained in Paragraph 56 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the TAC, except admits that the 3Q21 press release reported that as of September 30, 2021, the number of agents on the platform was 515,486, a 7.9% increase from one year ago, and that the number of active agents was 468,014, a 13.1% increase from one year ago. Defendant refers to the 3Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

Defendant admits that the Muddy Waters report contains the quoted statements contained in footnote 3 of the TAC, but denies that the contents of the Muddy Waters report are accurate.

15

57.      Defendant submits that the allegations contained in Paragraph 57 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant admits the allegations in Paragraph 57 of the TAC and refers to the 3Q21 press release for its complete, accurate, and in-context contents. Defendant denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

58.      Defendant submits that the allegations contained in Paragraph 58 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the TAC, except admits that the 3Q21 press release disclosed the number of active agents and active stores for 3Q20, 4Q20, 1Q21, and 2Q21.  Defendant refers to the 3Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

59.      Defendant submits that the allegations contained in Paragraph 59 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the TAC, except admits that the 3Q21 press release noted that "[b]ased on [the Company's] operational experience, [it] introduced the number of active agents and active stores on [its] platform which can better reflect the operational activeness of stores and agents on [its] platform." Defendant refers to the 3Q21 press release for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

60.    Defendant submits that the allegations contained in Paragraph 60 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the TAC.

61.    Defendant submits that the allegations contained in Paragraph 61 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that (i) the Company's 3Q21 press release reported a decrease in revenues of 11.9%, (ii) the Company's 2Q21 press release reported a 20% increase in net revenues, which "beat[] both the high end of [its] guidance and the street consensus."  Defendant refers to the 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or legal conclusions made by Plaintiff based on them.

62.    Defendant submits that the allegations contained in Paragraph 62 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the TAC.

### E. Muddy Waters Finds Substantial Evidence that the Reported Numbers of Stores and Agents on KE Holdings' Platform Were Significantly Inflated

63.    Defendant denies the allegations in Paragraph 63, except admits that Muddy Waters published its report on December 16, 2021, and that the Muddy Waters report contains the quoted statements contained in Paragraph 63 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

64.     Defendant denies the allegations in Paragraph 64, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 64 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported analysis, field work and site visits.

### 1.  Evidence of Inflated Store Counts

65.     Defendant submits that the allegations contained in Paragraph 65 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 65, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 65 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

Defendant admits that Muddy Waters' purported methodology is described in Appendix I of the Muddy Waters report as alleged in footnote 4 of the TAC, but denies the contents of the Muddy Waters report are accurate.

66.     Defendant submits that the allegations contained in Paragraph 66 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 66, except (i) admits that the 2Q21 press release reported having 52,868 brokerage stores on the Company's platform as of June 30, 2021, and refers to the 2Q21 press release for its complete, accurate, and in-context contents; (ii) admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 66 of the TAC, but denies that the contents of the Muddy Waters report are accurate.  Defendant further denies any paraphrasing, summarizing or

characterization of the 2Q21 press release and any factual inferences or legal conclusions made by Plaintiff based on it.

67.    Defendant denies the allegations in Paragraph 67, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 67 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported field work or physical site visits.

68.    Defendant denies the allegations in Paragraph 68, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 68 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported investigation.

69.    Defendant denies the allegations in Paragraph 69, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 69 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported field work or site visits.

The allegations contained in footnote 5 of the TAC do not contain any averments against Defendant and, thus, require no response from it.  To the extent any response is required, Defendant admits the allegations contained in the first two sentences of footnote 5, but denies knowledge or information sufficient to form a belief as to whether SAMR and its local branches are sometimes referred to as the SAIC.

### a.  Muddy Waters Finds a Multitude of Nonexistent "Ghost Stores"

70.    Defendant denies the allegations in Paragraph 70, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 70 of the TAC. Defendant

denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

Defendant admits the allegation contained in footnote 6 of the TAC.

71.    Defendant denies the allegations in Paragraph 71, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 71 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts or Muddy Waters' purported site visit.

72.    Defendant denies the allegations in Paragraph 72, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 72 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts or Muddy Waters' purported investigation and site visit.

73.    Defendant denies the allegations in Paragraph 73, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 73 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to who Muddy Waters' purported investigator purportedly contacted.

74.    Defendant denies the allegations in Paragraph 74, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 74 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

75.     Defendant denies the allegations in Paragraph 75, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 75 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts or Muddy Waters' purported site visit.

76.     Defendant denies the allegations in Paragraph 76, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 76 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to who Muddy Waters purportedly contacted.

77.      Defendant denies the allegations in Paragraph 77, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 77 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

78.     Defendant denies the allegations in Paragraph 78, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 78 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts, who Muddy Waters purportedly contacted, or Muddy Waters' purported site visit.

79.     Defendant denies the allegations in Paragraph 79, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 79 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

80.    Defendant denies the allegations in Paragraph 80, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 80 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

81.    Defendant denies the allegations in Paragraph 81, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 81 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

82.    Defendant submits that the allegations contained in Paragraph 82 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 82, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 82 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

### b.    Muddy Waters Finds a Multitude of Double-Counted "Clone Stores"

83.    Defendant denies the allegations in Paragraph 83, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 83 of the TAC.   Defendant denies that the contents of the Muddy Waters report are accurate.

84.    Defendant denies the allegations in Paragraph 84, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 84 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

85.    Defendant denies the allegations in Paragraph 85, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 85 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

86.     Defendant denies the allegations in Paragraph 86, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 86 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to who Muddy Waters purportedly contacted.

87.     Defendant denies the allegations in Paragraph 87, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 87 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

88.     Defendant denies the allegations in Paragraph 88, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 88 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

89.     Defendant denies the allegations in Paragraph 89, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 89 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

90.     Defendant denies the allegations in Paragraph 90, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 90 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

91.     Defendant denies the allegations in Paragraph 91, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 91 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

     **c.  Muddy Waters' Case Study in the City of Sanhe Langfang Finds that KE Holdings' Store Count Was Inflated by 59%**

92.     Defendant denies the allegations in Paragraph 92, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 92 of the TAC.  Defendant

denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported field work.

93.     Defendant denies the allegations in Paragraph 93, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 93 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters purported site visits.

Defendant admits that Sanhe Langfang is a satellite city of Beijing located within the Hebei province and that the Muddy Waters report contains the quoted statements contained in footnote 7 of the TAC, but denies that the contents of the Muddy Waters report are accurate.

Defendant denies the allegations contained in footnote 8 of the TAC and refers to the Company's SEC filings for a complete, accurate, and in-context description of how KE Holdings reports net revenues.  Defendant denies any paraphrasing, summarizing or characterization of KE Holdings' SEC filings and any factual inferences or legal conclusions made by Plaintiff based on them.

94.     Defendant denies the allegations in Paragraph 94, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 94 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visits and field work.

95.     Defendant denies the allegations in Paragraph 95, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 95 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

96.     Defendant denies the allegations in Paragraph 96, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 96 of the TAC.  Defendant

denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

97.    Defendant denies the allegations in Paragraph 97, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 97 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

98.    Defendant denies the allegations in Paragraph 98, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 98 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts.

99.    Defendant denies the allegations in Paragraph 99, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 99 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

100.    Defendant denies the allegations in Paragraph 100, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 100 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

Defendant admits that the Muddy Waters report purports to contain screenshots from KE Holdings' platform as alleged in footnote 9 of the TAC, but denies that the contents of the Muddy Waters report are accurate.

101.    Defendant denies the allegations in Paragraph 101, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 101 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

102.    Defendant denies the allegations in Paragraph 102, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 102 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

103.    Defendant denies the allegations in Paragraph 103, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 103 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what the image depicts, Muddy Waters' purported site visit, or what Baidu Maps purportedly showed.

### d. Muddy Waters Finds Brokerage Stores that Were Registered as Company-owned Lianjia stores, but Were Actually Less Profitable Franchised Deyou Stores

104.    Defendant denies the allegations in Paragraph 104, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 104 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

105.    Defendant denies the allegations in Paragraph 105, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 105 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

106.    Defendant denies the allegations in Paragraph 106, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 106 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported site visit.

107.     Defendant denies the allegations in Paragraph 107, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 107 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

### 2.  Evidence of Inflated Agent Counts

108.     Defendant denies the allegations in Paragraph 108, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 108 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported field work or independent evidence.

109.     Defendant submits that the allegations contained in Paragraph 109 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 109, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 109 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

110.     Defendant denies the allegations in Paragraph 110, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 110 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what program Muddy Waters purportedly used or whether it used the Company's "Find Agent" function.

111.     Defendant submits that the allegations contained in Paragraph 111 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph

111, except admits that (i) KE Holdings' 2Q21 press release reported 548,600 agents as of June 30, 2021, and (ii) that the Muddy Waters report contains the quoted statements and image contained in Paragraph 111 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

Defendant admits that the Muddy Waters report purports to take the 548,000 figure from a 2Q21 investor presentation as alleged in footnote 10 of the TAC, but denies the contents of the Muddy Waters report are accurate.

   a.  **Local Government Real Estate Websites Shows that KE Holdings Overstated the Number of Agents on Its Platform**

112.   Defendant denies the allegations in Paragraph 112, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 112 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

113.   Defendant denies the allegations in Paragraph 113, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 113 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what purported local authorities purportedly confirmed to Muddy Waters.

114.   Defendant denies the allegations in Paragraph 114, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 114 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

115.   Defendant denies the allegations in Paragraph 115, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 115 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

116.    Defendant denies the allegations in Paragraph 116, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 116 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

### b.  SAIC Data from Shanghai and Beijing – KE Holdings' Two Largest Markets – Shows that KE Holdings Overstated the Number of Agents on Its Platform

117.    Defendant denies the allegations in Paragraph 117, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 117 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

Defendant admits the allegations contained in footnote 11 of the TAC.

118.    Defendant submits that the allegations contained in Paragraph 118 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 118, except admits that (i) KE Holdings' 2020 20-F reported the Company's Lianjia brokerages had approximately 21,000 agents in Shanghai as of December 31, 2020 and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 118 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.  Defendant refers to the 2020 20-F for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

119.    Defendant submits that the allegations contained in Paragraph 119 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 119, except admits that the Muddy Waters report contains the quoted statements contained in

Paragraph 119 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to who Muddy Waters' purported investigator purportedly contacted.

120. Defendant submits that the allegations contained in Paragraph 120 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120, except admits that (i) KE Holdings' 2020 20-F reported the Company's Lianjia brokerages had approximately 21,000 agents in Shanghai as of December 31, 2020 and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 120 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant refers to the 2020 20-F for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

121. Defendant submits that the allegations contained in Paragraph 121 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121, except admits that (i) KE Holdings' 2020 20-F reported the Company's Lianjia brokerages had approximately 27,000 in Beijing as of December 31, 2020 and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 121 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant refers to the 2020 20-F for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

122.    Defendant submits that the allegations contained in Paragraph 122 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 122, except admits that (i) KE Holdings' 2020 20-F reported that "[a] large portion of [its] employees are based in Beijing" and categorized employees by the following "function": "Agents and supporting staff," "Platform operations," "Research and development," "Business development, sales and marketing," and "Administration and management" and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 122 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.  Defendant refers to the 2020 20-F for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

### F.  Muddy Waters Also Finds Evidence that KE Holdings Had Reported Inflated GTV and Revenues During at Least 2Q21 and 3Q21.

123.    Defendant submits that the allegations contained in Paragraph 123 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 123, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 123 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to whether Muddy Waters wrote a program or whom Muddy Waters purportedly spoke with.

124.    Defendant submits that the allegations contained in Paragraph 124 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response

is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 124, except admits that (i) KE Holdings' 2020 20-F reported that as of December 31, 2020 the Company's "platform connected 278 real estate brokerage brands other than *Lianjia*,"  the Company's Lianjia stores operate in 29 cities in China, and  the Company's platform spreads "across more than 100 economically vibrant cities in China;" and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 124 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to what data Muddy Waters purportedly collected.  Defendant refers to the 2020 20-F for its complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

### 1.  Evidence of Inflated GTV

#### a.  Muddy Waters Finds that New Home GTV Was Inflated by Approximately 126% in 2Q21 and 3Q21

125.    Defendant submits that the allegations contained in Paragraph 125 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 125, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 125 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.

126.    Defendant submits that the allegations contained in Paragraph 126 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph

126, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 126 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant further refers to KE Holdings' 2020 SEC filings for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the filings and any factual inferences or conclusions made by Plaintiff based on them.

127.     Defendant submits that the allegations contained in Paragraph 127 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 127 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

128.     Defendant submits that the allegations contained in Paragraph 128 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128, except admits that (i) the Company's 2Q21 press release reported that GTV of new home transactions in 2Q21 was RMB 498.3 billion, (ii) the Company's 3Q21 press release reported that GTV of new home transactions in 3Q21 was RMB 410.1 billion, and (iii) the Muddy Waters report contains the quoted statements and image contained in Paragraph 128 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant further refers to KE Holdings' 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

33

### b. Muddy Waters Finds that Existing Home GTV Was Inflated by Approximately 33% in 2Q21 and 3Q21

129. Defendant submits that the allegations contained in Paragraph 129 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 129 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate and denies knowledge or information sufficient to form a belief as to Muddy Waters' purported methodology.

130. Defendant submits that the allegations contained in Paragraph 130 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130, except admits that (i) KE Holdings' 2Q21 press release reported that GTV of existing home transactions in 2Q21 was RMB 652.0 billion, (ii) KE Holdings' 3Q21 press release reported that GTV of existing home transactions in 3Q21 was RMB 378.2 billion, and (iii) the Muddy Waters report contains the quoted statements and image contained in Paragraph 130 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant further refers to KE Holdings' 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

### c. Muddy Waters Finds that Combined GTV Was Inflated by Approximately 65% in 2Q21 and 3Q21

131. Defendant submits that the allegations contained in Paragraph 131 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response

is required. To the extent a response is required, Defendant denies the allegations in Paragraph 131, except admits that (i) the 2Q21 and 3Q21 press releases reported the GTV of existing home transactions, the GTV of new home transactions, and the GTV of emerging and other services, and (ii) the Muddy Waters report contains the quoted statements contained in Paragraph 131 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate. Defendant further refers to KE Holdings' 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

Defendant admits that Muddy Waters did not include reported GTV of emerging and other services in its calculations as alleged in footnote 12 of the TAC. Defendant refers to KE Holdings' 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents and denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

132.    Defendant submits that the allegations contained in Paragraph 132 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 132, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 132 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

### 2.    Evidence of Inflated Revenues

133.    Defendant submits that the allegations contained in Paragraph 133 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph

133, except admits that the Muddy Waters report purported to evaluate the impact of KE Holdings' alleged GTV inflation in 2Q21 and 3Q21 on the Company's reported revenues from new and existing home transactions during those quarters. Defendant denies that the contents of the Muddy Waters report are accurate.

134. Defendant submits that the allegations contained in Paragraph 134 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 134 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

135. Defendant submits that the allegations contained in Paragraph 135 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 135, except admits that the Muddy Waters report contains the quoted statements contained in Paragraph 135 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

Defendant submits that the allegations contained in footnote 13 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in footnote 13 of the TAC, except admits that (i) the Company recognizes revenues from agency services contracts for new home transaction services on a gross basis, and (ii) that the Muddy Waters report contains the quoted statements contained in footnote 13 of the TAC. Defendant denies that the contents of the Muddy Waters report are accurate.

136.    Defendant submits that the allegations contained in Paragraph 136 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 136, except admits that the Muddy Waters report contains the quoted statements and image contained in Paragraph 136 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.  Defendant further refers to KE Holdings' 2Q21 and 3Q21 press releases for their complete, accurate, and in-context contents.  Defendant denies any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

### G. The Secondary Offering Documents Contained Inaccurate Statements of Material Fact and Omitted Material Information

137.    The allegations contained in Paragraph 137 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

138.    Defendant denies the allegations contained in Paragraph 138 of the TAC, except admits that the November 16, 2020 Registration Statement stated that "as of September 30, 2020, there were more than 477,000 real estate agents and over 44,000 brokerage stores on [the Company's] platform."  Defendant refers to the November 16, 2020 Registration Statement for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the filing and any factual inferences or legal conclusions made by Plaintiff based on it.

139.    The allegations contained in Paragraph 139 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant submits that the

37

allegations concerning the Company's disclosure of active stores and agents were dismissed by the Court's Decision and Order dated February 26, 2024, and otherwise denies the allegations in Paragraph 139 of the TAC.

**H.  The Release of the Muddy Waters Report and the Continued Fallout**

140.    Defendant denies the allegations in Paragraph 140, except admits that the Muddy Waters report was published on December 16, 2021 and that it contains the quoted statements contained in Paragraph 140 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.  Defendant further submits that the allegations concerning GTV and revenue contained in Paragraph 140 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.

Defendant admits that Muddy Waters tweeted a link to the report on December 16, 2021, as alleged in footnote 14, but denies knowledge or information sufficient to form a belief as to what time the report was tweeted.

141.    Defendant denies the allegations in Paragraph 141, except admits that the Muddy Waters report contains the statements described in Paragraph 141 of the TAC.  Defendant denies that the contents of the Muddy Waters report are accurate.  Defendant further submits that the allegations contained in the second sentence of Paragraph 141 of the TAC were dismissed by the Court's Decision and Order dated February 26, 2024, and therefore no response is required.

142.    Defendant denies the allegations contained in Paragraph 142 of the TAC, except admits that KE Holdings' ADS price closed at $18.68 per ADS on December 15, 2021, and opened at $17.96 per ADS on December 16, 2021.  Defendant respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price.

143.    Defendant denies the allegations contained in Paragraph 143 of the TAC, except admits that (i) KE Holdings issued a press release on December 17, 2021 and (ii) the press release included the quoted language contained in Paragraph 143 of the TAC.  Defendant refers to the December 17, 2021 press release for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

144.    Defendant denies the allegations contained in Paragraph 144 of the TAC, except admits (i) that the December 17, 2021 press release included the quoted language contained in Paragraph 144 of the TAC, and (ii) that KE Holdings' ADS price closed at $17.31 per ADS on December 20, 2021.  Defendant respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price and the December 17, 2021 press release for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

145.    Defendant denies the allegations contained in Paragraph 145 of the TAC, except admits that (i) KE Holdings issued a press release on January 28, 2022, and (ii) the press release included the quoted language contained in Paragraph 145 of the TAC.  Defendant refers to the January 28, 2022 press release for its complete, accurate, and in-context contents, and denies any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on it.

146.    Defendant denies the allegations contained in Paragraph 146 of the TAC and respectfully refers the Court to the New York Stock Exchange's historical data for KE Holdings' ADS price.

## V.  CLASS ACTION ALLEGATIONS

147.  Defendant denies the allegations in Paragraph 147 of the TAC, except admits that Plaintiff filed this putative federal securities class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and purports to pursue remedies under the Securities Act.

148.  The allegations contained in Paragraph 148 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that KE Holdings' ADS are traded on the NYSE and millions of shares were sold in the Secondary Offering.

149.  The allegations contained in Paragraph 149 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

150.  The allegations contained in Paragraph 150 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

151.  The allegations contained in Paragraph 151 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

152.  The allegations contained in Paragraph 152 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

## VI.  CLAIMS

### A. COUNT 1: For Violations of Section 11 of the Securities Act (Against All Defendants)

153.    To the extent a response is required to Paragraph 153 of the TAC, Defendant incorporates its responses to Paragraphs 1-153 as if fully set forth herein.

154.    The allegations contained in Paragraph 154 of the TAC state legal conclusions for which no response is required.    To the extent a response is required, Defendant denies the allegations, except admits that Plaintiff purports to bring this count pursuant to Section 11 of the Securities Act.

155.    The allegations contained in Paragraph 155 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

156.    The allegations contained in Paragraph 156 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that KE Holdings was the registrant for the Secondary Offering.

157.    The allegations contained in Paragraph 157 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that the Individual Defendants signed the Registration Statement.

158.    The allegations contained in Paragraph 158 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

159.    The allegations contained in Paragraph 159 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

160.    The allegations contained in Paragraph 160 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

161.    The allegations contained in Paragraph 161 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

162.    The allegations contained in Paragraph 162 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations and denies knowledge or information sufficient to form a belief as to what Lead Plaintiff and other members of the Class had knowledge of.

163.    The allegations contained in Paragraph 163 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that less than three years elapsed between the time the securities were offered to the public and the time this action was filed.

**B.  COUNT II: For Violations of Section 12(a)(2) of the Securities Act (Against All Defendants)**

164.    To the extent a response is required to Paragraph 164 of the TAC, Defendant incorporates its responses to Paragraphs 1-164 as if fully set forth herein.

165.    The allegations contained in Paragraph 165 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that Plaintiff purports to bring this count pursuant to Section 12(a)(2) of the Securities Act.

166.    The allegations contained in Paragraph 166 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

167.    The allegations contained in Paragraph 167 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that the Underwriter Defendants participated in drafting and revising the Secondary Offering Prospectus.

168.    The allegations contained in Paragraph 168 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

169.    The allegations contained in Paragraph 169 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations and denies knowledge or information sufficient to form a belief as to what Lead Plaintiff had knowledge of.

170.    The allegations contained in Paragraph 170 state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

### C.  COUNT III: For Violations of Section 15 of the Securities Act (Against All Defendants)

171.    To the extent a response is required to Paragraph 171 of the TAC, Defendant incorporates its responses to Paragraphs 1-171 as if fully set forth herein.

172.    The allegations contained in Paragraph 172 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that Plaintiff purports to bring this count pursuant to Section 15 of the Securities Act.

173.    The allegations contained in Paragraph 173 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

174.    The allegations contained in Paragraph 174 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations.

### VII.    PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested or to any other relief based on the allegations in the TAC.

## JURY TRIAL DEMAND

Defendant denies the allegations of Plaintiff's demand for a jury trial, but states that Plaintiff purports to demand a jury trial.  Defendant reserves the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate defenses to the TAC, and without assuming the burden of proof on matters as to which they have no such burden, Defendant states as follows:

### FIRST DEFENSE
### (Failure to State a Cause of Action)

The claims asserted against Defendant fail to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (No Actionable or Material Misstatement or Omission)

This action is barred, in whole or in part, because the statement Plaintiff challenges did not contain an untrue statement of material fact or omission of material fact required to be stated or necessary to make any statements therein not misleading.

### THIRD DEFENSE
### (No Duty to Disclose the Alleged Omissions)

This action is barred, in whole or in part, because Defendant neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### FOURTH DEFENSE
### (Equitable Doctrines)

This action is barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and other related equitable defenses.

## FIFTH DEFENSE
### (Comparative Fault and/or Contributory Negligence)

This action is barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiff or other third parties, including the failure to undertake their own diligence.

## SIXTH DEFENSE
### (Assumption of Risk)

This action is barred, in whole or in part, because Plaintiff knew of the risks associated with investing in KE Holdings ADS, and thus assumed the risk that the value of the ADS would decline if such risks materialized.

## SEVENTH DEFENSE
### (Action without Merit)

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the 1933 Act.  Defendant also reserves the right to assert an affirmative claim against Plaintiff on this basis.

## EIGHTH DEFENSE
### (Putative Class Not Certifiable)

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

## NINTH DEFENSE
### (Lack of Standing)

This action is barred, in whole or in part, because some or all of Plaintiff and members of the putative class lack standing.

## TENTH DEFENSE
### (Good Faith)

This action is barred, in whole or in part, because Defendant acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission.

## ELEVENTH DEFENSE
### (Damages Speculative)

This action is barred, in whole or in part, because Plaintiff's and the putative class's damages, if any, are speculative and thus not recoverable.

## TWELFTH DEFENSE
### (No Damages)

This action is barred, in whole or in part, because Plaintiff and members of the putative class have no compensable damages.

## THIRTEENTH DEFENSE
### (Failure to Mitigate)

This action is barred, in whole or in part, because some or all of Plaintiff and members of the putative class have failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the TAC, and thereby are barred from recovering any damages that might reasonably have been avoided.

## FOURTEENTH DEFENSE
### (Reasonable Reliance)

Plaintiff's claims against Defendant are barred, in whole or in part, because at all relevant times, Defendant relied in good faith on the representations, reports, expert opinions, and advice of others.

### FIFTEENTH DEFENSE
**(Superseding or Intervening Events)**

This action is barred, in whole or in part, to the extent there are intervening and superseding events that caused some or all of the alleged damages.

### SIXTEENTH DEFENSE
**(Negative Causation)**

This action is barred, in whole or in part, because Plaintiff's claimed damages are attributable to causes other than the alleged depreciation in value that Plaintiff claims resulted from the Secondary Offering Documents supposedly containing untrue statements or omitting material facts required to be stated therein or necessary to make the statements therein not misleading.

### SEVENTEENTH DEFENSE
**(Transaction Causation)**

This action is barred, in whole or in part, to the extent that Plaintiff would have made the purchases alleged in the TAC even with full knowledge of the purported untruths in, and facts allegedly misleadingly omitted from, the Secondary Offering Documents.

### EIGHTEENTH DEFENSE
**(Market Factors)**

This action is barred, in whole or in part, because any increase or decrease in the value of KE Holdings' ADS was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendant.

### NINETEENTH DEFENSE
**(Incorporation by Reference)**

Defendant adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer or to assert other defenses as this action proceeds. Based upon all the foregoing, as well as other grounds, Defendant denies any wrongdoing, denies that it is liable to Plaintiff, and denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Based on the foregoing, Defendant requests that (1) judgment be entered in favor of Defendant, (2) the TAC be dismissed against Defendant with prejudice, (3) this Court award Defendant's costs of suit, including attorneys' fees incurred in defense of this action, and (4) this Court grant such other and further relief as it deems just and appropriate.

Dated: New York, NY
June 17, 2024

/s/ Jonathan Rosenberg
O'MELVENY & MYERS LLP
Jonathan Rosenberg
B. Andrew Bednark
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Phone: (212) 326-2000
Fax: (212) 326-2061
jrosenberg@omm.com
abednark@omm.com

William K. Pao (*pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Phone: (213) 430-7272
Fax: (213) 430-6407
wpao@omm.com

*Counsel for Defendants KE Holdings Inc.
and Colleen A. De Vries*