0716CHIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KEITH CHIN, et al.,

             Plaintiffs,

          v.                      21 CV 11196(GHW)
                                    Teleconference
KE HOLDINGS INC., et al.,

             Defendants.

------------------------------x
                                 New York, N.Y.
                                 July 1, 2024
                                 4:00 p.m.

Before:

               HON. GREGORY H. WOODS,

                             District Judge

                    APPEARANCES

ROBBINS GELLER RUDMAN & DOWD LLP
    Attorneys for Plaintiffs
BY: ERIN W. BOARDMAN
    BRENT E. MITCHELL

O'MELVENY & MYERS LLP
    Attorneys for Defendant KE Holdings, Inc.
BY: JONATHAN ROSENBERG
    B. ANDREW BEDNARK
    WILLIAM KA HING PAO

GOODWIN PROCTER LLP
    Attorneys for Defendant Underwriters
BY: DOUGLAS H. FLAUM
    GABRIELLE L. GOULD
    NICHOLAS R. FRANCO

0716CHIC

(The Court and all parties appearing telephonically)

THE COURT:  What I'd like to do is begin by taking appearances from the parties.  If there's more than one lawyer on the line for any party, I'd like to ask for the principal spokesperson for that party or parties to identify him or herself and the members of their team rather than having each lawyer introduce themselves individually.

So let me begin, if I can, for counsel for plaintiff.

Who is on the line for plaintiff?

MS. BOARDMAN:  Good afternoon, your Honor.  This is Erin Boardman from Robbins Gellar Rudman & Dowd.  And also on the line from Robbins Gellar Rudman & Dowd is Brent Mitchell.

THE COURT:  Thank you.

Who is on the line for KE Holdings and related associates?

MR. ROSENBERG:  Good afternoon, your Honor.

Jonathan Rosenberg from O'Melveny & Meyers.  With me are my partners, Will Pao and Andy Bednark.

THE COURT:  Good.  Thank you.

And who is on the line for the underwriter defendants?

MR. FLAUM:  Good afternoon, your Honor.

Douglas Flaum from Goodwin Procter.  And along with me are two of my colleagues, Gabrielle Gould and Nicholas Franco.

THE COURT:  Good.  Thank you.

What I'd like to do is begin with just a few brief

0716CHIC

rules I'd like the parties to follow through during this conference.

At the outset, please remember this is a public proceeding. Any member of the public or press is welcome to dial into this conference. I am not monitoring whether third parties are auditing the call, but they are welcome to do so. So I ask you to keep that possibility in mind.

Second, please state your name each time that you speak.

Third, please keep your lines on mute at all times, except if you are intentionally speaking to me or to the representative of a party.

Next, abide by instructions from our court reporter that allow her to help her do her job.

And finally, I order there be no recording or rebroadcast of any or all of today's proceeding.

Let's turn to today's proceeding. This is an initial pretrial conference with respect to this case. I've received your joint letter. Thank you for that. I've also looked at the proposed case management plan and scheduling order.

Just as an introductory comment, broadly speaking, I think that the deadlines from the proposed case management plan and scheduling order are reasonable. My goal here is to set a series of deadlines that are reasonable. And as I set deadlines, my goal is to set deadlines that you will be able to

0716CHIC

meet because once they are included in a Rule 16 scheduling order you'll be expected to meet them.

The principal thing I'd like to begin with is just a discussion of the nature of the discovery that the parties anticipate. I appreciate that the parties have thought about the amount of labor that it will take for the parties to do this work. But if there are any issues that you'd like to identify for the Court, in particular if there are any issues that might make it difficult to meet any extended deadlines the parties have proposed, this is an opportunity for you to raise it.

So let me start with counsel for plaintiff. Is there anything you'd like to share about your expectation for the conduct of discovery that would be useful for the Court's assessment of the proposed claim?

MS. BOARDMAN: Your Honor, I would simply say what's noted in the letter, recognizing that it is a Chinese company, and we built into that into the schedule. And, you know, I think that's really the only salient concern here.

THE COURT: Counsel, I apologize. This is the Court. We were disconnected briefly right after my question.

Counsel for plaintiff, let me hear from you.

MS. BOARDMAN: Thank you, your Honor. This is Erin Boardman from Robbins Gellar. I think the only salient concerns the plaintiff would note, we recognize this is a

0716CHIC

Chinese defendant, and there may be some issues pertaining to the laws in China that may make discovery somewhat more challenging. And that's why we've -- we think we built that into the schedule we submitted to the Court.

THE COURT: Thank you.

Counsel, let me ask about one aspect of the case management plan and scheduling order, which may be a typographical error, but I want to hear from you.

In Paragraph 44, the deadline for motions to amend to join parties or otherwise, it's proposed to be about a year and a half on the date of the order, 579 days from the date of the order. Is that what you intended to include, and if so, why?

MS. BOARDMAN: It is, your Honor. And we're cognizant of your Honor's 30-day typical deadline here.

So the 579 days here represents 30 days after the close of fact discovery. And what plaintiffs typically try to build into a schedule in a securities case is, since we've gotten no discovery to date, we simply want the ability to amend the pleadings with the information that we may gain during fact discovery, if it's appropriate to do so. So the 579 days is 30 days after the close of fact discovery in the case.

THE COURT: I'm sorry. Let me pause you. I apologize.

If you add parties after fact discovery ends, what

0716CHIC

impact does that have on the fact that fact discovery has ended?  In other words, that party would not have been able to participate in depositions or any of the other discovery.  The purpose, from my perspective of this portion of the rule, is to do the opposite of what you're describing; mainly to make sure that all parties that are required to participate in the discovery process are named and identified so that they can participate in it.  That's the purpose of this.  Not to backdoor reopen discovery and require redoing the substantial portion of discovery, if a party is added after its completion.

So that's my purpose in adding a default deadline by which such motions must be made.

Let me hear from you, counsel for plaintiff.  If you can address the practical question, namely what would the effect of this be were you to find somebody on the utility of all the discovery that has been done to date if I adopt this proposal, and what's the functional effect of this proposal on the proposed fact discovery deadline?

MS. BOARDMAN:  Thank you, your Honor.  This is Erin Boardman again for the plaintiff.

So we don't anticipate adding additional parties after the close of fact discovery.  What we viewed the purpose of our request to have this date 30 days after the close of fact discovery is to potentially amend the pleadings.  So in this case, we initially had Exchange Act claims under Sections 10(b)

0716CHIC

and 20(a), and those claims were dismissed.  And we also had Securities Act claims under Sections 11, 12(a)(2), and 15.

And the Exchange Act claim, as your Honor is undoubtedly aware, were dismissed for lack of pleading scienter.  So if we were to get into discovery and uncover that that were probative of scienter, we would then want to file an amended pleading just by way of example.  So we're not so much envisioning joining additional parties, as we are attempting to preserve our right to amend our pleadings if it's appropriate to do so in light of what we uncovered during fact discovery.

THE COURT:  Thank you.  Same question, though, counsel.  If following the close of discovery you had a claims that are currently not in the case, what's the effect of that on every other part of the development of the case through that date?

MS. BOARDMAN:  Well, this is speculative, your Honor.  But I imagine we would seek to amend our pleadings.  I imagine defendants would move to dismiss the new claims and, you know, the parties would go from there.  I don't view it as the case starting over, but...

THE COURT:  I'm not going to grant this request.  Let me explain why without going through the Socratic exchange.

If you add a substantial number of claims to the case after the close of the discovery, my concern is that the parties will have completed discovery.  My goal will be to set

0716CHIC

deadlines for completion of discovery in the case.  Adding the claims that are presently dismissed back in 30 days after discovery is closed I think would require the reopening of discovery potentially in order to permit the parties to develop the facts related to that, that additional set of claims, assuming that it's allowed to proceed following motion practice.

So I'm disinclined to establish as a default that the expectation is that that will happen, and that will happen so far after the close of the very extended fact discovery process.  That's particularly true here in a case that was filed in 2021 where I assume the plaintiff undertook a substantial investigation in order to justify the allegations that were originally included in the complaint.

So I'm disinclined to grant the request that the default will be provided for in the case management plan, as establishing a deadline for addition of claims to the case 30 days after the close of fact discovery.  I hope that the parties will want to know what facts they are trying to develop during the discovery period.  Otherwise, I'm afraid that the deadlines will not be functional deadlines.  Instead, they will be the starting post for additional discovery.  So I'm not going to grant this request.

I am open to a lengthier period than the default amount of time, but this proposal, I think, is excessive.  Any

0716CHIC

application, motion can be made in the future for potential modifications to the complaint.  But, again, the default rule should not be, in my view, that we will expect amendments to the complaint following the close of fact discovery.

So, counsel for plaintiff, any additional comments on this?  And then it will help me determine what the appropriate amount of time is to permit modifications.

MS. BOARDMAN:  Well, yes, your Honor.  I think the 30-day default, we won't even have received defendant's responses and objections to our document requests by then.  So, I mean, if we are to find additional facts in discovery that we think assist our claims or assist in adding new claims or are probative of additional statements that were dismissed, being false and misleading, we would not delay adding those allegations.  We will certainly make a motion to the Court in an expeditious manner.

I am just concerned that we're foregoing our ability to do that with the default rule that's in the Court's order. We're certainly open to a shorter deadline if that would be more agreeable to the Court.

THE COURT:  Fine.  We'll come back to this.

Counsel for plaintiff, let me hear from you about an issue that's raised in the joint letter related to the timing for any class certification motions and the letter the parties proposed setting a schedule now for motions for class

0716CHIC

certification.  It's proposed that motion be brought within about four months from now.

Let me hear from you, counsel for plaintiff, about your views regarding the timing for that motion.  I will hear from the defendants about the same topic.

Counsel.

MS. BOARDMAN:  Yes.  Thank you, your Honor.

This is Erin Boardman from Robbins Gellar.

We put the November 1 deadline four months out.  We think it's a reasonable compromise with defendants.  We initially had a later date, and after conferring with defendants and exchanging multiple proposals, we agreed on this date as a compromise.  I think it strikes a good balance, and it does class certification at an appropriate time in the schedule where discovery will have commenced but we won't be too far along.

So this date was a compromise between the parties.  We think it's reasonable, and we also think the spacing of the class certification briefing is typical and reasonable in this type of case.

THE COURT:  Good.  Thank you.

Counsel for plaintiff, is there anything else you'd like to tell me about the scheduling issues raised in the joint letter or the proposed case management plan and scheduling order?

0716CHIC

MS. BOARDMAN:  Nothing at this time, your Honor.

THE COURT:  Thank you.

Counsel for first the company defendant, let me hear from you.

What, if anything, do you want to tell me about the proposed case management plan and scheduling order, and the other deadlines included in the joint pretrial conference letter?

MR. ROSENBERG:  Thank you, your Honor. Jonathan Rosenberg.

One of the major driving factors as set forth in the parties' joint letter is the restrictions and uncertainty regarding Chinese law.  There are three sets of Chinese statutes that apply here, that is, security law, the personal information protection law, and the guarding state secrets law; all of them imposing swift penalties, potential suspensions of ability to do business, and in some cases, criminal penalties for violations.

The data security law is the broadest.  It applies to any data in mainland China.  And most of the discovery in this case on the merits is in mainland China.  So the requirement under that statute is before you can produce anything, you have to get the approval of the Chinese government, which in the past, has been a very long process, which accounts for the relatively extended discovery cutoff that the parties agreed

0716CHIC

to.

There still is uncertainty with respect to even that date.  There are no laws for implementing this requirement.  There used to be a practice of the Ministry of Justice in the PRC accepting applications to deliver data across the border, but that practice appears to have ended in the beginning of 2023.  But we have retained PRC counsel, and they will be helping us to do these various reviews and to submit the material as required to the Chinese government.

In the meantime, however, we will also be working on whatever discovery that's in the U.S. that can be produced.  And a lot of that will apply to class certification.  And we think that is a case in which there will be a meaningful opposition to class certification on several grounds, including the tracing issue that we identified in the motion to dismiss.  And the Court said, that's a matter for discovery.

Part of what we're going to be doing before the deadline for the motion for class certification in November is collecting whatever discovery we can.  With respect to the trading and the purchases that plaintiffs made, we believe there's a good prospect that plaintiff won't be able to show tracing or purchasing in the offering as required under Section 11 and Section 12(a)(2), but that will be something that we can pursue on a parallel track while we're also pursuing merits, discovery, and dealing with the mainland China

0716CHIC

rules and restrictions.

THE COURT:  Good.  Thank you very much.

Counsel for the underwriter defendants, is there anything you'd like to share in response to those questions? And then I'm going to turn back to the company for your views regarding the Paragraph 4 discussion we had.

Counsel for the underwriters.

MR. FLAUM:  Sure.  Douglas Flaum from Goodwin Procter. I join with what Mr. Rosenberg said.  I point out for the underwriters, we certainly have some documentation that's in the United States, but others that may be subject to the same Chinese secrecy laws and other data privacy laws.  So it really would depend on exactly what it is the plaintiffs seek from us, that we anticipate having the same -- at least some of the same difficulties, and I think therefore the timeframes make sense here.  That's all I have to add.

THE COURT:  Thank you.  Let me come back to counsel for the corporate defendants.

Counsel, I engaged in a conversation with counsel for plaintiff about the proposed deadline in Paragraph 4.  I'm concerned about the prospect that the case management plan and scheduling order would establish, what I'm describing as a default deadline by which amendments can be made, particularly ones so far out and following the close of fact discovery.

What's your view?

0716CHIC

MR. ROSENBERG:  Thank you, your Honor. Jonathan Rosenberg speaking.

Maybe the answer, your Honor, is not to have a specific deadline with respect to that.  We would certainly object to any amendment to add new claims that had Exchange Act claims.  We don't believe discovery should be a fishing expedition for plaintiff to file Exchange Acts claims that they couldn't make initially.  We believe that would violate both the letter and spirit of the PSLRA.  But we do understand that it's going to be some time before a lot of the merits, discovery is produced to plaintiffs.

So perhaps the solution is just to hold plaintiffs to the normal burden under 15(a), to seek leave to amend. Obviously, as the amendments are not adding claims, not adding defendants, but tweaking the allegations, those wouldn't be much of an issue, I would expect.  But if they are adding defendants or are adding claims, then we don't believe it would be realistic for any such amendment to be made as we are materially into the documents and deposition discovery.

THE COURT:  Thank you.

Before I turn back to counsel for plaintiff, counsel for the underwriters, do you have any comments regarding that proposal?

MR. FLAUM:  Douglas Flaum.

That makes sense to us.  There's not going to be any

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

0716CHIC

new claims, I don't think against us, since we are not going to be subject to the Exchange Act anyway -- we weren't in the original client.  But I think Mr. Rosenberg's proposal makes sense.

THE COURT:  Thank you.

So counsel for plaintiff, a proposal to you:  In order to adopt, to modify Paragraph 4, if you're looking at it, would be just to remove the words "amend or" from the second sentence and to put a concrete deadline in the blank there, which would be a specified amount of time.  I propose at the outset 60 days so that that the language in the case management plan and scheduling order would only put a default cap on the amount of time that you would have to add parties, and that the default rule for motions to amend would be governed by Rule 15 as proposed by counsel for the defendant.

Counsel for plaintiff, what do you think?

MS. BOARDMAN:  Thank you, your Honor.  This is Erin Boardman from Robbins Gellar.

Yes, I think that's a good idea that would be agreeable to the plaintiff.

THE COURT:  Very good.  So I'll make that change.

Let me do this:  Counsel, first off, thank you very much for being thoughtful about the amount of time it would take to litigate this case given the constraints of doing discovery abroad, particularly in light of the constraints on

0716CHIC

the provision of information that's housed in China.  As I said at the outset, I think the deadlines that the parties have proposed in the case management plan and scheduling order are largely very reasonable.  I'm going to embrace them with some single substantive modification that we just discussed in Paragraph 4.

I'd like to spend a couple minutes talking about the deadlines in the case management plan and scheduling order and my expectation with respect to them, then I'll come back and talk about a few of the additional other deadlines that are included in the joint letter.

First off, I want to just emphasize that the deadlines in the case management plan and scheduling order are real deadlines.  They are deadlines for completion of expert and fact discovery.  You'll see that the case management plan and scheduling order uses the word "completed" in each of the paragraphs 7(a) and 8(b).  That choice of words is intentional. It reflects my expectation that discovery will be in fact completed by those dates, by which I mean there won't be more of it after those dates.  So please keep that general rule in mind.

These are real deadlines, deadlines for completion of discovery.  There are a lot of corollaries that flow from that general rule.  I'm going to highlight just two of them now, but there are others which you can extrapolate for yourselves.

0716CHIC

The first is a simple one.  To the extent there are any concerns about the adequacy or timeliness of any discovery response from your adversary or third party, please don't wait to bring it to the attention of the Court.  Please do not hoard discovery disputes with the expectation that we will be litigating them after the fact discovery period has otherwise closed.

My expectation is that the discovery-related disputes will be brought to the Court timely so that we can resolve the disputes and help you get the responsive materials and use them during the discovery period.  It is not my expectation that the discovery period will have time added on at the end of it to permit the litigation of discovery disputes, so do not hoard discovery disputes.

The second thing I want to highlight is a very simple thing.  It's that because they these are real deadlines, you should take that fact into account as you're scheduling your discovery practices.  What that means, among other things, is that you should make your request for information and take any depositions timely so that you have sufficient time to conduct follow-up discovery with respect to any information that you might learn.  So don't wait to make a request for information or to take a deposition.  If you do, you should understand that you will be leaving yourself less time at the back end for follow-up discovery.

0716CHIC

This corollary is particularly important here where, as I understand it, it may be necessary to work with foreign courts, where it may require action by this Court to help you get information from foreign governments.  That process could take a substantial amount of time.  So if there are steps that you need to undertake in order to obtain discovery abroad, even though these periods are very lengthy, because they are constrained periods of time, I counsel you to do the work to get that international discovery promptly.  If you don't do the work and you're unlikely as a result to get the information during the discovery period, that may impede your ability to get the relevant materials.

In particular, if there's assistance that you need from this Court, then you should begin the process to seek this Court's assistance early so that we can do the necessary work and help you with your discovery efforts abroad.  If you wait to make a request of me such that I think it's unlikely that whatever I do you'll be able to get a response from the foreign court, I may simply decline to grant your request.  So don't wait until the last minute and ask me to issue a letter of rogatory or something similar.

If it's unlikely that you're going to get a response during the discovery period, I might simply take the position that it would be fruitless to grant the request in the first instance.  So please be mindful of these deadlines and plan

0716CHIC

your discovery protocols accordingly.  You have a lot time of time to do this, but it's a lot of work that needs to be done.

The second thing I want to highlight — and I apologize, because I'm sure you all know this, but some people don't — is that the deadlines in Paragraph 8(c) are worthy of particular notes.  Those are the deadlines for completion of expert disclosures.  Those deadlines require that you provide all of the disclosures required under the rules.

So it's not good enough, obviously, to just provide your expert's name.  Instead, you have to provide her report and all the other information required under the rules.  If you fail to provide all of the disclosures required under Rule 26(a)(2) for any experts timely, you should not expect that your expert will be permitted to provide testimony or other evidence in the case.  Remember, too, that even experts who are not required to provide a report must provide disclosures under Rule 26(a)(2).

So my guidance would be to ask you to think carefully about the nature of any testimony that you want your witnesses to provide.  If it is expert in nature, even if the person is not specially retained, then you should provide the requisite disclosures for that expert testimony, that you must do that by the dates that are specified in Paragraph 8(c).

So I don't know the circumstances in which that may come up, but sometimes an executive of an industry may have

0716CHIC

specialized skill and knowledge and not be testifying just within the scope of what they did at work, but may be offered to provide expert testimony as well.

So think carefully about the nature of the testimony that you expect any witness to provide, and if it's expert in nature, do not neglect to provide the requisite disclosures by the date specified in Paragraph 8(c) of the order.

I will grant extensions of these deadlines, but only for good cause shown.  Here, the deadlines are already extremely lengthy, so you should not assume that you get an extension of time.  In order to obtain an extension of time, you have to show good cause, which requires that you make a showing that you have been litigating the case diligently.  As a consequence, you should make professional judgments about the amount of resources you want to invest in the case and expect that I will ask you to live with those decisions.

I hope, as I will discuss in a moment, that the parties will be able to resolve the case amicably.  That said, please keep in mind that settlement discussions do not stay the discovery deadlines.  You should not think that they do.  My expectation is that your efforts to settle the case need to take place in parallel with your efforts to litigate it unless you have been provided relief by the Court.

So I think that's it.  I'll enter the case management plan and scheduling order later today or tomorrow, and it will

0716CHIC

govern your conduct going forward.

In your joint letter, you've proposed a number of other deadlines. I am not going to order your proposed deadlines for submission of an ESI protocol or protective order. I'll let the parties work that through yourselves. I'm not going to order that you do either of those things. It would be efficient, however, for you to consider a proposed protective order. If you do, please look to my individual rules of practice which contains rules about protective orders.

I will include a proposed deadline for substantial completion of document production consistent with the deadline included in your letter. And I will also establish a briefing schedule for your proposed motion for class certification. I will also relieve you from any obligation to submit a pre-motion conference letter with respect to such a motion, understanding that it is expected one will be filed by that date.

I think that's it. I know the parties will work to resolve the case when you have a better beat on the facts. And all I will say is that I encourage you to let me know if there's anything that you think the Court can do to help the parties work towards an amicable resolution of the case.

With that, is there anything else that we should talk about here?

First, counsel for plaintiff.

0716CHIC

MS. BOARDMAN:  This is Erin Boardman from Robbins Gellar.

Nothing further.  And we thank the Court for its guidance.

THE COURT:  Thank you.

Counsel for the corporate defendant.

MR. ROSENBERG:  This is Jonathan Rosenberg.

Nothing further from the corporate defendants.  Thank you, your Honor.

THE COURT:  And counsel for the underwriter defendants.

MR. FLAUM:  Douglas Flaum, Goodwin Procter.

Nothing further except to wish everybody a happy 4th of July weekend.

THE COURT:  Thank you.  Same to you.  This proceeding is adjourned.

(Adjourned)