USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH CHIN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

   vs

KE HOLDINGS INC., PENG YONGDONG, XU TAO, SHAN YIGANG, BAO FAN, LI ZHAOHUI, CHEN XIAOHONG, COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21-cv-11196 (GHW) (BCM)

**STIPULATED PROTECTIVE ORDER**

**BARBARA MOSES, United States Magistrate Judge:**

    The Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action listed in the above caption (each a "Party" and collectively, the "Parties"), their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential or Highly Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as "Confidential" any such Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Party, seriously harm the Producing Party's business, commercial, financial, or personal interests or cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others.

3. The Producing Party may designate as "Highly Confidential" any such Discovery Material that contains the types of Discovery Material described in Paragraph 2 and that also contains highly sensitive business or personal information, the disclosure of which, even limited to the restrictions placed on Confidential Discovery Material, is highly likely to cause significant harm to an individual or to the commercial, financial, strategic, or business interests of the designating Party.

4. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking it as "Confidential" in a

manner that will not interfere with legibility or audibility. With respect to Highly Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party may designate such Discovery Material as "Highly Confidential" by stamping or otherwise clearly marking it as "Highly Confidential" or "Highly Confidential – Attorney's Eyes Only" in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or by notifying the reporter and all counsel of record, in writing, within thirty (30) days of receipt of the transcript. During the 30-day period following receipt of the deposition transcript, which period may be extended by agreement of the Parties, all Parties will treat the entire deposition transcript as if it had been designated as Confidential. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all Parties shall immediately cause each copy of the transcript or recording in its custody or control to be appropriately marked and limit disclosure of that transcript or recording in accordance with the terms of this Protective Order. Absent a timely written designation (or other agreement between the Parties as to timing) of some or all of the final transcript as Confidential or Highly Confidential, this presumptive designation shall lapse. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice-versa.

5. If at any time prior to the termination of this action, a Producing Party realizes that Discovery Material that such Producing Party previously produced without limitation should be designated as "Confidential" or "Highly Confidential," the Producing Party may so designate that Discovery Material by promptly notifying all Parties in writing. Such Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two (2) business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

**Who May Receive Confidential or Highly Confidential Materials**

7. No person subject to this Order, other than the Producing Party, shall disclose or summarize any Confidential Discovery Material to any other person whomsoever, except to:

    a    the Parties to this action, their insurers, and counsel to their insurers;

    b    the officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for this action;

    c    counsel retained specifically for this action, including any staff attorney, investigator, paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

| | | |
|---|---|---|
| | d | as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy; |
| | e | any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; |
| | f | any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; |
| | g | stenographers and video technicians engaged to transcribe or record depositions conducted in this action; |
| | h | independent photocopying, graphic production services, foreign language translators, independent providers of document reproduction or electronic discovery, copy-service providers and document-management consultants or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system; |
| | i | the Court and its staff; |
| | j | any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; and |

      k      any other person whom the Producing Party, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

8. No person subject to this Order, other than the Producing Party, shall disclose or summarize any Highly Confidential Discovery Material to any other person whomsoever, except to:

      a      counsel retained specifically for this action, including any staff attorney, investigator, paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

      b      as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

      c      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

      d      any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

      e      stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

      f      independent photocopying, graphic production services, foreign language translators, independent providers of document reproduction or electronic discovery, copy-service providers and document-management consultants

      or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

g    the Court and its staff;

h    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; and

i    any other person whom the Producing Party, or other person designating the Discovery Material "Highly Confidential," agrees in writing may have access to such Highly Confidential Discovery Material.

9.    Prior to the disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(e) or 7(f) or 8(c) or 8(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential or Highly Confidential Materials in this Action**

10.    Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only, reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other Parties a

        written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

11. Notwithstanding the designation of material as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such Confidential or Highly Confidential Discovery Material will be filed with the Court under seal. The Parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or Highly Confidential or sealed during pretrial proceedings.

13. Each person who has access to Confidential or Highly Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure**

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material, regardless of whether the Discovery Material was so designated at the time of production, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all

Parties to whom the Discovery Material was disclosed that the Discovery Material is or should have been designated Confidential or Highly Confidential. Such notice shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Protective Order.

15. If a Party or non-party notifies any other Party that it inadvertently or mistakenly disclosed any Discovery Material that is: (i) protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity; or (ii) protected under foreign data protection, statutory, or bank secrecy laws ("Inadvertently Disclosed Information"), all receiving Parties shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of any order pursuant to Federal Rule of Evidence 502(d) entered in the action. Such inadvertent or mistaken disclosure of Discovery Material shall not by itself constitute a waiver by the designating Party or non-party of any claims of privilege or immunity, or claims of protection under foreign law. However, nothing herein restricts the right of the receiving Party to challenge the designating Party or non-party's claim of protection from disclosure, if made within a reasonable time after receiving notice of the Inadvertently Disclosed Information. If a receiving person thereafter moves the Court for an order compelling production of the inadvertently or mistakenly disclosed information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of

            any Party to request an *in camera review* of the Inadvertently Disclosed Information.

16.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

**Use Restrictions**

17.     Discovery Material, or any information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any personal, business, marketing, or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record without violation of this Protective Order. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.

**Termination of the Litigation**

18.     This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential or Highly Confidential Discovery Material and all copies thereof, shall make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Highly Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts,

and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

19. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Non-Material Terms**

20. Parties and non-parties may, by written agreement and without further order of the Court, modify any non-material term of this Stipulation and Order (*e.g.*, specified time periods) by written mutual agreement.

**SO STIPULATED.**

*/s/ Erin Boardman*  
David A. Rosenfeld  
Erin W. Boardman  
**ROBBINS GELLER RUDMAN & DOWD LLP**  
58 South Service Road, Suite 200  
Melville, NY 11747  
Telephone: 631/367-7100  
631/367-1173 (fax)  
drosenfeld@rgrdlaw.com  
eboardman@rgrdlaw.com  

*/s/ Andrew Bednark*  
Jonathan Rosenberg  
B. Andrew Bednark  
**O'MELVENY & MYERS LLP**  
7 Times Square  
New York, NY 10036  
Phone: (212) 326-2000  
Fax: (212) 326-2061  
jrosenberg@omm.com  
abednark@omm.com

<div style="display: flex;">

*Counsel for Lead Plaintiff*

*Counsel for Defendant KE Holdings Inc. and Colleen A. De Vries*

</div>

*/s/ Gabrielle Gould*
Douglas H. Flaum
Gabrielle Lisa Gould
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Phone: (212) 813-8800
Fax: (212) 355-3333
dflaum@goodwinlaw.com
ggould@goodwinlaw.com

*Counsel for Underwriter Defendants*

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

Dated: September 27, 2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH CHIN, Individually and on Behalf of All Others Similarly Situated, :

        Plaintiff, :

    vs :

KE HOLDINGS INC., PENG YONGDONG, XU TAO, SHAN YIGANG, BAO FAN, LI ZHAOHUI, CHEN XIAOHONG, COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC., :

        Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21-cv-11196 (GHW) (BCM)

**NON-DISCLOSURE AGREEMENT**

    I, [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential and Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____
                                           [Signature]

14