UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

KEITH CHIN, Individually and on Behalf of   :   Civil Action No. 1:21-cv-11196-GHW-BCM
All Others Similarly Situated,              :
                                            :
                                            :
                    Plaintiff,              :
                                            :
                                            :
        vs.                                 :
                                            :
KE HOLDINGS INC., COLLEEN A. DE             :
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,         :
MORGAN STANLEY & CO. LLC, J.P.              :
MORGAN SECURITIES LLC, GOLDMAN              :
SACHS & CO. LLC and CHINA                   :
RENAISSANCE SECURITIES (US) INC.,           :
                                            :
                    Defendants.             :
                                            :

———————————————————————— x


**MEMORANDUM OF LAW IN SUPPORT OF
LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .........................................................................................................1

II.   THE PROPOSED CLASS REPRESENTATIVE ........................................................3

III.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................................4

IV.   ARGUMENT................................................................................................................5

    A.    Legal Standard on a Motion for Class Certification ................................................5

    B.    The Proposed Class Satisfies the Requirements of Rule 23(a)................................7

        1.    The Proposed Class Is so Numerous that Joinder of All Members Is Impracticable..............................................................................................7

        2.    There Are Questions of Law and Fact Common to Each Member of the Proposed Class.....................................................................................8

        3.    Lead Plaintiff's Claims Are Typical of the Claims of the Class..................9

        4.    Lead Plaintiff Is Adequate .........................................................................10

    C.    The Proposed Class Satisfies the Requirements of Rule 23(b)(3).........................11

        1.    Common Questions of Law or Fact Predominate over Any Individualized Questions .........................................................................11

        2.    A Class Action Is Superior to Other Available Methods for Pursuing Claims Against Defendants .........................................................14

    D.    The Proposed Class Is Ascertainable.....................................................................16

    E.    Lead Plaintiff's Choice of Class Counsel Satisfies the Requirements of Rule 23(g) ..............................................................................................................17

V.    CONCLUSION..........................................................................................................18

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)...................................................................................................13

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)....................................................................................................6

*Bolanos v. Norwegian Cruise Lines Ltd.*,
212 F.R.D. 144 (S.D.N.Y. 2002) ...............................................................................9

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
310 F.R.D. 69 (S.D.N.Y. 2015) ...........................................................................17, 18

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
2017 WL 3608298
(S.D.N.Y. Aug. 22, 2017) ...............................................................................6, 11, 12

*Erickson v. Jernigan Cap., Inc.*,
692 F. Supp. 3d 114 (S.D.N.Y. 2023)...................................................................17, 18

*Gordon v. Vanda Pharms. Inc.*,
2022 WL 4296092
(E.D.N.Y. Sept. 15, 2022)...........................................................................................8

*Gruber v. Gilbertson*,
2019 WL 4439415
(S.D.N.Y. Sept. 17, 2019)......................................................................................1, 16

*Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*,
338 F.R.D. 205 (S.D.N.Y. 2021) .................................................................... *passim*

*Houser v. Pritzker*,
28 F. Supp. 3d 222 (S.D.N.Y. 2014).........................................................................9

*In re Allergan PLC Sec. Litig.*,
2021 WL 4077942
(S.D.N.Y. Sept. 8, 2021) ...........................................................................................6

*In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*,
2020 WL 1329354
(S.D.N.Y. Mar. 23, 2020) ..........................................................................................6

*In re Deutsche Bank AG Sec. Litig.*,
328 F.R.D. 71 (S.D.N.Y. 2018) ...........................................................................12, 17

**Page**

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  312 F.R.D. 332 (S.D.N.Y. 2015) ...............................................................15, 16, 17

*In re IndyMac Mortg.-Backed Sec. Litig.*,
  286 F.R.D. 226 (S.D.N.Y. 2012) ......................................................................1, 14

*In re Marsh & McLennan Co., Inc. Sec. Litig.*,
  2009 WL 5178546
  (S.D.N.Y. Dec. 23, 2009)..............................................................................8, 10, 16

*In re MF Glob. Holdings Ltd. Inv. Litig.*,
  310 F.R.D. 230 (S.D.N.Y. 2015) ...............................................................10, 11, 15

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010)..................................................................................12

*In re Nassau Cnty. Strip Search Cases*,
  461 F.3d 219 (2d Cir. 2006).............................................................................14, 15

*In re NIO, Inc. Sec. Litig.*,
  2023 WL 5048615
  (E.D.N.Y. Aug. 8, 2023)...........................................................................7, 8, 12, 14

*In re NTL, Inc. Sec. Litig.*,
  2006 WL 330113
  (S.D.N.Y. Feb. 14, 2006)......................................................................................12

*In re Perrigo Co. PLC Sec. Litig.*,
  493 F. Supp. 3d 291 (S.D.N.Y. 2020).....................................................................11

*In re Petrobras Sec.*,
  862 F.3d 250 (2d Cir. 2017)...........................................................................5, 6, 16

*In re Smart Techs., Inc. S'holder Litig.*,
  295 F.R.D. 50 (S.D.N.Y. 2013) .............................................................................14

*In re SunEdison, Inc. Sec. Litig.*,
  329 F.R.D. 124 (S.D.N.Y. 2019) ..............................................................................3

*In re U.S. Foodservice Inc. Pricing Litig.*,
  729 F.3d 108 (2d Cir. 2013)..............................................................................6, 15

**Page**

*Iowa Pub. Emps.' Ret. Sys. v. Bank of Am. Corp.*,
  2022 WL 2829880
  (S.D.N.Y. June 30, 2022).............................................................................................10, 11

*Jernigan Cap., Inc. v. Erickson*,
  2024 WL 748759
  (2d Cir. Feb. 21, 2024)...................................................................................................18

*Kaplan v. S.A.C. Cap. Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................3

*Martínek v. AmTrust Fin. Servs., Inc.*,
  2022 WL 326320
  (S.D.N.Y. Feb. 3, 2022) ...................................................................................................9

*Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*,
  328 F.R.D. 86 (S.D.N.Y. 2018) ......................................................................................16

*Nayani v. LifeStance Health Grp., Inc.*,
  2023 WL 6311475
  (S.D.N.Y. Sept. 28, 2023)...........................................................................2, 3, 12, 15

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  693 F.3d 145 (2d Cir. 2012).............................................................................................9

*New Jersey Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
  2016 WL 7409840
  (S.D.N.Y. Nov. 4, 2016) .....................................................................................9, 15, 16

*Passman v. Peloton Interactive, Inc.*,
  671 F. Supp. 3d 417 (S.D.N.Y. 2023)........................................................................6, 7, 9

*Pearlstein v. BlackBerry Ltd.*,
  2021 WL 253453
  (S.D.N.Y. Jan. 26, 2021)...................................................................................................6

*Roach v. T.L. Cannon Corp.*,
  778 F.3d 401 (2d Cir. 2015)...........................................................................................11

*Saskatchewan Healthcare Emp.'s Pension Plan v. KE Holdings Inc.*,
  718 F. Supp. 3d 344 (S.D.N.Y. 2024)............................................................................12

**Page**

*Set Cap. LLC v. Credit Suisse Grp. AG*,
   2023 WL 2535175
   (S.D.N.Y. Mar. 16, 2023) .............................................................................................. *passim*

*Set Cap. LLC v. Credit Suisse Grp. AG*,
   2024 WL 895084
   (S.D.N.Y. Mar. 1, 2024) ...............................................................................................5, 10

*Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*,
   2024 WL 1497110
   (S.D.N.Y. Apr. 5, 2024)...............................................................................................6, 8, 16

*Venkataraman v. Kandi Techs. Grp., Inc.*,
   2024 WL 4345571
   (S.D.N.Y. Sept. 30, 2024).............................................................................................. *passim*

*Waggoner v. Barclays PLC*,
   875 F.3d 79 (2d Cir. 2017)...........................................................................................5, 11

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
   §77k.............................................................................................................1, 5, 12, 14
   §77l(a)(2) ....................................................................................................... 1, 5, 12
   §77o.....................................................................................................................1, 5, 12
   §78j(b)..............................................................................................................................5
   §78t(a) ..............................................................................................................................5

Federal Rules of Civil Procedure
   Rule 23 ..................................................................................................... *passim*
   Rule 23(a)....................................................................................................... *passim*
   Rule 23(a)(1)...................................................................................................................7
   Rule 23(a)(2) ...................................................................................................................8
   Rule 23(a)(3)...................................................................................................................9
   Rule 23(a)(4) .................................................................................................................10
   Rule 23(b)(3)................................................................................................... *passim*
   Rule 23(g) .................................................................................................1, 17, 18
   Rule 23(g)(1)..................................................................................................................17
   Rule 23(g)(1)(A)(i)-(iv) ................................................................................................17

Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiff" or "SHEPP") respectfully submits this memorandum of law in support of its motion under Federal Rules of Civil Procedure ("Rules") 23(a), 23(b)(3), and 23(g) for an order: (i) certifying a class of all persons, other than Defendants[1] and their affiliates, who purchased the American Depository Shares ("ADSs") of KE Holdings in and/or traceable to the Company's secondary public offering ("SPO") on or about November 19, 2020 (the "Class"), seeking damages for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"); (ii) appointing Lead Plaintiff as Class Representative; and (iii) appointing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Class Counsel.

## I.   INTRODUCTION

Because this case concerns claims under Sections 11, 12(a)(2), and 15 of the Securities Act, it is primed for class certification.  Indeed, "courts in this and other districts have held that suits alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act are 'especially amenable' to class action certification and resolution." *In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 232 (S.D.N.Y. 2012) (collecting cases); *see also Gruber v. Gilbertson*, 2019 WL 4439415, at *2 (S.D.N.Y. Sept. 17, 2019) (noting that claims under the securities laws are "especially amenable to class certification" and that, "in light of the importance of the class action device in securities fraud suits, the Rule 23 factors are to be construed liberally") (cleaned up).[2]

Lead Plaintiff alleges that it and potentially thousands of other purchasers of KE Holdings ADSs were harmed in precisely the same way when Defendants used a materially false and

---

[1]   "Defendants" are: (i) KE Holdings Inc. ("KE Holdings" or the "Company") and Colleen A. De Vries ("De Vries") (the "KE Defendants"); and (ii) Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co., LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC and China Renaissance Securities (US) Inc. (the "Underwriter Defendants").

[2]   Unless otherwise noted, internal citations are omitted from quoted material.

misleading registration statement and prospectus (the "Registration Statement") to sell $2.3 billion worth of KE Holdings ADSs in the Company's SPO. Such claims readily satisfy the prerequisites for certification under Rule 23.

First, Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements are clearly satisfied. Because the Company sold over 35 million ADSs pursuant to a defective Registration Statement in the SPO (¶49),[3] the number of potential plaintiffs is likely in the hundreds (if not thousands), clearly establishing numerostiy. Further, because Lead Plaintiff was harmed in exactly the same way as the other members of the proposed class—by material misstatements in the Company's Registration Statement—there exist common questions of law and fact capable of class-wide resolution, and Lead Plaintiff's claims are typical of those of the proposed class. Finally, because Lead Plaintiff's interests are aligned with the rest of the proposed class, and because Lead Plaintiff has retained counsel highly experienced in complex securities litigation, Lead Plaintiff is adequate to serve as the class representative. Accordingly, all of the requirements under Rule 23(a) are satisfied in this case. *See, e.g.*, *Nayani v. LifeStance Health Grp., Inc.*, 2023 WL 6311475, at *3 (S.D.N.Y. Sept. 28, 2023) (finding Rule 23(a) met where "the proposed class 'meets the numerosity threshold because it consists of likely thousands of geographically dispersed investors'; each of the class members' claims raise 'common questions of law and fact -- most notably, whether the Registration Statement contained materially untrue or misleading statements or omissions'; '[lead plaintiff's] claims are typical of those of the Class, as he acquired his [] common stock pursuant or traceable to the IPO, and brings claims based on the same facts and legal theories arising from the Registration Statement's [allegedly] untrue and misleading statements and omissions'; and '[lead

---

[3]    Unless otherwise noted, citations to "¶__"and "¶¶__"refer to paragraphs in the Third Amended Complaint (ECF 112, the "TAC").

plaintiff] is adequate to serve as the Class Representative because his interests in maximizing any recovery are firmly aligned with those of the proposed Class'").

Second, this case satisfies Rule 23(b)(3)'s requirements that common issues of law and fact predominate over any individualized issues, and that a class action be superior to other methods of fairly and efficiently adjudicating the controversy. Because liability under the Securities Act turns principally on Defendants' conduct, and the heart of Lead Plaintiff's claims concern whether the Registration Statement contained materially false and misleading statements, common issues of law and fact that are capable of generalized proof predominate over any potential individualized issues that may arise in the litigation. Further, because the class is comprised of hundreds, if not thousands, of geographically dispersed investors in KE Holdings ADSs, a class action is the superior method for adjudicating the controversy, as "the alternatives are either no recourse for thousands of stockholders or a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake." *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 144 (S.D.N.Y. 2019) (quoting *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015)).

Because the prerequisites for class certification under Rule 23 are easily satisfied in an action under the Securities Act such as this one, the Court should grant Lead Plaintiff's motion.

## II.    THE PROPOSED CLASS REPRESENTATIVE

SHEPP is a multi-employer defined pension plan representing healthcare workers in the province of Saskatchewan, Canada. *See* Declaration of Pam Peters in Support of Plaintiff's Motion for Class Certification ("Peters Decl."), ¶2, attached hereto as Ex. A.[4]  It is the largest defined benefit pension plan in Saskatchewan, with more than 65,000 members receiving or entitled to receive a

---

[4]    All exhibits referenced herein are attached to the Declaration of Erin W. Boardman in Support of Lead Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel, submitted herewith.

pension benefit under the plan, and approximately $9.97 billion in assets under management. *Id*. SHEPP purchased 22,103 shares of KE Holdings ADSs on or about November 19, 2020, at a price of $58.00 per ADS. *Id*. ¶4; *see also* ECF 24-2 (Certification Pursuant to Federal Securities Laws and Schedule A attached thereto). SHEPP suffered substantial losses resulting from Defendants' defective Registration Statement. SHEPP has, and will continue to, monitor the litigation and actively participate in the prosecution of this action. *See* Peters Decl. ¶¶5-10.

## III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

KE Holdings operates an integrated online and offline platform facilitating housing transactions and services in China. ¶35. KE Holdings' key profitability metrics—its revenue and gross transaction value—are driven by the number of stores and agents facilitating housing transactions on the Company's platform. ¶42.

This case concerns KE Holdings' alleged overstatement of the number of stores and agents on its platform in the Registration Statement filed in connection with the Company's SPO. On November 8, 2021, nearly a year after the SPO, when KE Holdings disclosed its financial results for the third quarter of 2021, the Company also disclosed that significant portions of the stores and agents on its platform were inactive dating back to the third quarter of 2020 (the quarter at issue in the Registration Statement). ¶¶54, 58. In addition to KE Holdings' admission that the Registration Statement's stated store and agent counts included inactive stores and agents, a report published by Muddy Waters Capital LLC (the "Muddy Waters Report") found larger discrepancies in the store and agent counts reported by the Company, suggesting that those numbers were even more inflated than the November 8, 2021 disclosure indicated. ¶¶63-122.

Based in part on the Company's admissions and the allegations in the Muddy Waters Report, this action was filed on January 3, 2022. ECF 6. On March 29, 2022, the Court granted Saskatchewan Healthcare Employees' Pension Plan's motion for lead plaintiff (ECF 37), and Lead

Plaintiff filed an amended complaint on June 17, 2022 (ECF 51), alleging claims under Sections 11, 12(a)(2) and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants filed their joint motion to dismiss on September 23, 2022 (ECF 83-85), and the motion was fully briefed on December 7, 2022 (ECF 91).

The Court issued its Memorandum Opinion & Order denying in part Defendants' joint motion to dismiss on February 26, 2024, granting the motion with respect to the Exchange Act claims, and granting Lead Plaintiff leave to amend to cure the deficiencies identified in the opinion. ECF 100. The operative complaint—which contains only the Securities Act claims that were sustained in the Court's order—was filed on May 13, 2024. ECF 112. The Underwriter Defendants, KE Holdings, and De Vries each filed their Answer on June 17, 2024. ECF 122 ("UW Ans."); 127 ("KE Ans."); 128 ("De Vries Ans.").

On July 1, 2024, the Court entered a Civil Case Management Plan and Scheduling Order. ECF 131 (the "Scheduling Order"). The parties have begun discovery in accordance with the Scheduling Order, which contemplates, among other things, the filing of this motion for class certification.

## IV.   ARGUMENT

### A.   Legal Standard on a Motion for Class Certification

To certify a class, Lead Plaintiff must show that "the proposed class meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3)." *Set Cap. LLC v. Credit Suisse Grp. AG*, 2023 WL 2535175, at *7 (S.D.N.Y. Mar. 16, 2023) ["*Set Cap. I*"] (citing *Waggoner v. Barclays PLC*, 875 F.3d 79, 88 (2d Cir. 2017)), *reconsideration denied*, 2024 WL 895084 (S.D.N.Y. Mar. 1, 2024) ["*Set Cap. II*"]. Additionally, the Second Circuit has recognized "'an implicit threshold requirement that

the members of a proposed class be readily identifiable,' often characterized as 'an "ascertainability" requirement.'" *In re Petrobras Sec.*, 862 F.3d 250, 264 (2d Cir. 2017).

"Plaintiffs bear the burden of showing that Rule 23's requirements are satisfied by at least a preponderance of the evidence." *Pearlstein v. BlackBerry Ltd.*, 2021 WL 253453, at *6 (S.D.N.Y. Jan. 26, 2021) (citing *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013)). "A motion for class certification does not allow courts to engage in free-ranging merits inquiries; the question before the Court is whether Plaintiffs meet Rule 23's requirements, not whether Plaintiffs will prevail on the merits." *Id.* (citing *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)); *see also Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 2024 WL 1497110, at *7 (S.D.N.Y. Apr. 5, 2024) ("[a] motion for class certification should not become a minitrial of the merits"); *Passman v. Peloton Interactive, Inc.*, 671 F. Supp. 3d 417, 436 (S.D.N.Y. 2023) ("[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied") (quoting *Amgen*, 568 U.S. at 466).

"'[T]he Second Circuit's general preference is for granting rather than denying class certification,' meaning that the requirements of Rule 23 must be construed liberally." *In re Allergan PLC Sec. Litig.*, 2021 WL 4077942, at *5 (S.D.N.Y. Sept. 8, 2021); *see also In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 WL 1329354, at *2 (S.D.N.Y. Mar. 23, 2020) ("[t]he Second Circuit has directed district courts to interpret Rule 23 liberally, to maximize the benefits to both private parties and to the public provided by class actions"). Accordingly, any "[d]oubts about whether Rule 23 has been satisfied should be resolved in favor of certification." *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 2017 WL 3608298, at *3 (S.D.N.Y. Aug. 22, 2017).

**B.        The Proposed Class Satisfies the Requirements of Rule 23(a)**

**1.        The Proposed Class Is so Numerous that Joinder of All Members Is Impracticable**

First, Rule 23(a)'s numerosity requirement asks that "the class [be] so numerous that joinder of all members is impracticable[.]"  Rule 23(a)(1).  Courts in this Circuit have found that a "proposed class with more than forty members presumably satisfies the numerosity requirement." *Set Cap. I*, 2023 WL 2535175, at *7; *see also Passman*, 671 F. Supp. 3d at 436 (collecting cases). "It is not necessary that Plaintiffs demonstrate evidence of the exact size of the proposed class, nor the identity of all class members[.]"  *Id*.  "[C]ourts have acknowledged that numerosity in securities actions may be premised on a showing that a large number of shares were outstanding and traded during the relevant period."  *Venkataraman v. Kandi Techs. Grp., Inc.*, 2024 WL 4345571, at *2 (S.D.N.Y. Sept. 30, 2024); *Set Cap. I*, 2023 WL 2535175, at *7 (similar).

The TAC alleges that KE Holdings sold 35.4 million ADSs to the investing public in the SPO.  ¶49.  Defendants KE Holdings and De Vries each admitted as much in their respective answers to the TAC.  KE Ans. at 13; De Vries Ans. at 13.[5]  Accordingly, although the exact number of class members is unknown, it is reasonable to assume that there are hundreds, if not thousands, of investors that purchased KE Holdings ADSs in and/or traceable to the SPO, and were thereby harmed by the defective Registration Statement.  Accordingly, the proposed Class satisfies the numerosity requirement.  *See In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *5 (E.D.N.Y. Aug. 8, 2023) (numerosity satisfied where "[m]illions of ADS were sold" in a public offering).

---

[5]        Though the Underwriter Defendants deny certain aspects of paragraph 49 of the TAC in their Answer, they do not contest the number of shares sold in the SPO.  UW Ans. at 14.

### 2. There Are Questions of Law and Fact Common to Each Member of the Proposed Class

Second, Rule 23(a) also requires that there be "questions of law or fact common to the class[.]" Rule 23(a)(2). "Commonality 'is generally considered a low hurdle easily surmounted.'" *Sjunde AP-Fonden*, 2024 WL 1497110, at \*8 (quoting *In re Marsh & McLennan Co., Inc. Sec. Litig.*, 2009 WL 5178546, at \*9 (S.D.N.Y. Dec. 23, 2009)). As such, commonality "requires only a showing that Plaintiff's claims 'depend upon a common contention that is of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *In re NIO*, 2023 WL 5048615, at \*5. "The standard is particularly permissive in the context of securities fraud litigation." *Id*. As this Court has previously explained, commonality "requires only a single common question of law or fact[.]" *Kennedy et al. v. Aegis Media Americas, Inc. et al.*, No. 1:20-cv-03624-MMG (S.D.N.Y. Aug. 17, 2023) (Woods, J.), ECF 124 at 2.

Here, there are common questions that are best suited to Class-wide resolution, including: (i) whether the Registration Statement's stated store and agent counts were false and misleading; and (ii) whether the misstated store and agent counts were material to investors. Accordingly, the "commonality requirement is satisfied because there are common questions to all class members, including 'whether there were any misrepresentations or omissions in [the Registration Statement] and whether any such misrepresentations or omissions were material.'" *Set Cap. I*, 2023 WL 2535175, at \*9 (quoting *Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*, 338 F.R.D. 205, 214-15 (S.D.N.Y. 2021) ["*AMC*"]); *see also Gordon v. Vanda Pharms. Inc.*, 2022 WL 4296092, at \*7 (E.D.N.Y. Sept. 15, 2022) ("[i]n securities fraud cases, where putative class members have been injured by similar material misrepresentations and omissions, the commonality requirement is satisfied").

### 3.    Lead Plaintiff's Claims Are Typical of the Claims of the Class

Third, Rule 23(a) requires that Lead Plaintiff's claims or defenses be "typical of the claims or defenses of the class[.]" Rule 23(a)(3).  To meet the typicality requirement, Lead Plaintiff's "claims need not be 'identical' to the class members' claims[.]" *Set Cap. I*, 2023 WL 2535175, at *8. Instead, they need only "arise from the same series of events and find support in the same legal theories as the claims of all of the remaining class members." *Id.* at *9 (quoting *Houser v. Pritzker*, 28 F. Supp. 3d 222, 245 (S.D.N.Y. 2014)); *see also Martínek v. AmTrust Fin. Servs., Inc.*, 2022 WL 326320, at *6 (S.D.N.Y. Feb. 3, 2022) ("[t]ypicality 'does not require factual identity . . . only that the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class'").  "Since the claims only need to share the same essential characteristics, and need not be identical, the typicality requirement is not highly demanding." *Passman*, 671 F. Supp. 3d at 441 (quoting *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002)).  "In a securities case, where as here, the plaintiff is 'alleging dissemination of allegedly false or misleading statements, the nature of the common injury generally satisfies typicality.'" *Venkataraman*, 2024 WL 4345571, at *2 (quoting *Martínek*, 2022 WL 326320, at *6).

The Second Circuit has said that "in the context of claims alleging injury based on misrepresentations, the misconduct alleged will almost always be the same: the making of a false or misleading statement." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012).  This is true here, where "the central issue for each member of the proposed class remains the allegedly misleading nature of the Offering Documents, which will be proved if at all by a showing that Defendants 'committed the same wrongful acts in the same manner, against all members of the class.'" *New Jersey Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 2016 WL 7409840, at *4 (S.D.N.Y. Nov. 4, 2016).  Thus, typicality is met because Lead Plaintiff's

- 9 -

claims arise from the same defective Registration Statement and find support in the same legal theories as the claims of the remaining class members. *Set Cap. I*, 2023 WL 2535175, at \*9 (finding typicality met where "Plaintiffs and the remaining class members all allege that Defendants misstated and omitted material facts in the Offering Documents").

Further, Lead Plaintiff is not subject to any unique defenses that render it atypical of the rest of the proposed class. "Even if Defendants can show a potential unique defense as to [Lead Plaintiff], it should not prevent certification if 'it does not go to the heart of Plaintiff's case and will not require considerable time and effort to rebut.'" *In re MF Glob. Holdings Ltd. Inv. Litig.*, 310 F.R.D. 230, 236 (S.D.N.Y. 2015). Here, Lead Plaintiff was "the victim of the same material misstatements" as the proposed class, therefore "[f]actual differences" such as "the date of acquisition, type of securities purchased and manner by which the investor acquired the securities will not destroy typicality[.]" *In re Marsh*, 2009 WL 5178546, at \*10.

### 4.    Lead Plaintiff Is Adequate

Fourth, Rule 23(a) requires that, to certify a class, Lead Plaintiff must "fairly and adequately protect the interests of the class." Rule 23(a)(4). "Adequacy has two components: '[f]irst, class counsel must be qualified, experienced, and generally able to conduct the litigation,' and '[s]econd, the class members must not have interests that are antagonistic to one another.'" *Iowa Pub. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 2022 WL 2829880, at \*19 (S.D.N.Y. June 30, 2022) ["*Bank of Am.*"]. As explained in more detail in Section IV.E below, courts in this district routinely find that counsel from Robbins Geller are qualified and experienced in conducting securities class action litigation.

Additionally, Lead Plaintiff does not have interests that are antagonistic to those of the proposed Class. "[C]ourts generally deny certification on inadequacy grounds 'only [ ] in the most extreme instances.'" *Set Cap. II*, 2024 WL 895084, at \*3; *Bank of Am.*, 2022 WL 2829880, at \*19

(same).  To defeat certification, a conflict between the Lead Plaintiff and the proposed class must be "fundamental" and "go to the 'very heart of the litigation.'"  *Id*.  Courts often find adequacy met where, like here, "[p]laintiffs' claims and the proposed class' claims arise from the same misconduct and involve the same legal theories."  *Set Cap. I*, 2023 WL 2535175, at *9.  Accordingly, Lead Plaintiff is adequate because "Plaintiff's interests are aligned with those of the proposed class members, who were all injured by the same misleading statements."  *Venkataraman*, 2024 WL 4345571, at *3.  Additionally, "[t]here is no indication of any antagonism or conflict of interest between the Lead Plaintiffs and the absent class members."  *In re Perrigo Co. PLC Sec. Litig.*, 493 F. Supp. 3d 291, 294 (S.D.N.Y. 2020).  Moreover, Lead Plaintiff SHEPP is "an institutional investor of the type 'unequivocally' preferred as lead plaintiff by the Private Securities Litigation Reform Act[.]"  *MF Glob. Holdings*, 310 F.R.D. at 237; *see also* Peters Decl. ¶2.  Accordingly, the adequacy requirement of Rule 23(a) is met here as well.

### C. The Proposed Class Satisfies the Requirements of Rule 23(b)(3)

In addition to Rule 23(a), this action also satisfies the requirements for class certification under Rule 23(b)(3) because common questions of law or fact predominate over individual questions, and class action treatment is superior to other available methods of adjudication.

#### 1. Common Questions of Law or Fact Predominate over Any Individualized Questions

First, "questions of law or fact common to class members predominate over any questions affecting only individual members."  Rule 23(b)(3).  "'Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'"  *Waggoner*, 875 F.3d at 93 (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)).  In assessing predominance, "courts focus on the

liability issue," and predominance is met where "liability can be determined on a class-wide basis, even when there are some individualized damage issues." *MetLife*, 2017 WL 3608298, at \*14 (citing *In re NTL, Inc. Sec. Litig.*, 2006 WL 330113, at \*12 (S.D.N.Y. Feb. 14, 2006)).

Here, Defendants' liability under the Securities Act presents common questions capable of generalized proof. As this Court explained in its order denying in part Defendants' motion to dismiss, "Sections 11, 12(a)(2), and 15 of the Securities Act impose liability on certain participants in a registered securities offering when the publicly filed documents used during the offering contain material misstatements or omissions." *Saskatchewan Healthcare Emp.'s Pension Plan v. KE Holdings Inc.*, 718 F. Supp. 3d 344, 391-92 (S.D.N.Y. 2024) (Woods, J.) (citing *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010)). Further, Securities Act claims "have no requirements of 'scienter, reliance, or loss causation.'" *In re NIO*, 2023 WL 5048615, at \*10.

Accordingly, demonstrating liability under each of Lead Plaintiff's claims will be done through generalized proof that the Registration Statement's stated store and agent counts were false and misleading, and that the misstated store and agent counts were material to the investing public. *See AMC*, 338 F.R.D. at 214 ("the two major issues regarding Defendants' liability . . . are issues that require only generalized proof"). These "common class-wide issues of whether the Registration Statement contained any misleading misstatements or omissions, and whether any such misstatements or omissions were material, 'are central to claims under sections 11 and [15]' of the Securities Act and 'predominate over any individual questions.'" *Nayani*, 2023 WL 6311475, at \*3 (alterations in original) (quoting *In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 86 (S.D.N.Y. 2018) (applying the same reasoning to claims under 12(a)(2)). This is precisely why, as the Supreme

Court observed, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud[.]" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Moreover, Defendants' affirmative defenses set out in each of their answers to the TAC each raise additional common questions, further confirming that common questions will predominate in this action. Many of the affirmative defenses raise issues of fact and law solely concerning Defendants' conduct, and are thus susceptible to generalized proof. *See, e.g.*, KE Ans. at 44-46 (no actionable or material misstatement or omission, no duty to disclose the alleged omissions, good faith); UW Ans. at 52-59 (no false or misleading statements, statements are inactionable puffery or opinion, forward-looking statements, no duty to disclose or correct misstatements, misstatements were not material, good faith, Underwriter Defendants had no knowledge of misstatements, due diligence, Underwriter Defendants did not believe offering documents contained misstatements, good faith, reasonable reliance); De Vries Ans. at 46-49 (no actionable or material misstatement or omission, no duty to disclose the alleged omissions, good faith, reasonable reliance, due diligence, agency). Other affirmative defenses concern the relationship between Defendants' misstatements and the market price of KE Holdings' ADSs, and therefore also present common questions capable of class-wide resolution. *See, e.g.*, KE Ans. at 47 (superseding or intervening events, negative causation, market factors); De Vries Ans. at 48-49 (same); UW Ans. at 53, 55 (misstatements did not affect market price of ADSs, damages not caused by misstatements). Additionally, Defendants' affirmative defenses based on investors' knowledge of the true facts also raise common questions capable of generalized proof. *See, e.g.*, UW Ans. at 55 (plaintiffs knew or should have known, truth on the market). "[N]ews stories and other publicly available information raise 'issues of knowledge, actual or constructive, subject to generalized proof,' and apply to the whole class." *Set Cap. I*, 2023 WL 2535175, at *10.

- 13 -

Any affirmative defenses that arguably raise individualized questions—such as traceability or damages—do not defeat predominance. "[A]lthough 'traceability may require individualized inquiries, the potential for such inquiries alone does not defeat predominance' because the liability issue, which involves the class-wide issue of whether the [Registration Statement] contain[s] material misstatements and omissions as alleged by Plaintiffs, 'clearly predominates over individualized tracing inquiries.'" *Set Cap. I*, 2023 WL 2535175, at \*10 (quoting *In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 61 (S.D.N.Y. 2013)); *see also AMC*, 338 F.R.D. at 215 ("the 'liability issue clearly predominates over individualized tracing inquiries,' which will arise only if and when liability has been determined"). Further, "[a]pplying the statutory formula in Section 11 of the Securities Act to individual class member claims after liability is determined would not predominate, so this is an insufficient basis on which to deny class certification." *In re NIO*, 2023 WL 5048615, at \*16; *see also IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. at 242 (discussing knowledge, reliance, damages, falsity, materiality, due diligence and loss causation, and finding that "issues subject to generalized proof significantly predominate over any individualized considerations that are likely to arise in this case").

### 2. A Class Action Is Superior to Other Available Methods for Pursuing Claims Against Defendants

Second, "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). In assessing superiority, "Courts analyze: (1) 'the interest of the class members in maintaining separate actions'; (2) 'the extent and nature of any litigation concerning the controversy already commenced by or against members of the class'; (3) 'the desirability or undesirability of concentrating the litigation of the claims in the particular forum'; and (4) 'the difficulties likely to be encountered in the management of a class action.'" *Set Cap. I*, 2023 WL 2535175, at \*9 (quoting *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 230

(2d Cir. 2006)).  Each of these factors militate in favor of a class action as the superior method for fairly and efficiently adjudicating this case.

First, the class consists of hundreds, if not thousands, of geographically dispersed investors who purchased KE Holdings ADSs in the SPO.  In such circumstances, "the cost of pursuing individual litigation to seek recovery is often not feasible[.]"  *Nayani*, 2023 WL 6311475, at *3.  "'[T]he alternatives are either no recourse for thousands of stockholders or a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake.'"  *Set Cap. I*, 2023 WL 2535175, at *10 (quoting *MF Glob. Holdings*, 310 F.R.D. at 239).

Second, Lead Plaintiff is unaware of any related securities actions brought by Class members.[6]  In any event, "even if some members of the putative class have instituted their own actions or are capable of doing so, others may have suffered losses too small for an individual action to be worthwhile or may lack the resources to pursue litigation."  *New Jersey Carpenters Health Fund*, 2016 WL 7409840, at *11; *see also AMC*, 338 F.R.D. at 217 ("although a large number of individuals may have been injured, no one person may have been damaged to a degree which would induce him to institute litigation solely on his own behalf") (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 352 (S.D.N.Y. 2015)).

Third, concentrating securities claims in this particular forum is far more desirable than the proliferation of individual lawsuits.  Because the alleged misconduct at issue affects hundreds, if not thousands, of geographically dispersed investors, class treatment will "'achieve significant economies of time, effort and expense, and promote uniformity of decision.'"  *Nayani*, 2023 WL 6311475, at *3 (quoting *Food Service Inc.*, 729 F.3d at 130).  "As in most securities cases, the large size of the class would make 'multiple lawsuits costly and inefficient[.]'"  *Venkataraman*, 2024 WL

---

[6]    *See* Ex. B at 169 (excerpts from KE Holdings' Form 20-F filed with the SEC, dated April 26, 2024).

4345571, at *4. Moreover, "[c]ourts in this district are also 'well known to have expertise in securities law.'" *New Jersey Carpenters Health Fund*, 2016 WL 7409840, at *11 (quoting *In re Marsh*, 2009 WL 5178546, at *12).

Fourth, Lead Plaintiff does not foresee any difficulties that would preclude this action from being maintained as a class action. "[A]s a general mater, many courts have held in securities cases like this one, that class actions are generally superior to individual cases." *Sjunde AP-Fonden*, 2024 WL 1497110, at *25 (collecting cases); *see also Gruber*, 2019 WL 4439415, at *9. "This is because there are many shareholders in the class with small claims who may not be able to prosecute their case as easily or efficiently absent the class mechanism." *Id.*; *see also Venkataraman*, 2024 WL 4345571, at *4. And "[g]iven the dispersed nature of the class, aggregate adjudication is superior to piecemeal litigation." *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 328 F.R.D. 86, 100 (S.D.N.Y. 2018); *see also New Jersey Carpenters Health Fund*, 2016 WL 7409840, at *11 ("[r]equiring each putative class member to proceed individually would be costly and inefficient"). "There is no reason this case should be treated differently than other securities fraud cases that are certified." *Sjunde AP-Fonden*, 2024 WL 1497110, at *25.

For these reasons, a class action is superior to other available methods for adjudicating the controversy.

### D.    The Proposed Class Is Ascertainable

The proposed class meets the Second Circuit's requirement that members of a class be ascertainable. Ascertainability "does not demand that a court determine whether the proposed class is administratively feasible"—but instead "only asks whether the class can be 'defined using objective criteria that establish a membership with definite boundaries.'" *Set Cap I*, 2023 WL 2535175, at *11 (citing *Petrobras*, 862 F.3d at 264). The requirement "is not demanding" and is meant "only to prevent the certification of a class whose membership is truly indeterminable."

- 16 -

*Facebook*, 312 F.R.D. at 353.  Here, the proposed Class definition provides objective criteria to establish membership with definite boundaries.  *Set Cap I*, 2023 WL 2535175, at \*11 (finding that "'all persons and entities that purchased or acquired [securities] pursuant to or traceable to [the] Offering documents, and were damaged thereby'—satisfies the ascertainability requirement"); *see also Deutsche Bank*, 328 F.R.D. at 85 (class defined by purchases "pursuant or traceable to [] public offerings" was "easily ascertained by objective documentation").

### E.    Lead Plaintiff's Choice of Class Counsel Satisfies the Requirements of Rule 23(g)

Rule 23(g)(1) requires that "a court that certifies a class must appoint class counsel." Rule 23(g)(1) further provides that, in appointing class counsel, the Court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"  Rule 23(g)(1)(A)(i)-(iv).

First, counsel in this action has demonstrated its willingness to rigorously investigate and pursue claims in this action.  Despite the limitations presented by foreign law, as well as the difficulties in investigating claims in China in the midst of COVID-19 lockdowns, counsel in this action conducted its investigation to the best of its ability, and submitted three separate amended complaints, each laying out potential claims in detail.

Further, Robbins Geller has extensive experience successfully litigating securities class actions in this District and throughout the country, as evidenced by the Robbins Geller Firm Résumé (Ex. C).  Accordingly, Robbins Geller "is qualified to serve as class counsel[,] . . . has substantial experience in securities class actions . . . and has been found adequate in a multitude of cases." *Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 127 (S.D.N.Y. 2023) (citing *Carpenters*

*Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015) (collecting cases in which Robbins Geller has been approved as class counsel)), *leave to appeal denied*, No. 23-1350, 2024 WL 748759 (2d Cir. Feb. 21, 2024); *see also AMC*, 338 F.R.D. at 213 (Robbins Geller is a "sophisticated law firm[] with considerable experience in complex securities cases, [and is] therefore 'qualified, experienced and generally able to conduct the litigation'").

## V.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court: (i) certify this case as a class action under Rules 23(a) and (b)(3); (ii) appoint it to serve as Class Representative; and (iii) appoint Robbins Geller to serve as Class Counsel under Rule 23(g).

DATED:  November 1, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
BRENT E. MITCHELL

*/s/ Erin W. Boardman*
ERIN W. BOARDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
bmitchell@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*