# Exhibit G

0716CHIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

KEITH CHIN, et al.,

                Plaintiffs,

          v.                          21 CV 11196(GHW)
                                      Teleconference
KE HOLDINGS INC., et al.,

                Defendants.

-------------------------------x
                                      New York, N.Y.
                                      July 1, 2024
                                      4:00 p.m.

Before:

                    HON. GREGORY H. WOODS,

                                      District Judge

                         APPEARANCES

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Plaintiffs
BY:  ERIN W. BOARDMAN
     BRENT E. MITCHELL

O'MELVENY & MYERS LLP
     Attorneys for Defendant KE Holdings, Inc.
BY:  JONATHAN ROSENBERG
     B. ANDREW BEDNARK
     WILLIAM KA HING PAO

GOODWIN PROCTER LLP
     Attorneys for Defendant Underwriters
BY:  DOUGLAS H. FLAUM
     GABRIELLE L. GOULD
     NICHOLAS R. FRANCO

(The Court and all parties appearing telephonically)

THE COURT:  What I'd like to do is begin by taking appearances from the parties.  If there's more than one lawyer on the line for any party, I'd like to ask for the principal spokesperson for that party or parties to identify him or herself and the members of their team rather than having each lawyer introduce themselves individually.

So let me begin, if I can, for counsel for plaintiff.

Who is on the line for plaintiff?

MS. BOARDMAN:  Good afternoon, your Honor.  This is Erin Boardman from Robbins Gellar Rudman & Dowd.  And also on the line from Robbins Gellar Rudman & Dowd is Brent Mitchell.

THE COURT:  Thank you.

Who is on the line for KE Holdings and related associates?

MR. ROSENBERG:  Good afternoon, your Honor.

Jonathan Rosenberg from O'Melveny & Meyers.  With me are my partners, Will Pao and Andy Bednark.

THE COURT:  Good.  Thank you.

And who is on the line for the underwriter defendants?

MR. FLAUM:  Good afternoon, your Honor.

Douglas Flaum from Goodwin Procter.  And along with me are two of my colleagues, Gabrielle Gould and Nicholas Franco.

THE COURT:  Good.  Thank you.

What I'd like to do is begin with just a few brief

0716CHIC

application, motion can be made in the future for potential modifications to the complaint.  But, again, the default rule should not be, in my view, that we will expect amendments to the complaint following the close of fact discovery.

So, counsel for plaintiff, any additional comments on this?  And then it will help me determine what the appropriate amount of time is to permit modifications.

MS. BOARDMAN:  Well, yes, your Honor.  I think the 30-day default, we won't even have received defendant's responses and objections to our document requests by then.  So, I mean, if we are to find additional facts in discovery that we think assist our claims or assist in adding new claims or are probative of additional statements that were dismissed, being false and misleading, we would not delay adding those allegations.  We will certainly make a motion to the Court in an expeditious manner.

I am just concerned that we're foregoing our ability to do that with the default rule that's in the Court's order. We're certainly open to a shorter deadline if that would be more agreeable to the Court.

THE COURT:  Fine.  We'll come back to this.

Counsel for plaintiff, let me hear from you about an issue that's raised in the joint letter related to the timing for any class certification motions and the letter the parties proposed setting a schedule now for motions for class

0716CHIC

certification.  It's proposed that motion be brought within about four months from now.

Let me hear from you, counsel for plaintiff, about your views regarding the timing for that motion.  I will hear from the defendants about the same topic.

Counsel.

MS. BOARDMAN:  Yes.  Thank you, your Honor.

This is Erin Boardman from Robbins Gellar.

We put the November 1 deadline four months out.  We think it's a reasonable compromise with defendants.  We initially had a later date, and after conferring with defendants and exchanging multiple proposals, we agreed on this date as a compromise.  I think it strikes a good balance, and it does class certification at an appropriate time in the schedule where discovery will have commenced but we won't be too far along.

So this date was a compromise between the parties.  We think it's reasonable, and we also think the spacing of the class certification briefing is typical and reasonable in this type of case.

THE COURT:  Good.  Thank you.

Counsel for plaintiff, is there anything else you'd like to tell me about the scheduling issues raised in the joint letter or the proposed case management plan and scheduling order?

0716CHIC

MS. BOARDMAN:  Nothing at this time, your Honor.

THE COURT:  Thank you.

Counsel for first the company defendant, let me hear from you.

What, if anything, do you want to tell me about the proposed case management plan and scheduling order, and the other deadlines included in the joint pretrial conference letter?

MR. ROSENBERG:  Thank you, your Honor. Jonathan Rosenberg.

One of the major driving factors as set forth in the parties' joint letter is the restrictions and uncertainty regarding Chinese law.  There are three sets of Chinese statutes that apply here, that is, security law, the personal information protection law, and the guarding state secrets law; all of them imposing swift penalties, potential suspensions of ability to do business, and in some cases, criminal penalties for violations.

The data security law is the broadest.  It applies to any data in mainland China.  And most of the discovery in this case on the merits is in mainland China.  So the requirement under that statute is before you can produce anything, you have to get the approval of the Chinese government, which in the past, has been a very long process, which accounts for the relatively extended discovery cutoff that the parties agreed

0716CHIC

to.

There still is uncertainty with respect to even that date.  There are no laws for implementing this requirement. There used to be a practice of the Ministry of Justice in the PRC accepting applications to deliver data across the border, but that practice appears to have ended in the beginning of 2023.  But we have retained PRC counsel, and they will be helping us to do these various reviews and to submit the material as required to the Chinese government.

In the meantime, however, we will also be working on whatever discovery that's in the U.S. that can be produced. And a lot of that will apply to class certification.  And we think that is a case in which there will be a meaningful opposition to class certification on several grounds, including the tracing issue that we identified in the motion to dismiss. And the Court said, that's a matter for discovery.

Part of what we're going to be doing before the deadline for the motion for class certification in November is collecting whatever discovery we can.  With respect to the trading and the purchases that plaintiffs made, we believe there's a good prospect that plaintiff won't be able to show tracing or purchasing in the offering as required under Section 11 and Section 12(a)(2), but that will be something that we can pursue on a parallel track while we're also pursuing merits, discovery, and dealing with the mainland China