UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: _10/24/2025__ |

---------------------------------------------------------------x

KEITH CHIN, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiff,

     vs.

KE HOLDINGS INC., COLLEEN A. DE
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,
MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC, GOLDMAN
SACHS & CO. LLC and CHINA
RENAISSANCE SECURITIES (US) INC.,

                        Defendants.

---------------------------------------------------------------x

Civil Action No. 1:21-cv-11196-GHW-BCM

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM
AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON
FINAL APPROVAL OF SETTLEMENT

**WHEREAS:**

A.       On September 8, 2025, Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiff" or "SHEPP"), on behalf of itself and all other Settlement Class Members, on the one hand, and KE Holdings Inc. ("KE Holdings" or the "Company") and Colleen A. De Vries (the "KE Holdings Defendants"), and Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc. (the "Underwriter Defendants" and, together with the KE Holdings Defendants, "Defendants"), on the other hand, entered into a Stipulation of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein (the "Settlement");

B.       The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.       The Parties to the Stipulation have consented to the entry of this Order;

D.       All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation; and

E.       The Court preliminarily finds that:

(a)       the Settlement resulted from informed, good-faith, extensive, arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)       the proposed Settlement eliminates risks to the Parties of continued litigation;

(c)       the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Settlement Class;

(d)    the Settlement does not provide for excessive compensation to Lead Counsel; and

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 24th day of October, 2025, that:**

1.    The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the proposed Settlement should be approved as: the result of serious, extensive arm's-length and non-collusive negotiations; falling within a range of reasonableness warranting final approval; having no obvious deficiencies; and warranting notice of the proposed Settlement to Settlement Class Members, subject to further consideration of the Settlement at the Settlement Hearing described below.

2.    Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, preliminarily and for purposes of this Settlement only, the Action is hereby certified as a class action on behalf of all Persons that purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings between November 19, 2020 and March 10, 2022, inclusive (the "Settlement Class Period"), or traceable to the Follow-On Offering's registration statement. Excluded from the Settlement Class are Defendants, the Former Defendants, the officers and directors of KE Holdings and the Underwriter Defendants (at all relevant times), members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant or Former Defendant has a controlling interest; provided, however, that, notwithstanding anything set forth above, any Investment Vehicle shall not be excluded from the

- 2 -

Settlement Class.  Also excluded from the Settlement Class are those Persons who would otherwise be a Settlement Class Member who properly exclude themselves by submitting a valid and timely request for exclusion.

3.      The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Lead Plaintiff's claims are typical of the claims of the Settlement Class it seeks to represent; (iv) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, SHEPP is preliminarily certified as the Settlement Class Representative and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Settlement Class Counsel.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, on February 27, 2026, at 10:00 a.m., for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the

Released Plaintiff Parties of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine whether the release by the Released Defendant Parties of the Released Defendants' Claims, as set forth in the Stipulation, should be provided to the Released Plaintiff Parties;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further individual notice to the Settlement Class Members.  Any such changes shall be posted on the website of the Claims Administrator and on the docket for this case.

7.    The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to the Settlement Class

practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise potential Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, the PSLRA, and the Rules of this Court.

8.     Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by KE Holdings as set forth in the Stipulation, all fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Released Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

9.     The Court approves the retention of Verita Global as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto (the "Claims Packet"), to be mailed, by first-class mail, postage prepaid, or emailed where email addresses are available, on or before twenty-one (21) calendar days after entry of this Order ("Notice Date"), to all potential Settlement Class Members who can be identified with reasonable effort. KE Holdings shall obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel, the Claims Administrator, or the Settlement Fund, within fourteen (14) calendar days after entry of this Order, records from KE Holdings' depository bank in electronic searchable form, showing the names and addresses (including email addresses where available) of registered KE Holdings ADS holders who or which purchased or otherwise acquired KE Holdings

ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement to the extent such information is reasonably available to KE Holdings or its depository bank.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or otherwise acquired KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement as record owners but not as beneficial owners. Such nominees shall either: (a) within ten (10) calendar days of receipt of the Claims Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Claims Packet promptly to such identified beneficial owners; or (b) within fourteen (14) calendar days of receipt of the Claims Packet, request from the Claims Administrator sufficient copies of the Claims Packet to forward to all such beneficial owners and within fourteen (14) calendar days of receipt of those Claims Packets from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Claims Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names,

addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Claims Packet mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Packet sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Claims Packet.

12.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over a national newswire service within seven (7) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13.     Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or submitted online no later than February 12, 2026.

Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 16 of this Order. Notwithstanding the foregoing, Lead Counsel may in its discretion, accept late-submitted Claim Forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion.

(b) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; if the Person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any member of the Settlement Class does not enter an appearance, he, she, or it will be represented by Lead Counsel.

16.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail, postage prepaid, or otherwise deliver to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and any e-mail contact information of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)" and must be signed and submitted by the beneficial owner requesting exclusion or an authorized representative.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number of shares of all purchases, acquisitions, or sales of KE Holdings ADS they made during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, and the number of KE Holdings ADS they held as of the close of trading on March 10, 2022.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.     Lead Counsel or the Claims Administrator shall cause to be provided to KE Holdings Defendants' Counsel copies of all requests for exclusion, promptly upon receipt and as expeditiously as possible, and in any event, no later than three (3) calendar days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier.

19.     Any potential Settlement Class Member who or which does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses.  Any objections must: state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; state whether the objector is objecting to the proposed Settlement, the Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses in *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.); state the objections and specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of KE Holdings ADS purchased or acquired during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, as well as the dates and prices of each such purchase or acquisition, along with any sale; and identify all class action settlements to which the objector and his, her, its, or their counsel have objected in the prior five (5) years.  The Court will consider any potential Settlement Class Member's objection to the Settlement,

the Plan of Allocation, and/or the application for an award of attorneys' fees or Litigation Expenses only if such Person has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Defendants' Counsel: B. Andrew Bednark, O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, and Douglas H. Flaum and Gabrielle L. Gould, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018; and has filed, either by mail or in Person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Any potential Settlement Class Member who does not make his, her, its, or their objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and Litigation Expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.    Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

21.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

22.    As provided in the Stipulation, prior to the Effective Date, Lead Counsel may expend reasonable fees and costs, associated with giving notice to Settlement Class Members and the review of claims and administration of the Settlement out of the Settlement Fund.

23.    All papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and Litigation Expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  Reply briefs are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.    No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.    All funds held in escrow in connection with the Settlement shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

26.    Neither Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation nor any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 5, 2025.

28.    Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall constitute, be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class Members, or the validity of any claim that has been or could have been asserted in this Action or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any Person or entity whatsoever; (b) shall constitute, be offered or received against or to the prejudice of (i) any of the Released Plaintiff Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or (ii) Lead Plaintiff, or any

other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff, or the other Settlement Class Members; (c) shall constitute, be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other Settlement Class Member, or their respective counsel, as evidence of any presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (d) shall constitute or be construed against any of the Released Defendant Parties, Lead Plaintiff, or any other Settlement Class Member, as an admission or concession that the consideration to be given represents the amount that could be or would have been recovered after trial; and (e) shall constitute or be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any other Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Operative Complaint and all other complaints filed in this Action would not have exceeded the Settlement Amount.

29.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 24th day of October, 2025

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

KEITH CHIN, Individually and on Behalf of
All Others Similarly Situated,

                     Plaintiff,

   vs.

KE HOLDINGS INC., COLLEEN A. DE
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,
MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC, GOLDMAN
SACHS & CO. LLC and CHINA
RENAISSANCE SECURITIES (US) INC.,

                     Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:21-cv-11196-GHW-BCM

NOTICE OF PENDENCY OF CLASS
ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND
EXPENSES

EXHIBIT 1

If you purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings Inc. ("KE Holdings" or the "Company") between November 19, 2020 and March 10, 2022, inclusive, or traceable to the Follow-On Offering's registration statement, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4.95 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.53 per allegedly damaged ADS before deductions for awarded attorneys' fees and Litigation Expenses, and $0.34 per allegedly damaged ADS after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement will resolve a putative class action, *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.), led by Court-appointed Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiff" or "SHEPP"), on behalf of the Settlement Class (defined below), against KE Holdings and Colleen A. De Vries (the "KE Holdings Defendants"), and Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc. (the "Underwriter Defendants" and, together with the KE Holdings Defendants, "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |

---

[1] The terms of the Settlement are in the Stipulation of Settlement, dated September 8, 2025 (the "Stipulation"), which can be viewed at www.KEHoldingsSecuritiesSettlement.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options – **and the deadlines to exercise them –** are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ........................................... Page __
Why did I get this Notice? .............................................. Page __
How do I know if I am part of the Settlement Class? ......... Page __
Are there exceptions to being included? ......................... Page __
Why is this a class action? ............................................ Page __
What is this case about and what has happened so far? ...... Page __
What are the reasons for the Settlement? ........................ Page __
What does the Settlement provide? ................................. Page __
How can I receive a payment? ....................................... Page __
What am I giving up to receive a payment and by staying in the
  Settlement Class? ..................................................... Page __
How do I exclude myself from the Settlement Class? ......... Page __
If I do not exclude myself, can I sue Defendants and the other
  Released Defendant Parties for the same reasons later? ..... Page __
Do I have a lawyer in this case? .................................... Page __
How will the lawyers be paid? ....................................... Page __
How do I tell the Court that I do not like something about the
  proposed Settlement? ................................................ Page __
What is the difference between objecting and seeking exclusion? ... Page __
When and where will the Court decide whether to approve the
  Settlement? ............................................................. Page __
Do I have to come to the Settlement Hearing? ................. Page __
May I speak at the Settlement Hearing? .......................... Page __
What happens if I do nothing at all? .............................. Page __

Are there more details about the Settlement?                          Page __
How will my claim be calculated?                                     Page __
Special notice to securities brokers and nominees.                   Page __

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,950,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's damages consultant's estimate of the number of KE Holdings' ADSs eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.53 per allegedly damaged ADS.  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.34 per allegedly damaged ADS.

**These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates**.  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many KE Holdings ADS the Settlement Class Member purchased or acquired in the Follow-On Offering or traceable to the Follow-On Offering's registration statement; and (iv) whether and when the Settlement Class Member sold KE Holdings ADS.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff prevailed on each claim.  The issues that the Parties disagree about include, for example: whether Defendants made any misstatements or omission of material facts that are actionable under the federal securities laws; and whether Lead Plaintiff or the Settlement Class have suffered any legally cognizable damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 33-1/3% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $125,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.19 per allegedly damaged KE Holdings ADS.  A copy of the Fee and Expense Application will be posted on www.KEHoldingsSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to

- 4 -

prove the remaining allegations in the Operative Complaint; the risk that the Court may deny Lead Plaintiff's class certification motion or grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.     For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.     Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, www.rgrdlaw.com, settlementinfo@rgrdlaw.com, 1-800-449-4900.

8.     Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: toll free at 1-888-808-1457, or visit the website, www.KEHoldingsSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.     Why did I get this Notice?**

9.     The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired KE Holdings ADS during the period from November 19, 2020 through March 10, 2022, inclusive (the "Settlement Class Period"), or traceable to the Follow-On Offering's registration statement. **Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a**

**payment, you are required to submit the Claim Form that is being distributed with this Notice.**
*See* **Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Chin v. KE Holdings Inc., et al.*, Civil Action No. 1:21-cv-11196-GHW-BCM.  The Action is assigned to the Honorable Gregory H. Woods, United States District Judge.

**2.    How do I know if I am part of the Settlement Class?**

12.    The Court has directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All Persons that purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings (i) between November 19, 2020 and March 10, 2022, inclusive, or (ii) traceable to the Follow-On Offering's registration statement.**

13.    If one of your mutual funds purchased or acquired KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement.  Check your investment

records or contact your broker to see if you have any eligible purchases.  The Parties do not independently have access to your trading information.

### 3.    Are there exceptions to being included?

14.    Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: Defendants, the Former Defendants, the officers and directors of KE Holdings and the Underwriter Defendants (at all relevant times), members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant or Former Defendant has controlling interest; provided, however, that, notwithstanding anything set forth above, any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

### 4.    Why is this a class action?

15.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all members of the class at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Saskatchewan Healthcare Employees' Pension Plan to serve as Lead Plaintiff and has appointed Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

### 5.    What is this case about and what has happened so far?

16.    KE Holdings claims to be the leading integrated online and offline platform for housing transactions and services in China.  KE Holdings conducted an initial public offering on the

New York Stock Exchange on August 13, 2020, selling 121.9 million of its ADSs at $20.00 per ADS.  Three months later, KE Holdings conducted a follow-up offering on November 19, 2020, selling at $58 per ADS, raising more than $2.3 billion.  In the Action, Lead Plaintiff alleged that the Offering Documents for the Follow-On Offering misrepresented the number of stores and agents on KE Holdings' platform.  At the time the initial complaint was filed, KE Holdings ADSs traded at $20.19 per ADS.

17.    On December 30, 2021, the above-captioned action was filed in the United States District Court for the Southern District of New York (the "Court") alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act").

18.    By Order dated March 29, 2022, the Court appointed: (1) SHEPP as Lead Plaintiff; and (2) its chosen counsel, Robbins Geller Rudman & Dowd LLP, as Lead Counsel.

19.    On June 17, 2022, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Exchange Act.

20.    Prior to filing the Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, KE Holdings earnings call transcripts, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) other publicly available information and data concerning the Company; and (iv) the applicable law governing the claims and potential defenses.

21.     On July 26, 2022, Defendants filed their pre-motion to dismiss letter.  Lead Plaintiff filed its response on July 29, 2022.  On August 10, 2022, the Court held a telephonic hearing to discuss the pre-motion to dismiss letters.

22.     On September 23, 2022, Defendants filed their motion to dismiss the Complaint.  On November 7, 2022, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss, and, on December 7, 2022, Defendants filed their reply memorandum of law.

23.     On February 26, 2024, the Court granted in part and denied in part Defendants' motion to dismiss.  The Court granted the motion with respect to Lead Plaintiff's Exchange Act claims, and granted in part and denied in part the motion with respect to Lead Plaintiff's Securities Act claims.  On March 18, 2024, Lead Plaintiff filed its Second Amended Complaint.

24.     On April 1, 2024, Defendants filed their request for a pre-motion to dismiss conference.  The Court granted the request on April 2, 2024, and held the conference on April 10, 2024.

25.     On May 8, 2024, the Parties filed a joint letter regarding a proposed Third Amended Complaint (the "Operative Complaint").

26.     On May 10, 2024, the Court granted leave to file the Operative Complaint, and on May 13, 2024, Lead Plaintiff filed the Operative Complaint.  Defendants answered the Operative Complaint on June 17, 2024.

27.     The Court held the Initial Pre-Trial Conference on July 1, 2024, and entered the Civil Case Management Plan and Scheduling Order.

28.     On July 15, 2024, the Parties served initial disclosures and requests for the production of documents.  On August 14, 2024, the Parties served their responses and objections to the initial requests for production.

- 9 -

29.    On October 24, 2024, Magistrate Judge Moses held a status conference with the Parties.

30.    On October 24, 2024, Lead Plaintiff voluntarily dismissed, without prejudice, its claims against defendants China Renaissance Securities (Hong Kong) Limited, Peng Yongdong, Xu Tao, Shan Yigang, Bao Fan, Li Zhaohui, and Chen Xiaohong (the "Former Defendants").

31.    On November 1, 2024, Lead Plaintiff filed its motion for class certification, and on December 20, 2024, Defendants filed their opposition to the motion for class certification.

32.    The Parties began exploring the possibility of a settlement in early 2025. Specifically, the Parties agreed to engage in mediation and subsequently retained David M. Murphy, Esq., to act as mediator in the Action.

33.    On March 27, 2025, Lead Counsel and KE Holdings Defendants' Counsel participated in a full-day mediation session before the Mediator.  In advance of the mediation, Lead Plaintiff and KE Holdings submitted detailed opening and reply mediation statements to the Mediator, which addressed both liability and damages issues.  The Parties negotiated in good faith at the March 27, 2025 mediation, but no agreement was reached.  Following additional negotiations facilitated by the Mediator, the Parties ultimately accepted the Mediator's proposal to settle the Action for $4.95 million, subject to the execution of a "customary long form" stipulation of settlement and related papers.  On April 24, 2025, the Parties notified the Court of the Settlement and requested a stay of the Action, which was granted the same day.

34.    The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Parties.

35.    Lead Plaintiff, through Lead Counsel, conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Operative Complaint, including the

maximum amount of damages that Lead Counsel believes was potentially recoverable by the Settlement Class.  Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the immediate and significant monetary benefit that Settlement Class Members will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Lead Plaintiff and to the other Settlement Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

36.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all claims asserted or which could have been asserted in the Operative Complaint and all other complaints filed in this Action.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or Settlement Class Members, that they failed to disclose any material information to investors, that their public statements were false or misleading, or that Lead Plaintiff or Settlement Class Members have suffered any damages or were otherwise harmed by the conduct alleged in the Action.  Defendants have asserted, and continue to assert, that their conduct was, at all times, proper, that they acted, at all times, in good faith and in compliance with all applicable provisions of law, and that the claims asserted against Defendants are without merit.  In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.  Defendants entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Defendants have determined that it is desirable and beneficial to them that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

37.    The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Defendants with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.  Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

**6.    What are the reasons for the Settlement?**

38.    The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.    Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Operative Complaint and all other complaints filed in this Action, and specifically deny any wrongdoing and that they have committed

any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions or that any Settlement Class Member has suffered damages. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

### THE SETTLEMENT BENEFITS

**7.     What does the Settlement provide?**

40.     In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties, KE Holdings has agreed to cause a $4.95 million ($4,950,000) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.     How can I receive a payment?**

41.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www.KEHoldingsSecuritiesSettlement.com, or submit a claim online at www.KEHoldingsSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-888-808-1457.

42.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

**9.     What am I giving up to receive a payment and by staying in the Settlement Class?**

- 13 -

43.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiff's Claims"** means any and all claims (including Unknown Claims), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether class or individual, asserted or unasserted, dismissed or not dismissed, known or unknown, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule or regulation, that have been asserted, could have been asserted, or could be asserted in the future in this Action or any other action or in any other federal, state, or foreign court, tribunal, forum, or proceeding by the Lead Plaintiff or any Settlement Class Member, against any or all of the Released Defendant Parties that arise from or out of or are in connection with or are based upon, arise from, or related in any way to: (a) the allegations, transactions, offerings, facts, matters, events, acts, failures to act, occurrences, breaches of duty, statements, representations, misrepresentations, disclosures, omissions, or claims which were or could have been alleged in this Action; and (b) the purchase, acquisition, holding, sale, or disposition of American Depository Shares ("ADS") of KE Holdings that were purchased or otherwise acquired during the Settlement Class Period or traceable to the Follow-On Offering's registration statement. Released Plaintiff's Claims also include any and all claims (including Unknown Claims) arising out

of, relating to, or in connection with the Settlement or resolution of the Action. For the avoidance of doubt, Released Plaintiff's Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims of Persons who submit a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

(b)  **"Released Defendant Parties"** means Defendants, the Former Defendants, Defendants' and Former Defendants' respective former, current, and future parent entities, affiliates, and subsidiaries, each and all of their respective former, current, and future controlling Persons, officers, directors, partners, stockholders, employees, underwriters, auditors, consultants, agents, fiduciaries, predecessors, successors, trusts, trustees, trust beneficiaries, heirs, executors, estates, administrators, assigns, beneficiaries, distributees, foundations, joint ventures, general or limited partners, members, managers, managing members, attorneys, heirs, assigns, insurers, reinsurers, advisors (including, without limitation, financial and investment advisors), consultants, other affiliated Persons, representatives in their capacity as such, and (i) with regard to the Individual Defendant, her employer (*i.e.*, Cogency Global Inc.) and respective Immediate Family members, and (ii) with regard to any of the Former Defendants, their respective Immediate Family members.

(c)  "**Unknown Claims**" means any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties

stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each other Settlement Class Member and the Former Defendants shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss, and each Settlement Class Member and Former Defendants shall be deemed to have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, and upon the Effective Date and by operation of the Judgment shall have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members and the Former Defendants by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

44.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and a Judgment has been entered and has become Final.

45.     Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against Lead Plaintiff, the Settlement Class, and Lead Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

46.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  KE Holdings has the option to terminate the Settlement if a certain number of Settlement Class Members request exclusion.

**10.     How do I exclude myself from the Settlement Class?**

47.     To exclude yourself from the Settlement Class, you must mail by first class mail, postage prepaid, or otherwise deliver a signed letter stating that you request to be "excluded from the Settlement Class in *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, telephone number, and any e-mail contact information of the person or entity requesting exclusion; (ii) state the date(s), number of KE Holdings ADS, and dollar amount of each of the person's or entity's purchases, acquisitions, or sales of such ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, and the number of KE Holdings ADSs they held as of the close of trading on March 10, 2022; and (iii) be signed and

- 17 -

submitted by the beneficial owner requesting exclusion or an authorized representative. A request for exclusion must be mailed so that it is **received no later than _____, 2025**, at:

*KE Holdings Securities Settlement*
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

48.    The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The Claims Administrator and/or Lead Counsel may contact any Person filing a request for exclusion, or their attorney, to discuss the exclusion.

49.    This information is needed to determine whether you are a Settlement Class Member. Your exclusion request must comply with these requirements in order to be valid.

50.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

51.    No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2025.**

- 18 -

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

52.    Robbins Geller Rudman & Dowd LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

53.    Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than 33-1/3% of the Settlement Amount, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $125,000, plus accrued interest. In addition, Lead Plaintiff may request an award not to exceed $5,000 for its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

54.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider

your views, you must file a proper objection within the deadline, and according to the following procedures.

55.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)."  The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of KE Holdings ADS purchased or acquired during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, as well as the dates and prices of each such purchase or acquisition, and any sales.  The objection must also identify all class action settlements to which the objector and his, her, or its counsel have objected in the prior five (5) years.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than** _____**, 2025, *and*** be mailed or delivered to the following counsel so that it is **received no later than** _____**, 2025:**

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Robbins Geller Rudman & Dowd LLP**<br>Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | **O'Melveny & Myers LLP**<br>B. Andrew Bednark<br>1301 Avenue of the Americas<br>Suite 1700<br>New York, NY 10019<br>*Counsel to the KE Holdings Defendants*<br><br>-and-<br>**Goodwin Procter LLP**<br>Douglas H. Flaum<br>Gabrielle L. Gould<br>620 Eighth Avenue<br>New York, NY 10018<br>*Counsel to the Underwriter Defendants* |

56.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.    What is the difference between objecting and seeking exclusion?**

57.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the Settlement?**

58.    The Court will hold the Settlement Hearing on _____, 2025, at _____ _.m., in Courtroom 12C at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY  10007.

59.    At this hearing, the Honorable Gregory H. Woods will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses, including an award to Lead Plaintiff, is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

60.    The Court may change the date and time of the Settlement Hearing without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.KEHoldingsSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

**17.    Do I have to come to the Settlement Hearing?**

61.    No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2025**.

**18.     May I speak at the Settlement Hearing?**

62.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2025,** submit a statement that you, or your attorney, intend to appear in "*Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19.     What happens if I do nothing at all?**

63.     If you do nothing and you are a Settlement Class Member, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.     Are there more details about the Settlement?**

64.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case

during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

65.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.KEHoldingsSecuritiesSettlement.com. You may also call the Claims Administrator toll free at 1-888-808-1457 or write to the Claims Administrator at *KE Holdings Securities Settlement*, c/o Verita Global, P.O. Box 301171, Los Angeles, CA 90030-1171. **Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

66.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.KEHoldingsSecuritiesSettlement.com.

67.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. The Net Settlement Fund will be distributed to Settlement Class Members who timely submit valid Claim Forms that show a "Recognized Claim" according to

the proposed Plan of Allocation (or any other plan of allocation approved by the Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

68.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing.  To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages consultant.  This Plan is intended to be generally consistent with the statutory measure of damages under Section 11(e) of the Securities Act.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: the total number and value of claims submitted; when the claimant purchased or otherwise acquired KE Holdings ADS; and whether and when the claimant sold his, her, or its shares of KE Holdings ADS.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

69.    For purposes of determining whether a claimant has a "Recognized Claim," if a Settlement Class Member has more than one purchase, acquisition, or sale of KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, all purchases, acquisitions, and sales will be matched on a "First in First Out" (FIFO) basis.  Sales of

KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period or traceable to the Follow-On Offering's registration statement.

70.     A "Recognized Loss Amount" will be calculated for each purchase or acquisition of KE Holdings ADS during the Settlement Class Period from November 19, 2020 through March 10, 2022 or traceable to the Follow-On Offering's registration statement, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

71.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

72.     If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73.     Purchases, acquisitions, and sales of KE Holdings ADS will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant of shares of KE Holdings ADS by gift, inheritance, or operation of law

- 26 -

during the Settlement Class Period or traceable to the Follow-On Offering's registration statement will not be deemed an eligible purchase, acquisition, or sale of these shares of KE Holdings ADS for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such KE Holdings ADS unless (i) the donor or decedent purchased or acquired such KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of KE Holdings ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

74.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

75.    In the event that a claimant newly establishes a short position during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, the earliest subsequent Settlement Class Period purchase or purchase traceable to the Follow-On Offering's registration statement will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

76.    KE Holdings ADS is the only security eligible for recovery under the Plan of Allocation. With respect to KE Holdings ADS purchased or sold through the exercise of an option, the purchase/sale date of the KE Holdings ADS is the exercise date of the option and the purchase/sale price is the exercise price of the option.

77.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

78.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, nonprofit, non-sectarian 501(c)(3) organization(s) chosen by Lead Counsel.

79.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages consultant, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims

Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

80.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

81.    If you purchased or acquired KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice and Claim Form ("Claims Packet") promptly to such identified beneficial owners; or (b) request additional copies of the Claims Packet from the Claims Administrator, which will be provided to you free of charge, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt, mail the Claims Packet directly to all such beneficial owners.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Claims Packet mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Packet sent by email.  Those expenses will be paid upon request and submission

of appropriate supporting documentation and timely compliance with the above directives.  All

communications concerning the foregoing should be addressed to the Claims Administrator:

*KE Holdings Securities Settlement*
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171


Dated: _____, 2025                    BY ORDER OF THE UNITED STATES
                                                 DISTRICT COURT
                                                 SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x

KEITH CHIN, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

     vs.

KE HOLDINGS INC., COLLEEN A. DE
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,
MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC, GOLDMAN
SACHS & CO. LLC and CHINA
RENAISSANCE SECURITIES (US) INC.,

                         Defendants.

—————————————————— x

:    Civil Action No. 1:21-cv-11196-GHW-BCM
:
:    PROOF OF CLAIM AND RELEASE FORM
:
:    EXHIBIT 2
:
:
:
:
:
:
:
:
:
:
:
:
:

## I.       GENERAL INSTRUCTIONS

1.       To recover as a Settlement Class Member based on your claims in the action entitled *Chin v. KE Holdings Inc., et al.*, Civil Action No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.) (the "Action"),[1] you must complete and, on page _____ below, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.       **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.KEHOLDINGSSECURITIESSETTLEMENT.COM NO LATER THAN _____, 2025, OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*KE Holdings Securities Settlement*
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
Online submissions: www.KEHoldingsSecuritiesSettlement.com

3.       If you are a Settlement Class Member and you do not timely request exclusion in response to the Notice dated _____, 2025, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1]       This Proof of Claim and Release Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.KEHoldingsSecuritiesSettlement.com.

## II.    CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired KE Holdings Inc. ("KE Holdings") American Depository Shares ("ADS") during the period beginning November 19, 2020 through March 10, 2022, inclusive (the "Settlement Class Period") or traceable to the Follow-On Offering's registration statement and held the stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired KE Holdings ADS during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of KE Holdings ADS that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.      Use **Part II** of this form entitled "Schedule of Transactions in KE Holdings ADS" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

- 2 -

2.      On the schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of KE Holdings ADS, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of KE Holdings ADS.  The date of a "short sale" is deemed to be the date of sale.

5.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN KE HOLDINGS ADS.**

6.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at 1-888-808-1457 or info@keholdingssecuritiessettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI   Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                                                          State
ZIP/Postal Code

Foreign Country (only if not USA)                              Foreign County (only if not USA)

Social Security Number (last four digits only)  Taxpayer Identification Number (last four digits only)
OR

Telephone Number (home)                    Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
     Individual (includes joint owner accounts)          Pension Plan          Trust
     Corporation                                        Estate
     IRA/401K                                           Other _____ (please specify)

- 4 -

**PART II:    SCHEDULE OF TRANSACTIONS IN KE HOLDINGS ADS**

| 1.  HOLDINGS AT CLOSE OF TRADING ON NOVEMBER 18, 2020: |
|---|

**2. PURCHASES AND ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase or acquisition of KE Holdings ADS from after the opening of trading on November 19, 2020 through and including the close of trading on March 10, 2022 or traceable to the Follow-On Offering's registration statement.  (Must submit documentation.)

| Date of Purchase of Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale/disposition of KE Holdings ADS from after the opening of trading on November 19, 2020 through and including the close of trading on March 10, 2022 or traceable to the Follow-On Offering's registration statement.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4.  HOLDINGS ON DAY INITIAL COMPLAINT WAS FILED ON** – December 30, 2021.  If none, write "0" or "zero."  (Must submit documentation.) _____

**5. HOLDINGS AT THE CLOSE OF TRADING ON** – March 10, 2022.  If none, write "0" or "zero."  (Must submit documentation.) _____

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX |
|---|

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.     By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan

of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible KE Holdings ADS, if required to do so. I (We) have not submitted any other claim covering the same transactions in KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of KE Holdings ADS that occurred during the Settlement Class Period or traceable to the Follow-On Offering's registration statement and the number of ADS held by me (us) to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2025

_____          _____
Signature of Claimant                                              Type or print name of Claimant


_____          _____
Signature of Joint Claimant, if any                          Type or print name of Joint Claimant


_____          _____
Signature of person signing on behalf            Type or print name of person signing
of Claimant                                                                on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Please sign this Claim Form.

2.      DO NOT USE RED PEN OR HIGHLIGHTER ON THE CLAIM FORM OR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*KE Holdings Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
Online submissions: www.KEHoldingsSecuritiesSettlement.com

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
KEITH CHIN, Individually and on Behalf of  :  Civil Action No. 1:21-cv-11196-GHW-BCM
All Others Similarly Situated,             :
                                           :  SUMMARY NOTICE OF PENDENCY OF
                       Plaintiff,          :  CLASS ACTION, PROPOSED
                                           :  SETTLEMENT, AND MOTION FOR
        vs.                                :  ATTORNEYS' FEES AND EXPENSES
                                           :
KE HOLDINGS INC., COLLEEN A. DE            :  EXHIBIT 3
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,        :
MORGAN STANLEY & CO. LLC, J.P.             :
MORGAN SECURITIES LLC, GOLDMAN             :
SACHS & CO. LLC and CHINA                  :
RENAISSANCE SECURITIES (US) INC.,          :
                                           :
                       Defendants.         :
                                           :
———————————————————— x

TO:    ALL PERSONS AND ENTITIES WHO OR WHICH PURCHASED OR OTHERWISE ACQUIRED KE HOLDINGS INC. ("KE HOLDINGS") AMERICAN DEPOSITORY SHARES ("ADS") BETWEEN NOVEMBER 19, 2020 AND MARCH 10, 2022, INCLUSIVE, OR TRACEABLE TO THE FOLLOW-ON OFFERING'S REGISTRATION STATEMENT ("SETTLEMENT CLASS")

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan, on behalf of itself and all members of the proposed Settlement Class, and KE Holdings and Colleen A. De Vries (the "KE Holdings Defendants"), and Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc. (the "Underwriter Defendants" and, together with the KE Holdings Defendants, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $4,950,000 (the "Settlement").

A hearing will be held before the Honorable Gregory H. Woods on _____, 2025, at _____ .m., in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: approve the proposed Settlement as fair, reasonable, and adequate; dismiss the Action with prejudice as provided in the Stipulation of Settlement, dated September 8, 2025; approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing without providing another notice.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement website,

www.KEHoldingsSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT**. If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www.KEHoldingsSecuritiesSettlement.com, or by contacting the Claims Administrator at:

*KE Holdings Securities Settlement*
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171
www.KEHoldingsSecuritiesSettlement.com
1-888-808-1457

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
settlementinfo@rgrdlaw.com
1-800-449-4900

If you are a member of the Settlement Class, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2025*. If you are a member of the Settlement Class and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

- 2 -

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than* _____ \_\_, *2025***. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than* _____ \_\_, *2025***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2025          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF NEW YORK