UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-11196-GHW-BCM |
| | : | |
| | : | DECLARATION OF PAM PETERS IN |
| Plaintiff, | : | SUPPORT OF: (1) MOTION FOR FINAL |
| | : | APPROVAL OF PROPOSED SETTLEMENT |
| | : | AND APPROVAL OF PLAN OF |
| vs. | : | ALLOCATION; AND (2) MOTION FOR AN |
| | : | AWARD OF ATTORNEYS' FEES AND |
| KE HOLDINGS INC., COLLEEN A. DE | : | EXPENSES AND AN AWARD TO LEAD |
| VRIES, GOLDMAN SACHS (ASIA) L.L.C., | : | PLAINTIFF PURSUANT TO 15 U.S.C. §77z- |
| MORGAN STANLEY & CO. LLC, J.P. | : | 1(a)(4) |
| MORGAN SECURITIES LLC, GOLDMAN | : | |
| SACHS & CO. LLC and CHINA | : | |
| RENAISSANCE SECURITIES (US) INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

I, PAM PETERS, declare as follows:

1.      I am the Chief Financial Officer ("CFO") of Saskatchewan Healthcare Employees' Pension Plan ("SHEPP" or "Lead Plaintiff").  I have held this position since January 2025, and have been a key member of SHEPP's Finance team since 2017.  Prior to being appointed CFO, I served as Acting CFO, and before that, as Manager of Corporate Finance and Plan Liabilities.  I am familiar with how SHEPP, through the Board of Trustees, selects and monitors investment managers consistent with its Investment Manager Selection and Monitoring Policy.  I am also familiar with the above-caption action (the "Action") and have overseen and actively monitored the activities of lead counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or "Lead Counsel") since the Action was filed in December 2021, and have served as Lead Counsel's primary point of contact.  On behalf of SHEPP, I respectfully submit this declaration to provide the Court with a description of SHEPP's efforts in connection with the prosecution and resolution of this Action and to express SHEPP's support for the $4.95 million Settlement in this matter, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses ("Lead Counsel's Fee and Expense Application"), and SHEPP's request for an award pursuant to 15 U.S.C. §77z-1(a)(4).

## A.      SHEPP's Participation in the Action

2.      SHEPP understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions.  In seeking appointment as Lead Plaintiff, SHEPP understood its duty to serve the interests of class members by supervising the management and prosecution of the Action.  We vigorously prosecuted this case on behalf of the Settlement Class since 2022.

3.      Following appointment as Lead Plaintiff, SHEPP kept fully informed regarding case developments and procedural matters over the course of the Action, including engagement

with Robbins Geller concerning the litigation strategy in connection with the amended complaint, motion to dismiss, class certification, discovery, and the potential resolution of the Action. In its capacity as Lead Plaintiff, SHEPP also: (a) reviewed pleadings, briefs, court orders, and detailed correspondence concerning the status of the Action; (b) reviewed and responded to document requests and identified relevant sources of documents during the discovery process; (c) participated in discussions with Robbins Geller regarding mediation and settlement discussions; (d) reviewed the briefs submitted in support of preliminary and final approval of the settlement; and (e) submitted a declaration in support of preliminary approval of the settlement.

4.    With respect to the Settlement, SHEPP engaged in numerous communications with Robbins Geller concerning settlement negotiations, including the mediation in this Action, the potential damages reasonably achievable in this Action, and the risks and benefits of proceeding with litigating or settling this matter. Following the March 27, 2025 mediation session with David M. Murphy, Esq., of Phillips ADR Enterprises, SHEPP authorized Robbins Geller to settle this Action for $4,950,000.

**B.    SHEPP Supports the Settlement, Lead Counsel's Fee and Expense Application, and the Plan of Allocation**

5.    Ultimately, SHEPP agreed to settle the case only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of a $4,950,000 recovery. SHEPP also evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all. SHEPP believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Settlement Class Members. Thus, SHEPP fully supports the proposed Settlement.

6.    While SHEPP recognizes that any award of attorneys' fees and expenses will be decided by the Court, SHEPP believes that Robbins Geller's application for an award of 33-1/3% of the Settlement Amount and litigation expenses and charges of $72,924.02, plus interest on both amounts, is fair, reasonable, and appropriate, given the facts and circumstances of this case,

including the quality of Lead Counsel's representation and the stage of the litigation when the Settlement was reached.  SHEPP believes the Settlement would not have been possible without Lead Counsel's diligent and aggressive prosecutorial efforts on behalf of the Settlement Class. Thus, SHEPP fully supports Lead Counsel's Fee and Expense Application.

7.      SHEPP also supports the proposed Plain of Allocation, which was developed in consultation with Lead Counsel's outside damages expert, as a fair and reasonable method of distributing the Settlement proceeds to Settlement Class Members.

**C.      SHEPP's Request for An Award**

8.      I, on behalf of SHEPP, devoted a significant amount of time to representing the Settlement Class in this Action.  Based on SHEPP's records, my colleagues and I spent approximately 15 hours on this Action, at a blended hourly compensation rate of $165 per hour. The time spent on this Action included monitoring and participating in the litigation; reviewing court filings; reviewing and responding to discovery requests; participating in numerous discussions with Robbins Geller regarding litigation developments and settlement strategy and negotiations; and undertaking the other various activities described in Section A above.  This time would have been spent on other professional activities for SHEPP.  Based on the foregoing, and our contribution to the favorable resolution of this Action on behalf of the Settlement Class, I believe that an award of $2,475 to SHEPP is fair, reasonable, and appropriate.

9.      SHEPP respectfully requests that the Court grant final approval of the Settlement, approve Lead Counsel's Fee and Expense Application, approve the Plan of Allocation, and award SHEPP $2,475 for the time it spent representing the Settlement Class in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____22nd_____ day of January, 2026, in Regina, SK, Canada.

_____
PAM PETERS, CFO,
Saskatchewan Healthcare Employees' Pension Plan