# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-11196-GHW-BCM |
| Plaintiff, | : | |
| vs. | : | |
| KE HOLDINGS INC., COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC., | : : : : : : | |
| Defendants. | : : | |
|  | x | |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings Inc. ("KE Holdings" or the "Company") between November 19, 2020 and March 10, 2022, inclusive, or traceable to the Follow-On Offering's registration statement, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4.95 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.53 per allegedly damaged ADS before deductions for awarded attorneys' fees and Litigation Expenses, and $0.34 per allegedly damaged ADS after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement will resolve a putative class action, *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.), led by Court-appointed Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiff" or "SHEPP"), on behalf of the Settlement Class (defined below), against KE Holdings and Colleen A. De Vries (the "KE Holdings Defendants"), and Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc. (the "Underwriter Defendants" and, together with the KE Holdings Defendants, "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

---

[1] The terms of the Settlement are in the Stipulation of Settlement, dated September 8, 2025 (the "Stipulation"), which can be viewed at www.KEHoldingsSecuritiesSettlement.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY FEBRUARY 12, 2026** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY FEBRUARY 6, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY FEBRUARY 6, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON FEBRUARY 27, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR BY FEBRUARY 6, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options – **and the deadlines to exercise them –** are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ................................................................................................................ Page 3

Why did I get this Notice? ..................................................................................................................... Page 3

How do I know if I am part of the Settlement Class? ............................................................................ Page 4

Are there exceptions to being included? ............................................................................................... Page 4

Why is this a class action? .................................................................................................................... Page 4

What is this case about and what has happened so far? ...................................................................... Page 4

What are the reasons for the Settlement? ............................................................................................ Page 6

What does the Settlement provide? ....................................................................................................... Page 6

How can I receive a payment? .............................................................................................................. Page 6

What am I giving up to receive a payment and by staying in the Settlement Class? ............................ Page 6

How do I exclude myself from the Settlement Class? ........................................................................... Page 7

If I do not exclude myself, can I sue Defendants and the other
Released Defendant Parties for the same reasons later? .................................................................... Page 8

Do I have a lawyer in this case? ........................................................................................................... Page 8

How will the lawyers be paid? ............................................................................................................... Page 8

How do I tell the Court that I do not like something about the proposed Settlement? ........................... Page 8

What is the difference between objecting and seeking exclusion? ....................................................... Page 9

When and where will the Court decide whether to approve the Settlement? ........................................ Page 9

Do I have to come to the Settlement Hearing? ..................................................................................... Page 9

May I speak at the Settlement Hearing? ............................................................................................... Page 9

What happens if I do nothing at all? ...................................................................................................... Page 10

Are there more details about the Settlement? ...................................................................................... Page 10

How will my claim be calculated? .......................................................................................................... Page 10

Special notice to securities brokers and nominees ............................................................................... Page 13

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.    Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,950,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiff's damages expert's estimate of the number of KE Holdings' ADSs eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.53 per allegedly damaged ADS. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.34 per allegedly damaged ADS. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund;  (iii) when and how many KE Holdings ADS the Settlement Class Member purchased or acquired in the Follow-On Offering or traceable to the Follow-On Offering's registration statement; and (iv) whether and when the Settlement Class Member sold KE Holdings ADS. *See* the Plan of Allocation beginning on page 10 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff prevailed on each claim. The issues that the Parties disagree about include, for example: whether Defendants made any misstatements or omission of material facts that are actionable under the federal securities laws; and whether Lead Plaintiff or the Settlement Class have suffered any legally cognizable damages.

3.    Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.    Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 33-1/3% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $125,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.19 per allegedly damaged KE Holdings ADS. A copy of the Fee and Expense Application will be posted on www.KEHoldingsSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the remaining allegations in the Operative Complaint; the risk that the Court may deny Lead Plaintiff's class certification motion or grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.    For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, www.rgrdlaw.com, settlementinfo@rgrdlaw.com, 1-800-449-4900.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: toll free at 1-888-808-1457, or visit the website, www.KEHoldingsSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

## BASIC INFORMATION

**1.    Why did I get this Notice?**

9.    The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired KE Holdings ADS during the period from November 19, 2020 through March 10, 2022, inclusive (the "Settlement Class Period"), or traceable to the Follow-On Offering's registration statement. **Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment. The**

3

**Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Chin v. KE Holdings Inc., et al.*, Civil Action No. 1:21-cv-11196-GHW-BCM. The Action is assigned to the Honorable Gregory H. Woods, United States District Judge.

**2.    How do I know if I am part of the Settlement Class?**

12.    The Court has directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All Persons that purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings (i) between November 19, 2020 and March 10, 2022, inclusive, or (ii) traceable to the Follow-On Offering's registration statement.**

13.    If one of your mutual funds purchased or acquired KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement. Check your investment records or contact your broker to see if you have any eligible purchases. The Parties do not independently have access to your trading information.

**3.    Are there exceptions to being included?**

14.    Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: Defendants, the Former Defendants, the officers and directors of KE Holdings and the Underwriter Defendants (at all relevant times), members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant or Former Defendant has a controlling interest; provided, however, that, notwithstanding anything set forth above, any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

**4.    Why is this a class action?**

15.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all members of the class at the same time, except for those who exclude themselves, or "opt out," from the class. In this Action, the Court has appointed Saskatchewan Healthcare Employees' Pension Plan to serve as Lead Plaintiff and has appointed Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

**5.    What is this case about and what has happened so far?**

16.    KE Holdings claims to be the leading integrated online and offline platform for housing transactions and services in China. KE Holdings conducted an initial public offering on the New York Stock Exchange on August 13, 2020, selling 121.9 million of its ADSs at $20.00 per ADS. Three months later, KE Holdings conducted a follow-up offering on November 19, 2020, selling at $58.00 per ADS, raising more than $2.3 billion. In the Action, Lead Plaintiff alleged that the Offering Documents for the Follow-On Offering misrepresented the number of stores and agents on KE Holdings' platform. At the time the initial complaint was filed, KE Holdings ADSs traded at $20.19 per ADS.

17.    On December 30, 2021, the above-captioned action was filed in the United States District Court for the Southern District of New York (the "Court") alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act").

18.    By Order dated March 29, 2022, the Court appointed: (1) SHEPP as Lead Plaintiff; and (2) its chosen counsel, Robbins Geller Rudman & Dowd LLP, as Lead Counsel.

19.    On June 17, 2022, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Exchange Act.

20.    Prior to filing the Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, KE Holdings earnings call transcripts, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) other publicly available information and data concerning the Company; and (iv) the applicable law governing the claims and potential defenses.

21.    On July 26, 2022, Defendants filed their pre-motion to dismiss letter. Lead Plaintiff filed its response on July 29, 2022. On August 10, 2022, the Court held a telephonic hearing to discuss the pre-motion to dismiss letters.

22.    On September 23, 2022, Defendants filed their motion to dismiss the Complaint. On November 7, 2022, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss, and, on December 7, 2022, Defendants filed their reply memorandum of law.

23.    On February 26, 2024, the Court granted in part and denied in part Defendants' motion to dismiss. The Court granted the motion with respect to Lead Plaintiff's Exchange Act claims, and granted in part and denied in part the motion with respect to Lead Plaintiff's Securities Act claims. On March 18, 2024, Lead Plaintiff filed its Second Amended Complaint.

24.    On April 1, 2024, Defendants filed their request for a pre-motion to dismiss conference. The Court granted the request on April 2, 2024, and held the conference on April 10, 2024.

25.    On May 8, 2024, the Parties filed a joint letter regarding a proposed Third Amended Complaint (the "Operative Complaint").

26.    On May 10, 2024, the Court granted leave to file the Operative Complaint, and on May 13, 2024, Lead Plaintiff filed the Operative Complaint. Defendants answered the Operative Complaint on June 17, 2024.

27.    The Court held the Initial Pre-Trial Conference on July 1, 2024, and entered the Civil Case Management Plan and Scheduling Order.

28.    On July 15, 2024, the Parties served initial disclosures and requests for the production of documents. On August 14, 2024, the Parties served their responses and objections to the initial requests for production.

29.    On October 24, 2024, Magistrate Judge Moses held a status conference with the Parties.

30.    On October 24, 2024, Lead Plaintiff voluntarily dismissed, without prejudice, its claims against defendants China Renaissance Securities (Hong Kong) Limited, Peng Yongdong, Xu Tao, Shan Yigang, Bao Fan, Li Zhaohui, and Chen Xiaohong (the "Former Defendants").

31.    On November 1, 2024, Lead Plaintiff filed its motion for class certification, and on December 20, 2024, Defendants filed their opposition to the motion for class certification.

32.    The Parties began exploring the possibility of a settlement in early 2025. Specifically, the Parties agreed to engage in mediation and subsequently retained David M. Murphy, Esq., to act as mediator in the Action.

33.    On March 27, 2025, Lead Counsel and KE Holdings Defendants' Counsel participated in a full-day mediation session before the Mediator. In advance of the mediation, Lead Plaintiff and KE Holdings submitted detailed opening and reply mediation statements to the Mediator, which addressed both liability and damages issues. The Parties negotiated in good faith at the March 27, 2025 mediation, but no agreement was reached. Following additional negotiations facilitated by the Mediator, the Parties ultimately accepted the Mediator's proposal to settle the Action for $4.95 million, subject to the execution of a "customary long form" stipulation of settlement and related papers. On April 24, 2025, the Parties notified the Court of the Settlement and requested a stay of the Action, which was granted the same day.

34.    The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Parties.

35.    Lead Plaintiff, through Lead Counsel, conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Operative Complaint, including the maximum amount of damages that Lead Counsel believes was potentially recoverable by the Settlement Class. Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the immediate and significant monetary benefit that Settlement Class Members will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Lead Plaintiff and to the other Settlement Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

36.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all claims asserted or which could have been asserted in the Operative Complaint and all other complaints filed in this Action. Defendants also have denied, and continue to deny, *inter alia*, the allegations that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or Settlement Class Members, that they failed to disclose any material information to investors, that their public statements were false or misleading, or that Lead Plaintiff or Settlement Class Members have suffered any damages or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was, at all times, proper, that they acted, at all times, in good faith and in compliance with all applicable provisions of law, and that the claims asserted against Defendants are without merit. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action. Defendants entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants have determined that it is desirable and beneficial to them that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

37. The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Defendants with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

**6.    What are the reasons for the Settlement?**

38. The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Operative Complaint and all other complaints filed in this Action, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions or that any Settlement Class Member has suffered damages. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

**THE SETTLEMENT BENEFITS**

**7.    What does the Settlement provide?**

40. In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties, KE Holdings has agreed to cause a $4.95 million ($4,950,000) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.    How can I receive a payment?**

41. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www.KEHoldingsSecuritiesSettlement.com, or submit a claim online at www.KEHoldingsSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-888-808-1457.

42. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than February 12, 2026**.

**9.    What am I giving up to receive a payment and by staying in the Settlement Class?**

43. If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties." All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiff's Claims"** means any and all claims (including Unknown Claims), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether class or individual, asserted or unasserted, dismissed or not dismissed, known or unknown, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule or regulation, that have been asserted, could have been asserted, or could be asserted in the future in this Action or any other action or in any other federal, state, or foreign court, tribunal, forum, or proceeding by the Lead Plaintiff or any Settlement Class Member, against any or all of the Released Defendant Parties that arise from or out of or are in connection with or are based upon, arise from, or related in any way to: (a) the allegations, transactions, offerings, facts, matters, events, acts, failures to act, occurrences, breaches of duty, statements, representations, misrepresentations, disclosures, omissions, or claims which were or could have been alleged in this Action; and (b) the purchase, acquisition, holding, sale, or disposition of American Depository Shares ("ADS") of KE Holdings that were purchased or otherwise acquired during the Settlement Class Period or traceable to the Follow-On Offering's registration statement. Released Plaintiff's Claims also include any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the Settlement or resolution of the Action. For the avoidance of doubt, Released Plaintiff's Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims of Persons who submit a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants, the Former Defendants, Defendants' and Former Defendants' respective former, current, and future parent entities, affiliates, and subsidiaries, each and all of their respective former, current, and future controlling Persons, officers, directors, partners, stockholders, employees, underwriters, auditors, consultants, agents, fiduciaries, predecessors, successors, trusts, trustees, trust beneficiaries, heirs, executors, estates, administrators, assigns, beneficiaries, distributees, foundations, joint ventures, general or limited partners, members, managers, managing members, attorneys, heirs, assigns, insurers, reinsurers, advisors (including, without limitation, financial and investment advisors), consultants, other affiliated Persons, representatives in their capacity as such, and (i) with regard to the Individual Defendant, her employer (*i.e.*, Cogency Global Inc.) and respective Immediate Family members, and (ii) with regard to any of the Former Defendants, their respective Immediate Family members.

(c)    "**Unknown Claims**" means any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each other Settlement Class Member and the Former Defendants shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss, and each Settlement Class Member and Former Defendants shall be deemed to have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, and upon the Effective Date and by operation of the Judgment shall have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members and the Former Defendants by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

44.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and a Judgment has been entered and has become Final.

45.    Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against Lead Plaintiff, the Settlement Class, and Lead Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

46.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit. KE Holdings has the option to terminate the Settlement if a certain number of Settlement Class Members request exclusion.

**10.    How do I exclude myself from the Settlement Class?**

47.    To exclude yourself from the Settlement Class, you must mail by first-class mail, postage prepaid, or otherwise deliver a signed letter stating that you request to be "excluded from the Settlement Class in *Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and any email contact information of the person or entity requesting exclusion; (ii) state the date(s), number of KE Holdings ADS, and dollar amount of each of the person's or entity's purchases, acquisitions, or sales of such ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, and the number of KE Holdings ADSs they held as of the close of trading on March 10, 2022; and (iii) be signed and submitted by the beneficial owner requesting exclusion or an authorized representative. A request for exclusion must be mailed so that it is **received no later than February 6, 2026**, at:

*KE Holdings Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

48.    The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The Claims Administrator and/or Lead Counsel may contact any Person filing a request for exclusion, or their attorney, to discuss the exclusion.

49.    This information is needed to determine whether you are a Settlement Class Member. Your exclusion request must comply with these requirements in order to be valid.

50.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

51.    No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is February 6, 2026.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

52.    Robbins Geller Rudman & Dowd LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

53.    Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work. Lead Counsel will seek an attorneys' fee award of no more than 33-1/3% of the Settlement Amount, plus accrued interest. Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $125,000, plus accrued interest. In addition, Lead Plaintiff may request an award not to exceed $5,000 for its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

54.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

55.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)." The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of KE Holdings ADS purchased or acquired during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, as well as the dates and prices of each such purchase or acquisition, and any sales. The objection must also identify all class action settlements to which the objector and his, her, or its counsel have objected in the prior five (5) years. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than February 6, 2026,** *and* be mailed or delivered to the following counsel so that it is **received no later than February 6, 2026:**

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S.<br>Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Robbins Geller Rudman & Dowd LLP**<br>Ellen Gusikoff Stewart<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | **O'Melveny & Myers LLP**<br>B. Andrew Bednark<br>1301 Avenue of the Americas<br>Suite 1700<br>New York, NY 10019<br>*Counsel to the KE Holdings Defendants*<br><br>-and-<br><br>**Goodwin Procter LLP**<br>Douglas H. Flaum<br>Gabrielle L. Gould<br>620 Eighth Avenue<br>New York, NY 10018<br>*Counsel to the Underwriter Defendants* |

56.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.    What is the difference between objecting and seeking exclusion?**

57.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16.    When and where will the Court decide whether to approve the Settlement?**

58.    The Court will hold the Settlement Hearing on **February 27, 2026, at 10:00 a.m.**, in Courtroom 12C at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

59.    At this hearing, the Honorable Gregory H. Woods will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses, including an award to Lead Plaintiff, is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

60.    The Court may change the date and time of the Settlement Hearing without another individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.KEHoldingsSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

**17.    Do I have to come to the Settlement Hearing?**

61.    No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than February 6, 2026**.

**18.    May I speak at the Settlement Hearing?**

62.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than February 6, 2026,** submit a statement that you, or your attorney, intend to appear in "*Chin v. KE Holdings Inc., et al.*, No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

9

**IF YOU DO NOTHING**

**19.    What happens if I do nothing at all?**

63.    If you do nothing and you are a Settlement Class Member, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

**20.    Are there more details about the Settlement?**

64.    This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

65.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.KEHoldingsSecuritiesSettlement.com. You may also call the Claims Administrator toll-free at 1-888-808-1457 or write to the Claims Administrator at *KE Holdings Securities Settlement*, Claims Administrator, c/o Verita Global, P.O. Box 301171, Los Angeles, CA 90030-1171. **Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**21.    How will my claim be calculated?**

66.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.KEHoldingsSecuritiesSettlement.com.

67.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. The Net Settlement Fund will be distributed to Settlement Class Members who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

68.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages expert. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: the total number and value of claims submitted; when the claimant purchased or otherwise acquired KE Holdings ADS; and whether and when the claimant sold his, her, or its shares of KE Holdings ADS. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

69.    For purposes of determining whether a claimant has a "Recognized Claim," if a Settlement Class Member has more than one purchase, acquisition, or sale of KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, all purchases, acquisitions, and sales will be matched on a "First-in, First-Out" (FIFO) basis. Under the FIFO method, all purchases of KE Holdings ADSs will be respectively matched, in chronological order, starting with ADSs purchased prior to November 19, 2020.

70.     A "Recognized Loss Amount" will be calculated for each purchase or acquisition of KE Holdings (ticker: BEKE) ADS ("Shares") during the Settlement Class Period or pursuant to or traceable to the registration statement and prospectus for the November 19, 2020, secondary offering by KE Holdings. Only Shares held until at least November 16, 2021, and sold on or after November 16, 2021, will be entitled to a Recognized Loss Amount under this Plan. The Recognized Loss Amount shall be based on the Date of Sale as set forth in Table A below; provided, however, that all such losses will be limited by loss limitation rules set forth in A.1–4 below. For each eligible KE Holdings Share, the Purchase Price shall be the amount paid (excluding fees and expenses) and the Sale Price shall be the amount received (before paying fees and expenses). To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number or zero under the criteria below, that Recognized Loss Amount will be deemed to be zero.

**Table A: Calculation of Recognized Loss Amounts for**
**Eligible KE Holdings ADSs (Shares) Based on Relevant Dates of Sale**

| Period | Begin Date | End Date | Recognized Loss Per Share |
|---|---|---|---|
| 1 | November 19, 2020 | December 15, 2021 | $0.00 |
| 2 | December 16, 2021 | December 19, 2021 | The lesser of: (i) $0.50 per Share; or (ii) the difference between $18.70 per Share and the sales price |
| 3 | December 20, 2021 | March 9, 2022 | $0.99 |
| 4 | March 10, 2022 | The Current Date | $1.99 |

1.     If sold on or before November 15, 2021, the Recognized Loss Amount for each eligible KE Holdings Share shall be zero.

2.     If sold from November 16, 2021 through March 10, 2022, inclusive, the Recognized Loss Amount for each eligible KE Holdings Share shall be the lesser of: (a) the calculations of the Recognized Loss Amount per Share on the Date of Sale set forth in Table A; or (b) the Offering Price of $58.00 minus the Sales Price.[2]

3.     If held as of the close of trading on March 10, 2022, the Recognized Loss Amount for each eligible KE Holdings Share shall be $1.99.

### ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

71.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

72.     To the extent an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in eligible KE Holdings Shares, the value of the Authorized Claimant's Recognized Loss Amount shall be deemed to be zero, but such Authorized Claimant shall in any event be bound by the Settlement.  To the extent that an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in KE Holdings Shares or options on such Shares, but that market loss was less than the total Recognized Loss Amount calculated above, then the Authorized Claimant's Recognized Loss Amount shall be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of KE Holdings Shares during the Class Period, the Claims Administrator will determine the difference between, the claimant's (i) Total Purchase Amount[3], and (ii) the sum of the Total Sales Proceeds[4] and Holding Value[5].

73.     If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

---

[2] This second restriction is set forth under Section 11(e) but is not expected to have an effect on the Recognized Loss Amounts due to the decline in KE Holdings' Share price by December 2021.

[3] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for KE Holdings Shares purchased or otherwise acquired during the Class Period.

[4] The Claims Administrator will match any sales of KE Holdings Shares from the start of the Class Period through and including the close of trading on March 10, 2022, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of KE Holdings Shares sold from the start of the Class Period through and including the close of trading on March 10, 2022, will be the "Total Sales Proceeds."

[5] The Claims Administrator will ascribe a "Holding Value" equal to $1.99 for each share of KE Holdings purchased or acquired during the Class Period and still held as of the close of trading on March 10, 2022.

74. Purchases, acquisitions, and sales of KE Holdings ADS will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant of shares of KE Holdings ADS by gift, inheritance, or operation of law during the Settlement Class Period or traceable to the Follow-On Offering's registration statement will not be deemed an eligible purchase, acquisition, or sale of these shares of KE Holdings ADS for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such KE Holdings ADS unless (i) the donor or decedent purchased or acquired such KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of KE Holdings ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

75. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

76. In the event that a claimant newly establishes a short position during the Settlement Class Period or traceable to the Follow-On Offering's registration statement, the earliest subsequent Settlement Class Period purchase or purchase traceable to the Follow-On Offering's registration statement will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

77. KE Holdings ADS is the only security eligible for recovery under the Plan of Allocation. With respect to KE Holdings ADS purchased or sold through the exercise of an option, the purchase/sale date of the KE Holdings ADS is the exercise date of the option and the purchase/sale price is the exercise price of the option.

78. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

79. Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, nonprofit, non-sectarian 501(c)(3) organization(s) chosen by Lead Counsel.

80. Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants. No person will have any claim against Lead Plaintiff, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

81. You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask for the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will not be made to Authorized Claimants until all claims have been processed and until after the Court has finally approved the Settlement.

82. Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

83.    If you purchased or acquired KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement for the beneficial interest of a person or entity other than yourself, the Court has directed that you either: **(a) WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice and Claim Form ("Claims Packet") promptly to such identified beneficial owners; or **(b) WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, request additional copies of the Claims Packet from the Claims Administrator, which will be provided to you free of charge, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt, mail the Claims Packet directly to all such beneficial owners via First Class mail. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Claims Packet mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Packet sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@veritaglobal.com or:

*KE Holdings Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171

Dated: October 24, 2025                    BY ORDER OF THE UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF NEW YORK

13

**THIS PAGE INTENTIONALLY LEFT BLANK.**

**THIS PAGE INTENTIONALLY LEFT BLANK.**

**THIS PAGE INTENTIONALLY LEFT BLANK.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

KEITH CHIN, Individually and on Behalf of All :   Civil Action No. 1:21-cv-11196-GHW-BCM
Others Similarly Situated, :
                Plaintiff, :
:
    vs. :
:
KE HOLDINGS INC., COLLEEN A. DE VRIES, :
GOLDMAN SACHS (ASIA) L.L.C., MORGAN :
STANLEY & CO. LLC, J.P. MORGAN :
SECURITIES LLC, GOLDMAN SACHS & CO. LLC :
and CHINA RENAISSANCE SECURITIES (US) :
INC., :
          Defendants. :
:
_____ x

**PROOF OF CLAIM AND RELEASE FORM**

**I.      GENERAL INSTRUCTIONS**

1.     To recover as a Settlement Class Member based on your claims in the action entitled *Chin v. KE Holdings Inc., et al.*, Civil Action No. 1:21-cv-11196-GHW-BCM (S.D.N.Y.) (the "Action"),[1] you must complete and, on page 5 below, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.KEHOLDINGSSECURITIESSETTLEMENT.COM NO LATER THAN FEBRUARY 12, 2026, OR, IF MAILED, BE POSTMARKED NO LATER THAN FEBRUARY 12, 2026, ADDRESSED AS FOLLOWS:**

*KE Holdings Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171
Online submissions: www.KEHoldingsSecuritiesSettlement.com

If you are a Settlement Class Member and you do not timely request exclusion in response to the Notice dated October 24, 2025, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

**II.     CLAIMANT IDENTIFICATION**

1.     If you purchased or otherwise acquired KE Holdings Inc. ("KE Holdings") American Depository Shares ("ADS") during the period beginning November 19, 2020 through March 10, 2022, inclusive (the "Settlement Class Period") or traceable to the Follow-On Offering's registration statement and held the stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired KE Holdings ADS during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.     Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of KE Holdings ADS that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.     All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[1]    This Proof of Claim and Release Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.KEHoldingsSecuritiesSettlement.com.

1

### III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form entitled "Schedule of Transactions in KE Holdings ADS" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of KE Holdings ADS, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of KE Holdings ADS. The date of a "short sale" is deemed to be the date of sale.

5.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN KE HOLDINGS ADS.**

6.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one Claim Form should be submitted for each legal entity (see above) and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third-party filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this notification. If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Chin v. KE Holdings Inc., et al.*

Civil Action No. 1:21-cv-11196-GHW-BCM
(S.D.N.Y.)

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than February 12, 2026**

# KEHS

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your
claim may be deemed deficient.

**The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address on page 6. Complete names of all persons and entities must be provided.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number (Last 4 digits)

Taxpayer Identification Number

or

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | | | | | MM / DD / YYYY | FOR CLAIMS PROCESSING ONLY |
|---|---|---|---|---|---|---|---|---|
| | | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | | |

3

**PART II: SCHEDULE OF TRANSACTIONS IN KE HOLDINGS ADS**

**A. HOLDINGS AT CLOSE OF TRADING ON NOVEMBER 18, 2020.**
If none, write "0" or "zero." (Must submit documentation.)

Proof Enclosed? ○ Y ○ N

**B. PURCHASES AND ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD –** Separately list each and every purchase or acquisition of KE Holdings ADS from after the opening of trading on November 19, 2020 through and including the close of trading on March 10, 2022, or traceable to the Follow-On Offering's registration statement. (Must submit documentation.)

**PURCHASES**

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Total Purchase/Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| M M / D D / Y Y Y Y | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |

**IMPORTANT:** (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

**C. SALES DURING THE SETTLEMENT CLASS PERIOD –** Separately list each and every sale/disposition of KE Holdings ADS from after the opening of trading on November 19, 2020 through and including the close of trading on March 10, 2022, or traceable to the Follow-On Offering's registration statement. (Must submit documentation.)

**SALES**

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Total Sale Price (excluding taxes, commissions and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| M M / D D / Y Y Y Y | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |
| / / | | $ . 00 | ○ Y ○ N |

**D. HOLDINGS AT THE CLOSE OF TRADING ON MARCH 10, 2022.**
If none, write "0" or "zero." (Must submit documentation.)

Proof Enclosed? ○ Y ○ N

○ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND FILL IN THIS CIRCLE.**



4

### IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

1.       By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible KE Holdings ADS, if required to do so. I (We) have not submitted any other claim covering the same transactions in KE Holdings ADS during the Settlement Class Period or traceable to the Follow-On Offering's registration statement and know of no other person having done so on my (our) behalf.

### V.   RELEASES, WARRANTIES, AND CERTIFICATION

1.       I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.       As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.       I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of KE Holdings ADS that occurred during the Settlement Class Period or traceable to the Follow-On Offering's registration statement and the number of ADS held by me (us) to the extent requested.

5.       I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of  _____ in _____
                                                                          (Month/Year)                                                               (City/State/Country)

_____          _____
(Sign your name here)                                                              (Sign your name here)

_____          _____
(Type or print your name here)                                                  (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*                                        (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)



**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign this Claim Form.

2. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form for your records.

5. If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN FEBRUARY 12, 2026, ADDRESSED AS FOLLOWS:**

*KE Holdings Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
Online submissions: www.KEHoldingsSecuritiesSettlement.com

