UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-11196-GHW-BCM |
| | : | |
| Plaintiff, | : | DECLARATION OF ERIN W. BOARDMAN FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |
| vs. | : | |
| KE HOLDINGS INC., COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC., | : | |
| Defendants. | : | |
| | x | |

4899-7295-9879.v3

I, ERIN W. BOARDMAN, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Lead Counsel of record for Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan, and the Settlement Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 3,364.90.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $2,709,542.50.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual.  These hourly rates are consistent with hourly rates

- 1 -

4899-7295-9879.v3

submitted by the Firm to state and federal courts in other securities class action litigation. The

Firm's rates are set based on periodic analysis of rates charged by firms performing comparable

work both on the plaintiff and defense side. Different timekeepers within the same employment

category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of

factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a

partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this

Firm or other firms. For personnel who are no longer employed by the Firm, the "current rate"

used for the lodestar calculation is based upon the rate for that person in his or her final year of

employment with the Firm.

5.      The Firm seeks an award of $72,924.02 in expenses and charges in connection with

the prosecution of the Litigation. Those expenses and charges are summarized by category in the

attached Exhibit B.

6.      The following is additional information regarding certain of these expenses:

(a)      Filing and Other Fees: $1,855.20. These expenses have been paid to the

Court for filing fees and to an attorney service firm who served process of the complaint and

subpoenas. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)      Business Wire: $450.00. This expense was necessary under the Private

Securities Litigation Reform Act of 1995's "early notice" requirements, which provides, among

other things, that

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

4899-7295-9879.v3

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)    Transportation, Hotels, and Meals: $928.54.    In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings and meet with witnesses, a mediator, and opposing counsel.  The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d)    Court Hearing Transcripts: $100.83.  The vendor who was paid for these services is listed in the attached Exhibit E.

(e)    Consultants: $25,272.95.

(i)    NY Summit Consulting, Inc.: $15,687.40.  NY Summit Consulting, Inc. was retained to assist in the investigation of Lead Plaintiff's claims in connection with the preparation of the Complaint, including by identifying and contacting former employees of KE Holdings residing in China.

(ii)    ValueScope, Inc.: $9,585.45.  ValueScope, Inc. and Scott Hakala were retained to advise Lead Counsel in connection with pleading the corrective disclosures in the Operative Complaint, and to provide a damages analysis in connection with the mediation.  Mr. Hakala also constructed the Plan of Allocation for purposes of distributing the Net Settlement Fund.

(f)    Online Legal and Financial Research: $8,477.11.  This category includes vendors such as LexisNexis products, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.

- 3 -

4899-7295-9879.v3

For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(g)     Mediation Fees (Phillips ADR Enterprises, P.C.): $35,790.00.  These are the fees of the mediator, David M. Murphy of Phillips ADR, who conducted an in-person mediation session and subsequent negotiations leading to the settlement of the Litigation.

7.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of January, 2026, at Melville, New York.

*s/Erin W. Boardman*
ERIN W. BOARDMAN

- 4 -