IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

KEITH CHIN, Individually and on Behalf of         :
All Others Similarly Situated
                   Plaintiff,               :        Civil Action No. 1:21-cv-11196-GHW-BCM
                                    :

           v.                             :        CLASS ACTION
                                     :

KE HOLDINGS INC., COLLEEN A. DE VRIES,           :        OBJECTION TO PROPOSED PLAN OF
GOLDMAN SACHS (ASIA) L.L.C., MORGAN              :                      ALLOCATION
STANLEY & CO. LLC, J.P. MORGAN                   :
SECURITIES LLC, GOLDMAN SACHS & CO.              :
LLC and CHINA RENAISSANCE SECURITIES             :
(US) INC.,                                       :
                                     :

                     Defendants.           :

—————————————————————— X

Class members California State Teachers' Retirement System, State of Michigan

Retirement System, and Pension Reserves Investment Management Board of Massachusetts

(together, the "BLA Schwartz Clients") respectfully submit this objection to the Plan of

Allocation set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion

for Attorney's Fees and Expenses (the "Settlement Notice").  [ECF 177-1].[1]  Together, the BLA

Schwartz Clients purchased 956,552 American Depository Shares of Defendant KE Holdings,

Inc. ("KE Holdings ADS") during the proposed class period.[2]

As set forth below, the Plan of Allocation as articulated in the Settlement Notice is

internally inconsistent and therefore ambiguous. These ambiguities negate the class members'

ability to calculate their Recognized Loss Amount, as defined in paragraph 70 of the Settlement

Notice.  The BLA Schwartz Clients raised these concerns, first with Verita Global, the Claims

---

[1]      This Court approved a plan of allocation contained in the motion for preliminary approval that does not include the problematic language contained in the Settlement Notice.  *Compare* [ECF No. 170 ¶ 7 & Exh. 1 ¶ 70 *with* ECF 177-1 ¶ 70].

[2]      To protect the confidentiality of the BLA Schwartz Clients' trading information, custodial reports showing each of their purchases and sales of KE Holdings ADS during the relevant period have been provided directly to Lead Counsel and Defendants' Counsel and will be provided to the Court upon request.

Administrator, and received a non-responsive answer.  (Declaration of Irwin B. Schwartz ("Schwartz Decl") ¶¶ 9, 11 & Exh. A).  Our firm then raised these concerns by email and then by letter to Robbins Gellar Rudman & Dowd, LLP, Lead Plaintiff's Counsel, which did not respond until today and did not resolve the ambiguity.  (Schwartz Decl. ¶¶ 10, 12-13 & associated Exhibits).   Accordingly, the BLA Schwartz Clients respectfully object to Plan of Allocation as set forth in the Settlement Notice.

BACKGROUND

The BLA Schwartz Clients retain the undersigned firm to, among other things, calculate their recognized losses in most settled cases to monitor the effectiveness of their claims filing services and to reconcile recoveries obtained from securities class action settlements. (Schwartz Decl. ¶ 2).  To provide this service, BLA Schwartz engages a small team of analysts that scrutinize every plan of allocation, code the associated terms into a recognized loss calculation engine and produce reports. (Schwartz Decl. ¶ 3).  Occasionally the BLA Schwartz analysts have interpretive questions relating to the language of plans of allocation and in those cases request guidance from claims administrators. (Schwartz Decl. ¶ 4).

On October 24, 2025, this Court allowed Lead Plaintiff's motion for preliminary approval of the proposed settlement, which included a draft notice of pendency of class action, proposed settlement, and motion for attorneys fees and expenses.  [ECF 170].  Thereafter Verita Global published and circulated the Settlement Notice, which contained additional language relating to a Plan of Allocation and notified class members of their rights to object.  [ECF 177-1].  When BLA Schwartz identified ambiguities in the Plan of Allocation, Verita Global was unhelpful and Lead Plaintiff's Counsel waited to respond to our written request for clarification until the

deadline for this objection.  (Schwartz Decl. ¶¶ 11, 13 & Exh. C).   That categorical response did

not resolve the ambiguities identified below. (Schwartz Decl. ¶ 13).

ARGUMENT

According to the Settlement Notice, "The Claims Administrator will determine each

Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized

Claimant's 'Recognized Claim.'" (Settlement Notice ¶ 68).  The method for calculating the

"Recognized Claim is set forth in paragraphs 69 through 73. (Settlement Notice ¶¶ 69-73). The

operative language for calculating the "Recognized Loss Amount" is in a table in paragraph 70

and associated notes 1-3. (Settlement Notice ¶ 70 & nn. 1-3).  The language of those provisions

is replicated below:

70.    A "Recognized Loss Amount" will be calculated for each purchase or acquisition of KE Holdings (ticker: BEKE) ADS ("Shares") during the Settlement Class Period or pursuant to or traceable to the registration statement and prospectus for the November 19, 2020, secondary offering by KE Holdings. Only Shares held until at least November 16, 2021, and sold on or after November 16, 2021, will be entitled to a Recognized Loss Amount under this Plan. The Recognized Loss Amount shall be based on the Date of Sale as set forth in Table A below; provided, however, that all such losses will be limited by loss limitation rules set forth in A.1–4 below. For each eligible KE Holdings Share, the Purchase Price shall be the amount paid (excluding fees and expenses) and the Sale Price shall be the amount received (before paying fees and expenses). To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number or zero under the criteria below, that Recognized Loss Amount will be deemed to be zero.

**Table A: Calculation of Recognized Loss Amounts for
Eligible KE Holdings ADSs (Shares) Based on Relevant Dates of Sale**

| Period | Begin Date | End Date | Recognized Loss Per Share |
|---|---|---|---|
| 1 | November 19, 2020 | December 15, 2021 | $0.00 |
| 2 | December 16, 2021 | December 19, 2021 | The lesser of: (i) $0.50 per Share; or (ii) the difference between $18.70 per Share and the sales price |
| 3 | December 20, 2021 | March 9, 2022 | $0.99 |
| 4 | March 10, 2022 | The Current Date | $1.99 |

1.    If sold on or before November 15, 2021, the Recognized Loss Amount for each eligible KE Holdings Share shall be zero.

2.    If sold from November 16, 2021 through March 10, 2022, inclusive, the Recognized Loss Amount for each eligible KE Holdings Share shall be the lesser of: (a) the calculations of the Recognized Loss Amount per Share on the Date of Sale set forth in Table A; or (b) the Offering Price of $58.00 minus the Sales Price.[2]

3.    If held as of the close of trading on March 10, 2022, the Recognized Loss Amount for each eligible KE Holdings Share shall be $1.99.

Paragraph 70 indicates "Only Shares held until at least November 16, 2021, and sold

after <u>November 16, 2021</u>, will be entitled to a Recognized Loss Amount under this Plan"

(emphasis added).  Yet Period 1 in Table A indicates that there will be no Recognized Loss Per

3

Share for shares sold between November 19, 2020, and <u>December 15, 2021</u>, leaving it ambiguous as to whether the period for calculating Recognized Loss Per Share commences on November 16, 2021, or December 16, 2021.  Paragraph 70 note 1 conflicts with Table A in that it says, "If sold on or before <u>November 15, 2021</u>, the Recognized Loss Amount for each eligible KE Holdings Share shall be zero." [ECF 177-1 ¶ 70 n.1 (emphasis added)]. Buy contrast, Table A Period 1 sets that threshold date as <u>December 15, 2021</u>.

Likewise, Paragraph 70 note 2 indicates that shares sold "from <u>November 16, 2021,</u> through March 10, 2022, inclusive," will be eligible for calculation of a Recognized Loss Amount per share.  [ECF 177-1 ¶ 70 n.2 (emphasis added)].  This is inconsistent with Table A Period 2, which indicates that such calculations begin on <u>December 16, 2021</u>, not November 16, 2021, as provided in note 2.  In short, the dates set forth in Paragraph 70, its Table A, and its notes 1 and 2 are inconsistent and therefore ambiguous.

As written in the Settlement Notice, the period for calculating recognized loss based on sales of KE Holdings ADS could start either November 16, 2021, or December 16, 2021. Accordingly, the BLA Schwartz Clients are unable to calculate their Recognized Loss Amount and object to the Plan of Allocation in the Settlement Notice.

CONCLUSION

Based on the foregoing, the BLA Schwartz Clients respectfully request that this Court require the Lead Plaintiff to amend the Plan of Allocation to remove the ambiguities and internal conflicts identified above and admonish Class Counsel and Verita Global for circulating a defective notice of settlement and failing to substantively respond to our clients' concerns.

Dated:  February 6, 2026

/s/ Irwin B. Schwartz
Irwin B. Schwartz
BLA Schwartz, PC
41 Madison Avenue, 31st Floor
New York, New York 10010
(917) 512-9921
SDNY Bar No. IS3141
*ischwartz@blaschwartz.com*

Counsel for California State Teachers'
Retirement System, State of Michigan
Retirement System, and Pension Reserves
Investment Management Board of
Massachusetts

/s/ Brian J. Bartow
General Counsel, California State Teachers Retirement System
100 Waterfront Place
West Sacramento, CA 95605

/s/ Jeanette Brya
Chief Compliance Officer, State of Michigan Retirement Systems
2501 Coolidge Road, Suite 400
East Lansing MI 48823.

/s/ E. Renee LeFevre
Chief Legal Officer, Pension Reserves Investment Management Board of Massachusetts
53 State Street, Suite 600
Boston, MA 02109

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the e-mail addresses of counsel of record for Lead Plaintiff and Defendants.

<u>/s/ Irwin B. Schwartz</u>
Irwin B. Schwartz

6