IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated | : | |
| Plaintiff, | : : | Civil Action No. 1:21-cv-11196-GHW-BCM |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| KE HOLDINGS INC., COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC., | : : : : : | DECLARATION OF IRWIN B. SCHWARTZ IN SUPPORT OF OBJECTION TO PROPOSED PLAN OF ALLOCATION |
| | : | |
| Defendants. | : | |
| | X | |

I, Irwin B. Schwartz, declare under the pains and penalties of perjury as follows:

1.      I am principal of BLA Schwartz, PC ("BLA Schwartz") and counsel for Settlement Class Members California State Teachers' Retirement System, State of Michigan Retirement System, and Pension Reserves Investment Management Board of Massachusetts (together, the "BLA Schwartz Clients"). The information contained in this declaration is true and correct and is based on my personal knowledge.  This firm has not filed an objection to any class action settlement in the past five years. To my knowledge, none of the BLA Schwartz Clients have objected to any class action in settlements in the past five years. I submit this declaration in support of the BLA Schwartz Clients' objection to the Plan of Allocation set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorney's Fees and Expenses (the "Settlement Notice").  [ECF 177-1].  I intend to appear and request to be heard at the fairness hearing scheduled for this case.

2.      Our firm, along with our affiliated Registered Investment Advisor, DIVIDEX Management, LLC ("DIVIDEX"), provide the BLA Schwartz Clients with services to, among

other things, calculate their recognized losses in most settled securities class actions around the world.  We use those calculations to monitor the effectiveness of their claims filing services and to reconcile pay outs received from those settlements against their recognized losses to seek to confirm that our clients receive all funds due to them.

3.     To provide this service, BLA Schwartz and DIVIDEX engage a small team of analysts that scrutinize every plan of allocation, code the associated terms into a recognized loss calculation engine, and produce reports used for reconciliation of client receipts.

4.     Occasionally our analysts have interpretive questions relating to the language of plans of allocation and request guidance from claims administrators.

5.     On October 24, 2025, this Court allowed Lead Plaintiff's motion for preliminary approval of the proposed settlement, which included a draft notice of pendency of class action, proposed settlement, and motion for attorneys' fees and expenses.  [ECF 170].   Paragraph 70 contains the relevant discussion of the Plan of Allocation and provides:

70.  A "Recognized Loss Amount" will be calculated for each purchase or acquisition of KE Holdings ADS during the Settlement Class Period from November 19, 2020 through March 10, 2022 or traceable to the Follow-On Offering's registration statement, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

[ECF 170 at 43]

6.     Thereafter Verita Global published and circulated the Settlement Notice that modified the language in Paragraph 70 relating to the Plan of Allocation.  [ECF 177-1].  The new Paragraph 70 Plan of Allocation provides:

2

70.    A "Recognized Loss Amount" will be calculated for each purchase or acquisition of KE Holdings (ticker: BEKE) ADS ("Shares") during the Settlement Class Period or pursuant to or traceable to the registration statement and prospectus for the November 19, 2020, secondary offering by KE Holdings. Only Shares held until at least November 16, 2021, and sold on or after November 16, 2021, will be entitled to a Recognized Loss Amount under this Plan. The Recognized Loss Amount shall be based on the Date of Sale as set forth in Table A below; provided, however, that all such losses will be limited by loss limitation rules set forth in A.1–4 below. For each eligible KE Holdings Share, the Purchase Price shall be the amount paid (excluding fees and expenses) and the Sale Price shall be the amount received (before paying fees and expenses). To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number or zero under the criteria below, that Recognized Loss Amount will be deemed to be zero.

**Table A: Calculation of Recognized Loss Amounts for Eligible KE Holdings ADSs (Shares) Based on Relevant Dates of Sale**

| Period | Begin Date | End Date | Recognized Loss Per Share |
|---|---|---|---|
| 1 | November 19, 2020 | December 15, 2021 | $0.00 |
| 2 | December 16, 2021 | December 19, 2021 | The lesser of: (i) $0.50 per Share; or (ii) the difference between $18.70 per Share and the sales price |
| 3 | December 20, 2021 | March 9, 2022 | $0.99 |
| 4 | March 10, 2022 | The Current Date | $1.99 |

1.    If sold on or before November 15, 2021, the Recognized Loss Amount for each eligible KE Holdings Share shall be zero.

2.    If sold from November 16, 2021 through March 10, 2022, inclusive, the Recognized Loss Amount for each eligible KE Holdings Share shall be the lesser of: (a) the calculations of the Recognized Loss Amount per Share on the Date of Sale set forth in Table A; or (b) the Offering Price of $58.00 minus the Sales Price.[2]

3.    If held as of the close of trading on March 10, 2022, the Recognized Loss Amount for each eligible KE Holdings Share shall be $1.99.

7.    As set forth in the Settlement Notice, Class Members are invited to contact Verita Global for further information. [ECF 177-1 ¶ 3].

8.    BLA Schwartz identified ambiguities in the Settlement Notice's modified Plan of Allocation as discussed more fully in the Objection submitted herewith.

9.    On January 5, 2026, one of our analysts, Max Djafari, sent an email to Verita Global requesting guidance on the interpretation of Table A in Paragraph 70 of the Notice, among other things.  A copy of the email thread between Mr. Djafari and Verita Global is attached hereto as Exhibit A.

10.    Having heard nothing in response to Mr. Djafari's inquiry to Verita Global, on January 13, 2026, David Pineau, the chief technology officer of DIVIDEX, who oversees our recognized loss calculations, wrote by email to class counsel raising the same issues identified by Mr. Djafari and asking for guidance.  A copy of Mr. Pineau's email to Ellen Gusikoff is attached

hereto as Exhibit B.  Neither Ms. Gusikoff nor anyone else from class counsel responded to Mr. Pineau's inquiry regarding the interpretation of Paragraph 70 of the Settlement Notice.

11.     Another week later, on January 20, 2026, Verita Global provided a non-responsive email, refusing to give interpretive guidance as to Mr. Djafari's detailed questions relating to the apparent conflicts in Paragraph 70 of the Settlement Notice.  Please see Exhibit A.  Effectively, Verita Global told us that the BLA Schwartz Clients should submit their trading records and trust Verita Global to figure it out.  Our mandate is to, among other things, provide a control to confirm that Verita Global and other claims managers correctly calculate and disburse our clients' entitlements.

12.     On January 23, 2026, I wrote to the managing partner of class counsel and Ms. Gusikoff, again identifying the apparent ambiguity in Paragraph 70 of the Settlement Notice and requesting interpretive guidance.  I notified class counsel that, without guidance, the BLA Schwartz clients would be forced to object to the Plan of Allocation.  A copy of my letter to Darrin Robins and Ellen Gusikoff is attached as Exhibit C (without its exhibits which are already attached to this declaration).

13.     On February 6, 2026, at 11:48 a.m., Lead Counsel responded by email to our written requests with respect to the ambiguities in Paragraph 70 of the Settlement Notice.  In effect, Ms. Gusikoff confirmed that the dates in Paragraph 70 Table A are correct, but failed to address the inconsistencies between the dates in Paragraph Notes 1 and 2 and Table A Periods 1 and 2, respectively.

Subscribed to and sworn under penalty of perjury under the laws of the United States that

the foregoing is true and correct this 6th day of February 2026 at Westwood, Massachusetts.


By: /s/ Irwin B. Schwartz
Irwin B. Schwartz


## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the e-mail addresses of counsel of record for Lead Plaintiff and Defendants.

/s/ Irwin B. Schwartz
Irwin B. Schwartz

5