UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

KEITH CHIN, Individually and on Behalf of   :   Civil Action No. 1:21-cv-11196-GHW-BCM
All Others Similarly Situated,             :

                         :   LEAD PLAINTIFF'S REPLY
              Plaintiff,   :   MEMORANDUM OF LAW IN FURTHER
                         :   SUPPORT OF MOTIONS FOR: (I) FINAL
                         :   APPROVAL OF CLASS ACTION
      vs.                :   SETTLEMENT AND APPROVAL OF PLAN
                         :   OF ALLOCATION; AND (II) AN AWARD
KE HOLDINGS INC., COLLEEN A. DE    :   OF ATTORNEYS' FEES AND EXPENSES
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,  :   AND AN AWARD TO LEAD PLAINTIFF
MORGAN STANLEY & CO. LLC, J.P.     :   PURSUANT TO 15 U.S.C. §77z-1(a)(4)
MORGAN SECURITIES LLC, GOLDMAN  :
SACHS & CO. LLC and CHINA        :
RENAISSANCE SECURITIES (US) INC.,   :

                         :
         Defendants.         :
                         :

---------------------------------------------------------------x

4930-1894-0815.v1

Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan ("SHEPP") and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §77z-1(a)(4).  ECF 171-178.[1]

## I.    PRELIMINARY STATEMENT

The February 6, 2026 deadline for objections and requests for exclusion has passed and Lead Plaintiff is pleased to inform the Court that the Settlement Class' reaction to the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application, including an award to Lead Plaintiff, has been overwhelmingly positive.  As detailed in the opening declaration of Ross D. Murray (ECF 177) and the accompanying Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Notice Dissemination; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received to Date ("Suppl. Murray Decl."), the Claims Administrator disseminated notice of the Settlement to over 37,200 potential Settlement Class Members and nominees.  *See* ECF 177, ¶11; Suppl. Murray Decl., ¶¶3-4.  Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the settlement website established by the Claims Administrator, www.KEHoldingsSecuritiesSettlement.com.  ECF 177, ¶¶12, 14; *see also* Suppl. Murray Decl., ¶6. There have been no objections to the Settlement and only one objection has been lodged with respect

---

[1]    Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation of Settlement filed on September 9, 2025 (ECF 163-1) or in the Declaration of Erin W. Boardman in Support of: (1) Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §77z-1(a)(4) (ECF 175).  Unless otherwise noted, citations are omitted and emphasis is added.

4930-1894-0815.v1

to the Plan of Allocation. That objection is addressed in §III below. Moreover, only one Settlement Class Member has sought exclusion from the Settlement Class. Suppl. Murray Decl., ¶¶7-8.

The Settlement Class' favorable response supports a finding that the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application, including Lead Plaintiff's request for an award of $2,475 pursuant to 15 U.S.C. §77z-1(a)(4) for the time it spent representing the Settlement Class, are fair, reasonable, and adequate.

## II.    ARGUMENT

### A.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement

As detailed in Lead Plaintiff's opening brief in support of approval of the Settlement, Lead Counsel achieved a $4.95 million settlement, recovering approximately 18% of estimated recoverable damages. ECF 172 at 2. Following notice to the Settlement Class, it is evident that the Settlement Class agrees. Not a single Settlement Class Member has objected to the Settlement. Likewise, only one Settlement Class Member has sought to be excluded from the Settlement Class. *See* Suppl. Murray Decl., ¶¶7-8. This favorable reaction "is perhaps the most significant factor" in determining the fairness and adequacy of the proposed Settlement, and strongly supports approval here. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), *superseded by rule as stated in Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023); *see also Contant v. Bank of Am. Corp.*, 2020 WL 13689631, at *3 (S.D.N.Y. Nov. 19, 2020) (approving settlement with no objections finding "Class Members' reaction to the Settlement [is] entitled to great weight"); *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (alteration in original) ("'[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the Settlement."); *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *6

- 2 -

4930-1894-0815.v1

(S.D.N.Y. Dec. 19, 2014) ("The reaction of the . . . Class to the Settlement is a significant factor in assessing its fairness and adequacy."); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("[T]he reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.").

The Settlement Class' positive reaction to the Settlement therefore weighs in favor of final approval of the Settlement. *See* ECF 172 at §III.B.6, *see also Signet*, 2020 WL 4196468, at \*6 ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at \*7 (S.D.N.Y. Dec. 18, 2019) ("To date, not a single Class Member has objected or sought exclusion. The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."), *aff'd*, 822 F. App'x 40 (2d Cir. 2020); *Yuzary v. HSBC Bank USA, N.A.*, 2013 WL 5492998, at \*6 (S.D.N.Y. Oct. 2, 2013) ("No Class Member objected to the settlement[.] This favorable response demonstrates that the class approves of the settlement and supports final approval."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Moreover, the absence of objections to the Settlement from institutional investors provides further support for final approval of the proposed Settlement. *See, e.g.*, *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("[N]ot one of the objections or requests for exclusion

- 3 -

was submitted by an institutional investor. Therefore . . . 'the class's reaction weighs heavily in favor of approval.'").

**B.      The Reaction of the Settlement Class Strongly Supports Approval of Lead Counsel's Fee and Expense Application**

As set forth more fully in Lead Counsel's opening brief in support of an award of attorneys' fees and expenses, Lead Counsel's fee request of one-third of the Settlement Amount is supported by Lead Plaintiff, is within the range of fees awarded by courts in the Second Circuit in similar class actions, and is fair and reasonable under the relevant factors. ECF 174; *see also In re Jernigan Cap., Inc. Sec. Litig.*, No. 1:20-cv-09575-JLR-KHP, ECF 154, ¶4 (S.D.N.Y. May 29, 2025) (awarding 33-1/3% of $12 million settlement), attached at ECF 174-2. Since the Claims Administrator disseminated the Court-approved notice, no objections have been raised to any aspect of Lead Counsel's application for awards of attorneys' fees and expenses or the award to Lead Plaintiff.

"The absence of any objections to [Lead Counsel's] requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable." *Signet*, 2020 WL 4196468, at *21; *see also Guevoura Fund*, 2019 WL 6889901, at *22 ("To date, no object[ion] to the fee request has been received. The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) ("No member of the Class has objected to either the Settlement or to Plaintiffs' Counsel's request for an award of attorneys' fees. This response suggests that the fee request is fair and reasonable.").

Finally, for the reasons detailed in the Fee Memorandum and in the Declaration submitted by Lead Plaintiff, the modest award pursuant to 15 U.S.C. §77z-1(a)(4) should be granted. ECF 174, §V; Peters Decl., ECF 176, ¶¶8-9.

4930-1894-0815.v1

III.    **THE LONE OBJECTION TO THE PLAN OF ALLOCATION SHOULD BE OVERRULED**

One objection to the proposed Plan of Allocation was filed by BLA Schwartz, PC, purportedly on behalf of three institutional investors. ECF 182-183. The objection claims that the Plan of Allocation is "internally inconsistent and therefore ambiguous." ECF 182 at 1. There is no inconsistency or ambiguity in the proposed Plan as determined by the expert who prepared the Plan of Allocation and the Claims Administrator which will apply and implement it in determining the validity and amount of recoverable losses. *See* Declaration of Scott D. Hakala Ph.D., CFA, in Response to the Objection to Proposed Plan of Allocation by the BLA Schwartz Clients ("Hakala Declaration" or "Hakala Decl."), submitted herewith, at ¶¶6-9; Declaration of Mishka Ferguson Regarding Review of the Plan of Allocation and Objection Filed by BLA Schwartz ("Ferguson Declaration" or "Ferguson Decl."), submitted herewith, at ¶¶4-9. The objector can easily calculate its clients' Recognized Losses by straightforwardly applying the formulas set forth in the Plan. The objection should be overruled.

The Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") provided to Settlement Class Members (ECF 177-1 at ¶70), informs Settlement Class Members that "[t]he Recognized Loss Amount shall be based on the Date of Sale as set forth in Table A below; provided, ***however that all such losses will be limited by loss limitation rules set forth in A.1-4 below***." (emphasis added). Therefore, there can be no confusion – ADS sold on or before December 15, 2021, the date before the first alleged corrective disclosure, have a recognized loss per share of $0.00.[2] *See* the previously-submitted Declaration of Scott D.

---

[2]    The formulas in Paragraph 70 of the Notice clearly state that: "1. If sold on or before November 15, 2021, the Recognized Loss Amount for each eligible KE Holdings Share shall be zero; [and] 2. If sold from November 16, 2021 through March 10, 2022, inclusive, the Recognized Loss Amount for each eligible KE Holdings Share shall be the lesser of: (a) the calculations of the

- 5 -

Hakala, Ph.D., CFA, Regarding the Proposed Plan of Allocation (ECF 168-2, ¶13). As Dr. Hakala explains, the statement in the Plan of Allocation that no shares purchased during the Settlement Class Period and/or traceable to the offering and sold on or before November 15, 2021 will be eligible to recover, in no way guarantees that shares sold *after* November 15, 2021 will necessarily have a positive recognized loss. Hakala Decl., ¶8. Rather, "[t]o determine if there is a loss, one needs to consider Table A of the Plan, which provides for a zero recognized claim for loss unless the shares are sold on or after December 16, 2021." *Id.* "The November 15, 2021 date was included in the plan to provide for a buffer of one month prior to December 16, 2021, to ensure the claims administrator would be able to accurately capture in-and-out trading, prior sales, and potential offsets should an issue arise." *Id.* Many other court-approved plans contain this type of provision. *Id.* The Ferguson Declaration likewise explains that the Claims Administrator has "begun the various processes required to program and test the Plan of Allocation" (Ferguson Decl., ¶6) and "does not believe that there is any issue with the sales dates referenced in the BLA Schwartz Objection which would prevent accurate calculation of Recognized Loss Amounts." *Id.*, ¶9.[3]

It is well-settled that "'[w]hen formulated by competent and experienced class counsel,' a plan for allocation of net settlement proceeds 'need only have a reasonable, rational basis.'" *In re Advanced Battery Techs. Sec. Litig.*, 298 F.R.D. 171, 180 (S.D.N.Y. 2014) (citing *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004)). Here, the proposed Plan of

---

Recognized Loss Amount per Share on the Date of Sale as set forth in Table A; or (b) the Offering Price of $58.00 minus the Sales Price."

[3] The objection also states that there are differences between the Plan of Allocation approved by the Court in its preliminary approval order and the one provided to Settlement Class Members. This is not uncommon, as claims administrators typically review plans of allocation to proactively address any previously unforeseen implementation issues which would adversely impact the administrator's ability to program plan calculations and accurately calculate submitted claims. Ferguson Decl., ¶¶4-5. That review took place here. *Id.*, ¶5.

4930-1894-0815.v1

Allocation was developed by Lead Counsel's damages expert in consultation with Lead Counsel. *See* ECF 168-2. *See Facebook*, 343 F. Supp. 3d at 414 (plan of allocation was fair where it was "prepared by experienced counsel along with a damages expert – both indicia of reasonableness").

For the foregoing reasons, the Court should find that there is no inconsistency in the Plan of Allocation, and overrule the objection.

## IV.    CONCLUSION

The $4.95 million Settlement – the byproduct of extensive litigation and arm's-length negotiations by experienced counsel overseen by a skilled mediator – represents a very good recovery for the Settlement Class. For these reasons and those set forth in their opening papers, ECF 171-178, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the proposed Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of one-third of the Settlement Amount, plus litigation expenses in the amount of $72,924.02, plus the interest earned on both amounts; (iii) award $2,475 to Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4); and (iv) overrule the objection to the Plan of Allocation. Proposed orders are submitted herewith.

DATED:  February 20, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN


                                        *s/ Erin W. Boardman*
                                        ERIN W. BOARDMAN

4930-1894-0815.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com

ROBBINS GELLER RUDMAN
     & DOWD LLP
ELLEN GUSIKOFF STEWART
  (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 8 -

4930-1894-0815.v1

**WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel certifies that the total number of words in the foregoing brief, inclusive of point headings and footnotes and exclusive of the caption, table of contents, table of authorities, signature block, and this Certification, is 2,226 words. This figure is based on Microsoft Word's word count function, which includes legal citations, numerical information, and certain forms of punctuation in the word count.

DATED:  February 20, 2026                    ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                             ERIN W. BOARDMAN


                                                *s/ Erin W. Boardman*
                                             ERIN W. BOARDMAN

                                             58 South Service Road, Suite 200
                                             Melville, NY  11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)
                                             eboardman@rgrdlaw.com

- 9 -

4930-1894-0815.v1