IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SASKATCHEWAN HEALTH CARE EMPL0YEE'S PENSION PLAN, individually and on behalf of all others similarly situated, | Civil Action No. 1:21-cv-11196-GHW |
| Plaintiff, | DECLARATION OF SCOTT D. HAKALA, PH.D., CFA, IN RESPONSE TO THE OBJECTION TO PROPOSED PLAN OF ALLOCATION |
| -against- | |
| KE HOLDINGS INC., *et al.*, | |
| Defendants. | |

I, Scott D. Hakala, Ph.D., CFA, hereby declare as follows:

1. My name is Scott D. Hakala, Ph.D., CFA. My address is 2635 Bierstadt Drive, Highland Village, Texas. I served as an expert consultant on damages and loss causation for Lead Plaintiff and Lead Counsel in this matter. My work on this case included working with Lead Counsel on preparing the Plan of Allocation of settlement proceeds.

2. My curriculum vitae with testimony history is attached as Exhibit A. I have been employed by ValueScope (ValueScope, Inc. until June 2024 and then ValueScope, LLC, an affiliate of Marshall & Stevens-a national valuation company) and recently became a subcontractor to ValueScope, LLC. I have been a financial analyst and business valuation expert for more than 33 years.

3. I have worked on approximately 300 securities litigation matters from 1998 to date and have prepared at least 100 plans of allocation. I have testified on numerous occasions in these matters. *See* Exhibit A, submitted herewith. My work has included preparing plans for distribution of "fair funds" recovered by the US Securities and Exchange Commission, US Department of Justice, and the Financial Industry Regulatory Authority (FINRA) (successor to that National Association of Securities Dealers, Inc.-NASD), as well as plans for the distribution of net proceeds for a number of classes of plaintiffs in private securities litigations. I have prepared numerous declarations and affidavits in support of such plans of allocations and had numerous favorable rulings by federal courts approving such plans, including over objections. Examples in contested matters include: *In re Broadcom Corp. Sec. Lit.*, 2005 U.S. Dist. LEXIS 41976, CD Cal, September 12, 2005; *In re Patriot American Hospitality Inc. Sec. Lit.*, 2005 U.S. Dist. LEXIS 40993, ND CAL, November 30, 2005; and *In re AOL Time Warner, Inc. Securities and "ERISA" Litigation*, 2006 U.S. Dist. LEXIS 17588, April 6, 2006.

4. I have also calculated damages and recognized losses for individual and institutional investors on numerous occasions in many securities fraud cases.

1

**The Proposed Plan of Allocation is Sound and Consistent**

5. I have reviewed the Objection to the Proposed Plan of Allocation (the "Objection") and the Declaration of Irwin B. Schwartz in Support of Objection to the Proposed Plan of Allocation ("Schwartz Declaration"). I have also previously responded through counsel to questions asked and allegations made by Mr. Schwartz on behalf of his clients, some of which are reflected in Exhibits A, B, and C to the Schwartz Declaration.

6. There is no correction or adjustment needed to the Proposed Plan of Allocation.

7. The formula set forth in Table A in the Proposed Plan of Allocation is mathematically and conceptually correct and consistent. There is nothing set forth in the Objection and Schwartz Declaration that explains any material defect or error in Table A. The calculation set forth in Table A reflects an assessment of multiple factors and facts to properly assess recognized claims associated with the allegations made by Lead Plaintiff in this case.

8. The plan of allocation states that no shares purchased during the Settlement Class Period and/or traceable to the offering and sold on or before November 15, 2021, shall be eligible for a claim of a recognized loss. However, that statement does not state and does not imply that shares sold after November 15, 2021, will necessarily have a positive recognized loss. To determine if there is a loss, once needs to consider Table A of the Plan, which provides for a zero recognized claim for loss unless the shares are sold on or after December 16, 2021. The November 15, 2021 date was included in the plan to provide for a buffer of one month prior to December 16, 2021, to ensure the claims administrator would be able to accurately capture in-and-out trading, prior sales, and potential offsets should an issue arise. This is not uncommon and has been done in a number of other plans I have prepared and had approved since 1999.

9. The Objection also questions a small immaterial change made to the Plan of Allocation in the published notice from the version that was approved by the Court. This change was based on discussions with the claims administrator, who asked that the proposed plan be tweaked to clarify its proper administration and does not change the plan.

2

10. My compensation in this matter was $640 per hour, my standard rate in 2025 and $610 per hour, my standard rate in 2024. However, I limited my compensation to $6,500 for my initial preliminary analysis, which resulted in a substantial discount to my standard rate of $610 per hour.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed on this 19th day of February 2026, at Highland Village, Texas

Scott D. Hakala, Ph.D., CFA

3