UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KEITH CHIN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-11196-GHW-BCM |
|  | : |  |
| Plaintiff, | : | DECLARATION OF MISHKA FERGUSON REGARDING REVIEW OF THE PLAN OF ALLOCATION AND OBJECTION FILED BY BLA SCHWARTZ |
|  | : |  |
| vs. | : |  |
|  | : |  |
| KE HOLDINGS INC., COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC and CHINA RENAISSANCE SECURITIES (US) INC., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

I, MISHKA FERGUSON, declare and state as follows:

1.      I am employed as a Vice President of Securities by Verita Global ("Verita"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  Pursuant to this Court's October 24, 2025 Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (ECF 170) (the "Notice Order"), Verita was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned action (the "Action").[1]

2.      I submit this declaration at the request of Lead Counsel to provide the Court with additional information regarding the administration of this Settlement.  I make this declaration based on my personal knowledge and information provided to me by other Verita employees, and, if called as a witness, I could and would testify competently thereto.

### OBJECTION FILED BY BLA SCHWARTZ

3.      Lead Counsel has provided Verita with a copy of the letter submitted by Irwin B. Schwartz, dated February 6, 2026 (the "BLA Schwartz Objection"), which includes comments and objections regarding the Plan of Allocation provided in the Notice of Pendency of Class Action, Proposed Settlement, And Motion For Attorneys' Fees and Expenses (the "Notice"), and states that sales dates and parameters provided are "inconsistent" and that the BLA Schwartz Clients are therefore unable to calculate their Recognized Loss Amount in the Settlement.

### VERITA'S REVIEW OF THE PLAN OF ALLOCATION

4.      As part of our standard procedures, Verita performs a review of the Notice, Proof of Claim and Release Form and the language and eligibility requirements provided for by the Plan of Allocation prior to finalizing the documents and mailing the Notice.  This review is to identify and proactively address any concerns, issues, possible gaps, or missing information that may impact the ability to program the calculations of the Plan of Allocation and accurately calculate

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement, dated September 8, 2025 (ECF 163-1) (the "Stipulation"), which is available on the website established for the Settlement at www.KEHoldingsSecuritiesSettlement.com.

DECLARATION OF MISHKA FERGUSON REGARDING REVIEW OF THE PLAN OF ALLOCATION AND OBJECTION FILED BY BLA SCHWARTZ - **Civil Action No.** 1:21-cv-11196-GHW-BCM                                                                                                    - 1 -

the claims submitted. This review includes, among other things, a review of dates, mathematical formulas, tables, and other details or requirements.

5.     If any questions or concerns are identified during our review, Verita will reach out to Lead Counsel to obtain clarity on the intent of the formulas or information as listed, and also may recommend amendments to the documents in order to ensure complete and accurate capture of the data required and accurate calculation of the losses of claims received. That occurred in this case, and clarifications were made to the Plan of Allocation prior to its issuance to the Settlement Class.

6.     Verita has begun the various processes required to program and test the Plan of Allocation.

7.     As described in paragraph 70 and more specifically as stated in section 70.1., shares sold on or before November 15, 2021 result in a Recognized Loss of zero.

8.     Shares sold from November 16, 2021 through March 10, 2022, inclusive, are calculated under section 70.2. Section 70.2. requires that two separate calculations be applied to these transactions, and that the Recognized Loss Amount is the lesser of the two calculations. The first of these two calculations uses per share loss values provided in Table A, delineated by dates of sale, and the second calculation uses the Offering Price and the Sales Price of such shares. Under section 70.2.(a), shares sold through December 15, 2021, result in a Recognized Loss Per Share of zero, using the per share loss value provided in Table A.

9.     In summary, Verita has reviewed and does not believe that there is any issue with the sales dates referenced in the BLA Schwartz Objection which would prevent accurate calculation of Recognized Loss Amounts.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 19th day of February, 2026, at San Rafael, California.

_____
MISHKA FERGUSON