USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

KEITH CHIN, Individually and on Behalf of : Civil Action No. 1:21-cv-11196-GHW-BCM
All Others Similarly Situated,           :
                                         : ORDER AWARDING ATTORNEYS' FEES
                         Plaintiff,      : AND EXPENSES AND AN AWARD TO
                                         : LEAD PLAINTIFF PURSUANT TO 15
            vs.                          : U.S.C. §77z-1(a)(4)
                                         :
KE HOLDINGS INC., COLLEEN A. DE          :
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,      :
MORGAN STANLEY & CO. LLC, J.P.           :
MORGAN SECURITIES LLC, GOLDMAN           :
SACHS & CO. LLC and CHINA                :
RENAISSANCE SECURITIES (US) INC.,        :
                                         :
                         Defendants.     :
                                         :

—————————————————————— x

This matter having come before the Court on February 27, 2026, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order incorporates by reference the definitions in the Stipulation of Settlement dated September 8, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction to enter this Order, over the subject matter of this Action, and over all of the Parties and all Settlement Class Members.

3.    Notice of the Fee Motion was given to all Settlement Class Members who could be located with reasonable effort.  The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4.    Lead Counsel is hereby awarded attorneys' fees of one-third of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund.  Lead Counsel is also awarded litigation expenses in the amount of $72,924.02, plus interest at the same rate earned by the Settlement Fund, which is payable to Lead Counsel upon entry of this Order.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

- 1 -

5.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Second Circuit and found that:

(a)      the Settlement has created a fund of $4,950,000 in cash, pursuant to the terms of the Stipulation, and Settlement Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b)      the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, which oversaw the prosecution and resolution of the Action;

(c)      over 37,200 copies of the Notice were disseminated to potential Settlement Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and for expenses in an amount not to exceed $125,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Settlement Class Members;

(d)      Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e)      Lead Counsel pursued the Action on a contingent basis;

(f)      the claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)      had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(h)      Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(i)      public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j)      the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

6.      Pursuant to 15 U.S.C. §77z-1(a)(4), the Court awards $2,475 to Lead Plaintiff, Saskatchewan Healthcare Employees' Pension Plan, for the time it spent representing the Settlement Class.

7.      Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

DATED this ___27th___ day of ___February___, 2026.

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

- 3 -