USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/27/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

KEITH CHIN, Individually and on Behalf of    :    Civil Action No. 1:21-cv-11196-GHW-BCM
All Others Similarly Situated,               :
                                             :    [PROPOSED] FINAL ORDER AND
                              Plaintiff,      :    JUDGMENT
                                             :
        vs.                                   :
                                             :
KE HOLDINGS INC., COLLEEN A. DE               :
VRIES, GOLDMAN SACHS (ASIA) L.L.C.,           :
MORGAN STANLEY & CO. LLC, J.P.                :
MORGAN SECURITIES LLC, GOLDMAN                :
SACHS & CO. LLC and CHINA                     :
RENAISSANCE SECURITIES (US) INC.,             :
                                             :
                              Defendants.     :
                                             :
————————————————————————— x

**WHEREAS:**

A.      On September 8, 2025, Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiff"), on behalf of itself and all other Settlement Class Members, on the one hand, and KE Holdings Inc. ("KE Holdings") and Colleen A. De Vries (together, the "KE Holdings Defendants"), and Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and China Renaissance Securities (US) Inc. (the "Underwriter Defendants" and, together with the KE Holdings Defendants, "Defendants"), on the other hand, entered into a Stipulation of Settlement (the "Stipulation") in the above-entitled litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on October 24, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for February 27, 2026, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether the class should be certified for settlement purposes; (iii) determine whether a judgment as provided for in the Stipulation should be entered; (iv) determine whether the Plan of Allocation should be approved as fair, reasonable, and adequate; and (v) rule on Lead Counsel's Fee and Expense Application;

C.      Pursuant to the Preliminary Approval Order, the Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, or emailed on or before twenty-one (21) calendar days after the date of entry

- 1 -

of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over a national newswire service within seven (7) calendar days of the Notice Date;

D.      The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by February 6, 2026;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On January 23, 2026, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on February 27, 2026, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates and makes a part hereof: the Stipulation filed with the Court on September 9, 2025; and the Notice, which was filed with the Court on September 9, 2025. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members who have not requested exclusion from the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its preliminary determinations in the Preliminary Approval Order and finally certifies, solely for purposes of effectuating the Settlement, a Settlement Class defined as: all Persons that purchased or otherwise acquired the American Depository Shares ("ADS") of KE Holdings between November 19, 2020 and March 10, 2022, inclusive, or traceable to the Follow-On Offering's registration statement.  Excluded from the Settlement Class are Defendants, the Former Defendants, the officers and directors of KE Holdings and the Underwriter Defendants (at all relevant times), members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant or Former Defendant has a controlling interest; provided, however, that, notwithstanding anything set forth above, any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are those Persons who would otherwise be a Settlement Class Member who properly requested exclusion from the Settlement Class as identified in Exhibit A hereto.

4.      Solely for purposes of the Settlement of this Action, the Court finds that: the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; there are questions of law and fact common to the Settlement Class which predominate over any individual questions; the claims of Lead Plaintiff are typical of the claims of the Settlement Class; Lead Plaintiff and its counsel have fairly and adequately represented and protected Settlement Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the

- 3 -

Settlement Class Members in individually controlling the prosecution with separate actions; the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and the difficulties likely to be encountered in the management of the class action.

5.      The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated to apprise the Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  No member of the Settlement Class is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such member of the Settlement Class failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

6.      There have been no objections to the Settlement.

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; the Settlement was negotiated at arm's-length between experienced counsel with the assistance of an experienced mediator; relief provided for the Settlement Class in the Settlement is adequate, having taken into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; the terms of any proposed award of attorneys' fees, including timing of payment; and any agreement required to be identified under Rule 23(e)(3); and the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.      Upon the Effective Date, the Released Plaintiff Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised,

settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, intentionally assisting in, or maintaining any action or proceeding, in any forum, asserting any or all of the Released Plaintiff's Claims.

10.    Upon the Effective Date, the Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, intentionally assisting in, or maintaining any action or proceeding, in any forum, asserting any or all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

11.    Notwithstanding paragraphs 9-10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.    Each Settlement Class Member, whether or not such member of the Settlement Class executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall

not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class Members, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of (i) any of the Released Plaintiff Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or (ii) Lead Plaintiff, or any other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff, or the other Settlement Class Members;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other Settlement Class Members, or their respective counsel, in any other

- 7 -

civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiff, or any other Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Operative Complaint and all other complaints filed in this Action would not have exceeded the Settlement Amount.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 43 of the Stipulation.

16.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of Litigation Expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: implementation of the Settlement; the allowance, disallowance, or adjustment of any member of the Settlement Class's claim on equitable grounds and any award or distribution of the Settlement Fund; disposition of the Settlement Fund; any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this ___27th__ day of ___February___, 2026.

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE